Exhibit C

# Exhibit C

SUPERIOR COURT
South Paris Oxford ss,
Docket # ______________

STATE OF MAINE

In Fact Justin, A Man

Claimant

vs.

JP Morgan Chase, National Association

Wrongdoer

CASE:

CLAIMANT ACTION WRIT OF REPLEVIN

# WRIT OF REPLEVIN

COMES NOW, In Fact Justin, father of 2 dependant minor girls ~~-one blind~~, all rights reserved, not an accommodating party for any legal or commercial entity, people, Mainer, American Sui Juris, not under the venue and or jurisdiction of any presumed contracts, of the state, State Government, in good faith, by restricted appearance not generally ab initio, nunc pro tunc, of necessity, without recourse, as a 3rd party intervener privately contracted to handle the affairs of the en-legis "JUSTIN WADE DAGGETT A-K-A JUSTIN WADE BURGESS" trust of the natural estate further known as the Claimant; at no time by presumption appears and proceeds in any other manner, waives no rights, remedies and/or defenses.

Claimant moves this court in a common law action, in like manner to Maine Statute Title 14: COURT PROCEDURE – CIVIL Part 7: PARTICULAR PROCEEDINGS Chapter 735:

REPLEVIN Subchapter 1: GOODS §7304 requiring proof of existence of goods allegedly in possession of the Wrongdoer and to have those goods recovered and returned to the Claimant, the rightful owner. Replevy: to recover possession of goods by REPLEVIN.
The Replevin items to be returned to Claimant are: **"the" genuine mortgage note and "the" genuine mortgage,** that were originated on April 15, 2010, by contract between In Fact Justin and Merrimack Mortgage Co., Inc. related to property at 456 Gore Road, Otisfield Rd, Maine, County of Oxford.

CAUSE OF ACTION

2 There is no visible or tangible evidence of Wrongdoer's proof of ownership of Replevin items. For judicial efficiency, the timeline will be worked backwards to reduced page count while demonstrating requests for Repliven items have been made by Claimant and not accommodated by Wrongdoer.

2.1 From 12/6/2019 to present, via Portland, Maine, Bankruptcy Adversary Proceedings case number 19-02014, Wrongdoer has been requested to make delivery of Replevin items. Again, for efficiency, Claimant provides latest summery pleading attached **Exhibit -A-, Bankruptcy Adv Pro Motion**. It's been over 25 months since the clerk stamp dated 10/26/2017 on foreclosure Summons document shown on page 6 of 29 of that exhibit. The requirements for the Wrongdoer to bring forth those items to prove ownership to commence the foreclosure action in compliance to Maine title 14 § 6321. Those requirements are summarized on pages 1- 5 with cited defects shown in exhibits in pages 6-29, namely, Wrongdoer JP Morgan Chase has not complied with **standing** to commence Maine Title 14 § 6321 action and thus fails

in any claim to be the "owner" or the "creditor" to justify holding onto the Replevin Items.

3 Claimant attests to being the rightful owner of the Replevin items by way of::

3.1 Claimant's Secure Party Creditor status with the Maine Secretary of State Unified Commercial Code financing statement, UCC1 filing as In Fact Justin's publically published security claim on the Replevin items noted herein: see **Exhibit -B- UCC1 Filing** and **Exhibit -C- Claimant Affidavit**. Together, these items represent evidence of Claimant as the Owner and Creditor of Replevin items.

3.2 Claimant has lawfully secured the acknowledged settlement of alleged debt and the release of recorded purported mortgage security claim in the public. The associated purported mortgage has been discharged at the Oxford County Registry of Deeds. The process and resulting instrument called the ADMINISTRATIVE DECLARATORY JUDGMENT, further referred to as ADJ, is detailed in the attached **Exhibit -D- Discharge** . This ADJ instrument memorializes Wrongdoers multiple counts of dishonor and failure to just step forward and make visible evidence of the Replevin items and secure proof of claim of ownership. A second ADJ was recorded at same registry to remove the foreclosure claim on the public title record see **Exhibit -E-, Waiver.** "Settlement" ***by either*** the acknowledgment of the enforced ADJ's or by even the wrongful acknowledgement of the void Summary Judgment of Foreclosure ***should*** yield the same result; the rightful return of the Replevin items to the Claimant.

## REMEDY

4 Claimant In Fact Justin, to safeguard the well being of his family, who are of the people of Oxford County, Maine, in the jurisdiction of this court, require the return of wrongfully held Replevin items by Wrongdoer, JP Morgan Chase, National Association. The goods targeted for recovery are pieces of paper that could be wrongfully used to harm Claimant [and 2 dependent, live- with- child~~ren, one of which is legally blind~~] via unjust threat of extortion, indenture and/or forced homelessness. Given this scenario, the ***extortion or harm value*** of these pieces of paper easily exceed the $75,000 required for this Superior Court jurisdiction. Claimant does not ask this court to re-adjudicate the various cases cited herein but to simply require:

4.1 The Wrongdoer to bring forward the Replevin items for Claimant to possess.

4.2 Require court to make the determination if the Wrongdoer had proof of ownership and in fact turned over the "the" genuine mortgage note and "the" genuine mortgage to Claimant, In Fact Justin.

## JUDICIAL NOTICE

Caldwell v Miller, 790 F. 2d 589, 595 (7th Cir. 1986) "Pro Se litigants are not held to the stringent standards applied to formally trained members of the legal profession, and their pleadings are to be liberally construed."

The United States Supreme Court, in Haines v Kerner 404 U.S. 519 (1972), said that all litigants defending themselves must be afforded the opportunity to present their evidence and that the Court should look to the substance of the complaint rather than the form.

In Platsky v CIA, 953 F.2d 26 (2nd Cir. 1991), the Circuit Court of Appeals allowed that the District Court should have explained to the litigant proceeding without a lawyer, the correct form to use so that he could have amended his pleadings accordingly. Defendant(s) respectfully reserves the right to amend this complaint.

Maine Revised Statutes, Title 16: COURT PROCEDURE -- EVIDENCE
Chapter 3: RECORDS AND OTHER DOCUMENTS, Subchapter 2: JUDICIAL NOTICE §402. Common law and statutes: Every court of this State shall take judicial notice of the common law…

Claimant's signature and Treasury/Federal Reserve exemption account credit is what created and funded these security Replevin items and gives Claimant ownership of said items by like way of UCC § 8-102(1): "'Adverse Claim' means a claim that claimant has a property interest in a financial asset and that it is a violation of the rights of the claimant for another person to hold, transfer, or deal with the financial asset".

Respectfully,

By: Justin W. Burgess

By: in Fact Justin, a man, sui juris and not pro se
a/k/a Burgess: Justin-W., all rights reserved
456 Gore Rd, Otisfield, ME 04270

## CERTIFICATE OF SERVICE

It is hereby certified, that on the date noted below, the undersigned mailed to:

From: Burgess: Justin-W., a Man, **Claimant**
456 Gore Road
Otisfield, ME [04270]

To: JPMorgan Chase Bank, National Association, **Wrongdoer**
c/o Chase Records Center.
Attn: Correspondence Mail Code LA4-5555
700 Kansas Lane, Monroe, LA 71203-4774
USPS Certified Mail # 7018 1130 0002 3115 3518 Date 4-14-2020

.cc
Hillary Massey, for JPMorgan Chase, **Wrongdoer Attorney**
Seyfarth Shaw LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA 02210
USPS Certified Mail #7019 0700 0001 6032 5913 Date 4-14-2020

Notice to Agent is notice to Principle; Notice to Principal is notice to Agent

1. **REPLEVIN** by In Fact Justin dated on 4-14-2020;

by USPS form 3800 certified mail and with USPS form 3811 Return Receipt post card.

By: Stephen Monaghan, a man

**State of** Maine
County of Androscoggin ss.

April (Month), 14 (day), 2020

Personally appeared before me the above-named Stephen Monaghan and acknowledged the foregoing instrument to be of his/her/their own free act and deed.

Before me,
Matthew F. Yates 04/14/2020
Notary Public

**MATTHEW F. YATES**
**Notary Public, State of Maine**
My Commission Expires September 9, 2026

SUPERIOR COURT
South Paris _______________ ss,
Docket # _______________

STATE OF MAINE

In Fact Justin, A Man

Claimant

vs.

JP Morgan Chase, National Association

Wrongdoer

CASE:

OREDER ON ACTION WRIT OF REPLEVIN

## ORDER ON ACTION OF WRIT OF REPLEVIN

For reasons set forth on the record of the action in this matter, the court has made a determination and declaration that the Wrongdoer, JP Morgan Chase, National Association did not:

1. have possession and ownership of the Replevin items; the genuine mortgage note and the genuine mortgage
2. did not deliver the Replevin items; the genuine mortgage note and the genuine mortgage over to the owner, the Claimant, In Fact Justin

Date: _________________

___________________________________

Maine Superior Court Judge
South Paris, Oxford County

## CERTIFICATE OF SERVICE

It is hereby certified, that on the date noted below, the undersigned mailed to:

From: Burgess: Justin-W., a Man, **Claimant**
456 Gore Road
Otisfield, ME [04270]

To: JPMorgan Chase Bank, National Association, **Wrongdoer**
c/o Chase Records Center.
Attn: Correspondence Mail Code LA4-5555
700 Kansas Lane, Monroe, LA 71203-4774

.cc
Hillary Massey, for JPMorgan Chase, **Wrongdoer Attorney**
Seyfarth Shaw LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA 02210

ORDER ON ACTION OF WRIT OF REPLEVIN Date: ______________

**UNITED STATES BANKRUPTCY COURT** **File on Demand**

**DISTRICT OF MAINE**

Exhibit A

2020 MAR 26 PM 2:59

********************************************

**Justin Wade Burgess**

**Plaintiff** **Adv. Proc. No. 19-2014**

**v.**

**JP Morgan Chase Bank Nat. Assoc.**

**Defendant**

## PLAINTIFF'S MOTION TO RECONSIDER

Now comes, Plaintiff Justin W. Burgess, further referred to as Plaintiff Burgess, hereby Motions the Court to Reconsider Dkts 37 Order to Dismiss by way of Rule 60(b)(3,6) and Rule 7015 and set hearing date 4/29/2020 with United States Bankruptcy Judge Michael A. Fagone.

1. On 3/16/2020, United States Bankruptcy Judge Michael A. Fagone, conducts the telephonic motion to dismiss hearing scheduled from Dkts 8 that can be listened to from Dkts 34 recording filed on 3/16/2020. From that hearing, the Dkts 37 Order to Dismiss is generated. In this recording, Judge Michael Fagone summarizes his conclusions, makes some errors but also paints a useful roadmap on how Plaintiff Burgess can re-submit a cause of action and remedy request that is acceptable. For more on that topic, see Exhibit # 9, critique attached herein.

2. On 3/4/2019 Plaintiff Burgess opened a chapter 13 file 19-20092 Dkt 1 and completes all forms with the help of an attorney. On or about 8/22/2019 the file is converted to a pro se chapter 7 Dkt 32 of file 19-20092. On 12/6/2019 Dkt 1 for new Adv. Pro. Case 19-02014 was filed to demand proof of claim of Defendant JPMorgan Chase as a "creditor" in the bankruptcy and thus afford Plaintiff Burgess relief; i.e. for improved credit score and other reasons.

3. On the question, "is Defendant JPMorgan Chase a bona fide creditor?", Plaintiff Burgess states: **The impenetrable threshold issue is that JPMorgan Chase does**

**not have and has never had any standing to be a creditor in this Bankruptcy proceeding. Plaintiff Burgess requires that this court declare that Defendant JPMorgan Chase does not have standing to be a creditor in Burgess's Bankruptcy. The court production of that declaration will provide relief for Plaintiff Burgess and serves as the only remedy required in this Plaintiff's Motion to Reconsider Order Dismissing Complaint Dkt 36 filed entered on 3/16/2020.**

4. Plaintiff Burgess is not asking this Bankruptcy court to conduct an appellate review of state of Maine purported action in JPMORGAN CHASE BANK, NATIONAL ASSOCIATION v. JUSTIN W. BURGESS Docketed as no, SOPSC RE-17-46 and SOPDC RE-18—19. Plaintiff Burgess does not contend that these actions ever commenced, they are a nullity, they don't exist. The purpose of reviewing the documents used to attempt to commence the purported state actions is to simply show clear evidence to this Bankruptcy court that Defendant JPMorgan Chase is not a bona fide creditor.

5. The state of Maine District Court South Paris transcended the limits of its authority by entertaining the purported complaint in JPMORGAN CHASE BANK, NATIONAL ASSOCIATION v. JUSTIN W. BURGESS Docketed as no, SOPSC RE-17-46 and SOPDC RE-18—19

6. With defective documents emanating from JPMorgan Chase, Attorney Leonard A. Morley, a seasoned officer of the court and as council for state plaintiff JPMorgan Chase, presented and filed a Summons notice and complaint to Superior Court in South Paris Maine on 10/2/2017. See Exhibit # 1, Summons herein. The documents given to him By JPMorgan Chase needed to be compliant with Maine Statute Title 14 § 6321and they didn't even come close. See Exhibits # 2- # 8 herein. Whether Attorney Morley knew these documents were defective Is unknown and not important to Plaintiff Burgess. With the processing of those documents into the Superior Court file with clerk stamp date 10/26/2017, these JPMorgan Chase actions created the who, what, where and when that transcended the limits of the court's authority and how this JPMorgan Chase deception upon the court was inextricably introduced and how legal due process and any possible action validity were permanently lost forever.

7.

**A judgment is void if it is beyond the powers granted to the court by the law of its organization. Thus, when a court is authorized by statute to entertain jurisdiction in a particular action only and undertakes to exercise the jurisdiction conferred in an action to which the statute has no application, the judgment rendered is void. the action is subject to collateral attack. 46 Am. Jur. 2d, Judgments §25, pp. 388-89.**

8. The fact the "purported complaint" to start the State action failed to comply with "State of Maine statute Title 14 §6321" renders the entire action void from the beginning. That means the purported action in the State court is in-fact a nullity, in-fact void, is not just voidable, it is in-fact void as if it has never happened, as a clear violation of the most essential of due process "notice".Notification of legal responsibility is "the first essential of due process of law." SEE: U.S. v. Tweel, 550 F. 2d. 297.Full copy of said statute is incorporated herein as Exhibit # 8, Statute herein.

9. The notice to the court and to the defendant in the form of the "complaint" was and still is void as it clearly does not comply with what the State of Maine legislature requires In State of Maine statute Title 14 §6321 In pertinent part;

**"In order to state a claim for foreclosure upon which relief can be granted,"**

(9.1) service as required under Maine title 14 Sub-section 6321: "Service of process on all parties in interest and all proceedings must be in accordance with the Maine Rules of Civil Procedure. "Parties in interest" includes mortgagors… as reflected by the indices in the registry of deeds and the documents referred to therein affecting the mortgaged premises, through the time of the recording of the complaint or the clerk's certificate". Maine Title 14 § 6321 specifies that Maine civil rules of procedure "rule 3 commencement" and "rule 4 process" require the summons service to be bona fide prior to commencement of action. Plaintiff Burgess attests that at no time was he served a Summons for Docket SOPDC-RE-18-19 noted on the purported final judgment paperwork. See Exhibit # 11, NO SUMMONS and Exhibit # 12 Clerk Certificate attached herein.

(9.2) the complaint must contain a certification of "proof of ownership" of the mortgage note. See Exhibit # 8, statute herein.

Plaintiff Burgess attests to the fact that there is no place in the "purported complaint" a clearly articulable certification, attesting to JPMORGAN CHASE BANK, NATIONAL ASSOCIATION"proof of ownership of the Note" See Exhibit # 2, complaint attached herein.

**Certification**; the act of attesting: esp., the process of giving someone or something an official document stating that a specified standard has been satisfied.

(9.3)The mortgagee shall certify "proof of ownership" of the mortgage note

Plaintiff Burgess attests to the fact that there is no place in the "purported complaint" that JPMORGAN CHASE BANK, NATIONAL ASSOCIATION clearly articulate"certify", "proof of ownership of the Note".

**Certify**; to authenticate or verify in writing.

(9.4) and produce evidence of "the" mortgage note,

Plaintiff Burgess attests to the fact that there is no place in the "purported complaint" that JPMORGAN CHASE BANK, NATIONAL ASSOCIATION provided evidence of "the Note" they merely provided evidence of "a" Note that clearly is, to the contrary, their evidence marked as Exhibit # 3, note, attached herein, clearly shows that it is not "the genuine note" as is required as it has holes through the top of it, it has stamps of the word ORIGINAL on it and the genuine did not have those stamps. The evidenced note has five sets of staple holes in it when in-fact the Genuine note only had one staple. Clearly the note that was in the complaint is not "the Note" as it is not Genuine it has been forged and clearly is counterfeit. It has clearly been taken apart "bifurcated" and cannot be attested to as being the Genuine by anyone and I could not attest that it is the note. See Exhibit # 2, complaint and Exhibit # 3, note attached herein.

(9.5) ("the") mortgage

Plaintiff Burgess attests to the fact that there is no place in the "purported complaint" that JPMORGAN CHASE BANK, NATIONAL ASSOCIATION"the mortgage" No evidence of "the mortgage" has been produced. "A mortgage" that was evidenced was clearly only evidence that one is on file at the county registry as it has the registry numbers in the upper righthand corners of the document entered as evidence as "the Mortgage". Furthermore it is not a representation of "the Genuine mortgage" that Plaintiff Burgess may have signed nor can anyone testify that is it is, as it also has been

bifurcated as evidenced by the several staple holes and the lack there of the one staple that was in it. See Exhibit # 2, complaint and Exhibit # 4, mortgage attached herein.

(9.6) and all ("the") assignments

Plaintiff Burgess attests to the fact that there is no place in the "purported complaint" that JPMORGAN CHASE BANK, NATIONAL ASSOCIATION ever showed evidence that they have "the assignment" only that the county has a copy or what purports to be an assignment that the county has as evidenced by the counties book and page numbers See Exhibit # 2, complaint and Exhibit # 5, assignment and Exhibit # 6, ratification of assignment attached herein.

(9.7) and ("the") endorsements of "the" mortgage note

Plaintiff Burgess attests to the fact that there is no place in the "purported complaint" that JPMORGAN CHASE BANK, NATIONAL ASSOCIATION that there is absolutely no mention of "the" endorsements or any type. See Exhibit # 2, complaint attached herein.

10.

Plaintiff Burgess Motions this Bankruptcy court to exercise the strengths of an impartial arbiter and use the evidence and memorandum of law provided herein to reconsider the Order to Dismiss dkt 37 and set for hearing date 4/29/2020 to review Plaintiff's revised motion to disqualify Defendant JPMorgan Chase as a creditor.

Justin W. Burgess 3/26/2020 .cc Hillary Massey, for JPMorgan

Justin W Burgess | Date | Chase, hmassey@sayfarth.com

RETURN

STATE OF MAINE

SUPERIOR COURT
OXFORD, ss.
Docket No. RE-17-46

DISTRICT COURT
Location SOUTH PARIS
Docket No.

JPMorgan Chase Bank, National Association, Plaintiff

v.

Justin W. Burgess a/k/a Justin Burgess, Defendant

456 Gore Road
Otisfield, ME 04270 Address

**SUMMONS**
M.R. Civ. P. 4(d)

Burgess
**Exhibit 1**
Adv Proc. No. 19-02014

State Court Case Superior Court Docket No. RE-17-46
**SUMMONS**

Clerk stamped into case file on 10/26/2017

Dated by Plaintiff JPMorgan Chase attorney Leonard F. Morley

The Plaintiff has begun a lawsuit against you in the (District) ~~(Superior)~~ Court, which holds sessions at (street address) 26 Western Avenue, in the Town/City of South Paris, County of Oxford, Mai[ne]. If you wish to oppose this lawsuit, you or your attorney **MUST PREPARE AND SERVE** [A] **WRITTEN ANSWER** to the attached Complaint **WITHIN 20 DAYS** from the day [the] Summons was served upon you. You or your attorney must serve your Answer, by deliverin[g a] copy of it in person or by mail to the Plaintiff's attorney, or the Plaintiff, whose name and addr[ess] appear below. You or your attorney must also file the original of your Answer with the court [by] mailing it to the following address: Clerk of (District) ~~(Superior)~~ Court, 26 Western Avenue (Mailing Address), South Paris (Town, City), Maine 04281 (Zip) before, or within a reasonable time after, it is served. Court rules governing the preparation [and] service of Answer are found at www.courts.maine.gov.

**IMPORTANT WARNING**

**IF YOU FAIL TO SERVE AN ANSWER WITHIN THE TIME STATED ABOVE, OR AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU IN YOUR ABSENCE FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR EMPLOYER MAY BE ORDERED TO PAY PART OF YOUR WAGES TO THE PLAINTIFF OR YOUR PERSONAL PROPERTY, INCLUDING BANK ACCOUNTS AND YOUR REAL ESTATE MAY BE TAKEN TO SATISFY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS LAWSUIT, DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.**

If you believe the plaintiff is not entitled to all or part of the claim set forth in the Complaint or if you believe you have a claim of your own against the Plaintiff, you should talk to a lawyer. If you feel you cannot afford to pay a fee to a lawyer, you may ask the clerk of court for information as to places where you may seek legal assistance.

SOPSC/DC/OXFCD
OCT 26 '17 PM3:01

Date: October 2, 2017

(Seal of Court)
Clerk

Leonard F. Morley Jr., Esq., #3856
Shapiro & Morley, LLC
707 Sable Oaks Drive, Suite 250
South Portland, ME 04106
207-775-6223

Address
Telephone

CV-030, Rev. 06/14 14-021485

STATE OF MAINE
OXFORD, ss.

DISTRICT COURT
SOUTH PARIS
CIVIL ACTION
DOCKET NO. RE-17-46

Burgess
**Exhibit 2**
(Page 1 of 4)
Adv Proc. No. 19-02014

State Court Case
Docket No. RE-17-46
**COMPLAINT**

Clerk Stamp Dated
9/27/2020

State Plaintiff:
JPMorgan Chase

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
PLAINTIFF

v.

JUSTIN W. BURGESS A/K/A JUSTIN BURGESS
DEFENDANT

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Oxford County Courts
SEP 27 2017
Consolidated Clerks Office

**COMPLAINT FOR FORECLOSURE BY CIVIL ACTION**
**TITLE TO REAL ESTATE IS INVOLVED**

456 Gore Road, Otisfield, ME 04270
Eastern Oxford County Registry of Deeds Book 4578, Page 99

NOW COMES the Plaintiff, by and through its attorneys, Shapiro & Morley, LLC, and complains against the Defendants pursuant to 14 M.R.S. § 6321 et seq. saying further as follows:

1. Plaintiff JPMorgan Chase Bank, National Association has a mailing address of 3415 Vision Drive, Columbus, Ohio 43219 and certifies that it is the owner of the subject Note.

2. Defendant Justin W. Burgess a/k/a Justin Burgess is an individual residing upon information and belief at 456 Gore Road, Otisfield, ME 04270.

3. Justin Burgess is the owner of certain real property located at 456 Gore Road, Otisfield, ME, by virtue of an Abstract of Divorce Decree dated June 3, 2016 and recorded in the Eastern Oxford County Registry of Deeds on June 3, 2016 in Book 5284, Page 666.

4. In order to protect the borrower's privacy, certain personal information of the borrower (such as loan, account, social security numbers,

telephone numbers, and birth dates), may have been partially or completely redacted on the exhibits attached to this Complaint.

5. On April 15, 2010, Justin W. Burgess executed and delivered to Merrimack Mortgage Company, Inc. a certain promissory note in the original principal amount of $122,448.00 (the "Note"). Merrimack Mortgage Company, Inc. executed an endorsement in blank appearing on the Note, rendering the Note enforceable by the party that is in possession of the original Note. A copy of the Note is attached hereto as Exhibit A.

6. To secure the Note, Justin W. Burgess and Jessica L. Gagne executed and delivered to Mortgage Electronic Registration Systems, In nominee for Merrimack Mortgage Company, Inc., its successors and ass mortgage in the amount of $122,448.00 which mortgage was recorded or 20, 2010 in the Eastern Oxford County Registry of Deeds in Book 4578 99 (the "Mortgage"). A copy of the Mortgage is attached hereto as Exhi The premises is known as 456 Gore Road, Otisfield, ME 04270, and is particularly described in the Mortgage (the "Premises").

7. Jessica L. Gagne is not obligated on the Note and no longer title and is not a necessary party to this action.

8. The Mortgage was assigned by Mortgage Electronic Regist Systems, Inc., as nominee for Merrimack Mortgage Company, In successors and assigns, to JPMorgan Chase Bank, National Associati assignment recorded September 20, 2012 in Book 4896, Page 136, and r by Merrimack Mortgage Company, Inc., by ratification of assignment re July 20, 2015 in Book 5233, Page 133. Copies of the assignments are att hereto as Exhibit C.

9. Justin W. Burgess is presently in default on the Note, having to make the monthly payment due March 1, 2014, and having failed to all payments due thereafter, thereby breaching a condition of the Mortgag

10. Plaintiff certifies that all steps mandated by law to provide n the default and of the right to cure have been taken and strictly performe

Burgess
**Exhibit 2**
(Page 2 of 4)
Adv Proc. No. 19-02014

State Court Case Docket No. RE-17-46
**COMPLAINT**

"a certain promissory note" wording and not associating with "the" genuine note. This is not compliant with MRS 14 § 6321

11. By letters dated July 11, 2017, Justin W. Burgess was provided notice that the Note was in default and of the right to cure the default, and payment thereon was demanded. A Copy of the notice is attached hereto as Exhibit D.

12. The notice was given by first class mail, postage prepaid with a United States Postal Service certificate of mailing on July 11, 2017 and therefore expired on August 18, 2017.

13. The default has not been cured and, in accordance with the Note and Mortgage, the entire principal amount outstanding, accrued interest thereon, and all other sums due under the Note and Mortgage have been declared to be presently due and payable.

14. As of September 30, 2017 the following amounts are due the Plaintiff, exclusive of costs of collection, including attorney's fees, under the terms of the Note and the Mortgage:

| | |
|---|---|
| Principal Balance | $115,253.93 |
| Accrued Interest | 22,714.56 |
| Property Inspection Fees | 210.00 |
| Escrow Advance | 11,762.40 |
| Total | $149,940.89 |

Additional interest is accruing on said principal balance from said date at a rate of $16.97 per day.

15. Plaintiff anticipates that additional disbursements will be made for attorney's fees and other services rendered during the foreclosure and sale.

16. By virtue of a breach of condition of the Note and Mortgage, Plaintiff hereby demands the foreclosure of the Mortgage and the sale of the Premises.

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Determine that there has been a breach of condition of the Mortgage;

B. Determine the amount due on the Note and Mortgage, including principal, interest, reasonable attorney's fees, court costs, and other expenses;

C. Find Justin W. Burgess liable for any deficiency balance remaining due to Plaintiff after the sale of the Premises and application of the proceeds of sale;

D. Issue a Judgment of Foreclosure and Sale in conformity with Title 14 M.R.S. § 6322;

E. Order exclusive possession of the Premises to the Plaintiff upon the expiration of the statutory ninety (90) day period of redemption and direct the Clerk to issue a writ of possession at the request of the Plaintiff; and

F. Grant such other and further relief as the Court may determine proper.

Dated at South Portland, Maine, this 25th day of September, 2017.

Respectfully submitted,

JPMorgan Chase Bank, National Associa

By:
Leonard F. Morley, Jr., #3856
Attorney for Plaintiff

SHAPIRO & MORLEY, LLC
707 Sable Oaks Dr., Suite 250
South Portland, Maine 04106
(207) 775-6223

14-021485

Burgess
**Exhibit 2**
(page 4 of 4)
Adv Proc. No. 19-02014

State Court Case
Docket No. RE-17-46
**Plaintiff**
**"COMPLAINT"**

State Plaintiff:
JPMorgan Chase

"By": Plaintiff JPMorgan Chase attorney Leonard F. Morley on /25/2017.

The word "By" means that this complaint is not "certified" as it is memorialized with an autograph instead of an attesting signature. Thus all associated Exhibits are not certified. This automatically fails to meet Maine Title 14 § 6321 "In order to state a claim for foreclosure upon which relief can be granted, the complaint must contain certification of proof of ownership of the mortgage note and produce evidence of the mortgage note, mortgage and all assignments".

**Nowhere in this complaint document does Plaintiff JPMorgan Chase specifically claim certified proof of claim of ownership of the mortgage note and the mortgage.**

ORIGINAL

# NOTE

Burgess

Exhibit A

APRIL 15, 2010 [Date] NORWAY [City] ORIGINAL , MAINE [State]

456 GORE ROAD
OTISFIELD, MAINE 04270
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 122,448.00 (th[is] amount is called "Principal"), plus interest, to the order of the Lender. The Lender is MERRIMACK MORTGAGE COMPANY, INC., A MASSACHUSETTS CORPORATION

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transf[er] and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will p[ay] interest at a yearly rate of 5.375 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default describe[d] in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1ST day of each month beginning on JUNE 01, 2010. I will make these payments every month until I have paid all of the principal and interest and an[y] other charges described below that I may owe under this Note. Each monthly payment will be applied as of it[s] scheduled due date and will be applied to interest before Principal. If, on MAY 01, 2040, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturi[ty] Date."

I will make my monthly payments at 1045 ELM STREET, SUITE 601 MANCHESTER, NH 03101 or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 685.67.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Princip[al] only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I a[m] doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments du[e] under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Not[e] Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, th[e] Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, befor[e] applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there wi[ll] be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees i[n] writing to those changes.

Initials J.B.

Burgess
**Exhibit 3**
(page 1 of 2)
Adv Proc. No. 19-02014

State Court Case Docket No. RE-17-46
**Plaintiff "Exhibit A" NOTE**
(page # 1 )

State Plaintiff: JPMorgan Chase

**Defects =**

* Multiple non-genuine marks/alterations: 2 swirl stampings, 2 punched holes at top, 2 stamps "original"

* Bifurcated – no securing staple/fastener present. "not negotiable – not security grade, not proof of ownership"

* Multiple staple holes, evidence of alteration/tampering

5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

Initials J.B

MAINE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT FORM 3220 1/01
Form - M3220N-0507 (Ver. 01-2007)
Page 2 of 3
ORIGINAL

Burgess
**Exhibit 3**
(page 2 of 2)
Adv Proc. No. 19-02014

State Court Case
Docket No. RE-17-46
**Plaintiff**
**"Exhibit A"**
**NOTE**
(pages # 2 thru 4)

State Plaintiff:
JPMorgan Chase

**Defects =**

* 2 Punch out holes evidencing alteration, document is "not genuine", not "the" **mortgage note as per Maine Title 14 sub-section 6321**

* Bifurcated –no folded corner here means there is **"no"** securing staple or fastener while this was photocopied = **"not negotiable – not security grade, not proof of ownership"**

Doc#: 3805 Bk: 4578 Pg: 99

Exhibit B

After Recording Return To:

MERRIMACK MORTGAGE COMPANY, INC.
1045 ELM STREET
SUITE 601
MANCHESTER, NH 03101

LOAN NO.: [redacted]

ESCROW NO.:
TITLE NO.:
PARCEL NO.:

[SPACE ABOVE THIS LINE FOR RECORDING DATA]

MIN NO.: [redacted]

MORTGAGE

WORDS USED OFTEN IN THIS DOCUMENT

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 5, 8, 10, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated APRIL 16, 2010. The term "Security Instrument" includes any Riders recorded with the Security Instrument.

(B) "Borrower" means JUSTIN W BURGESS, AND JESSICA L [ ]GNE, HUSBAND AND WIFE

who sometimes will be called "Borrower" and sometimes simply "I" or "me." "Borrower" is granting a mortgage under this Security Instrument. "Borrower" is not necessarily the same as the Person or Persons who signed the Note. The obligations of Borrowers who did not sign the Note are explained further in Section 13.

(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. [redacted]

(D) "Lender" means MERRIMACK MORTGAGE COMPANY, INC., A MASSACHUSETTS CORPORATION

Lender is a corporation or association which exists under the laws of MASSACHUSETTS. Lender's address is 1045 ELM STREET SUITE 601; MANCHESTER, NH 03101

Except as provided in Sections 13 and 20, the term "Lender" may include any person who takes ownership of the Note and this Security Instrument.

(E) "Note" means the note signed by JUSTIN W BURGESS

and dated APRIL 16, 2010. The Note shows that its signer or signers owe Lender ONE HUNDRED TWENTY TWO THOUSAND FOUR HUNDRED FORTY EIGHT AND 00/100 Dollars (U.S. $ 122,448.00) plus interest and promise to pay this debt in Periodic Payments and to pay the debt in full by MAY 01, 2040.

(F) "Property" means the property that is described below in the section titled "Description of the Property" or any portion of the Property.

(G) "Sums Secured" means the unpaid balance of amounts described below in the section titled "Borrower's Transfer to Lender of Rights in the Property."

(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

Initials JB ___ [initials] ___

MAINE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS Form 3020 1/01
DocMagic Services, Inc. FORM - [illegible] Page 1 of 12
ORIGINAL

Burgess
**Exhibit 4**
(page 1 of 2)
Adv Proc. No. 19-02014

State Court Case
Docket No. RE-17-46
**Plaintiff**
**"Exhibit B"**
**MORTGAGE**
(page # 1)

State Plaintiff:
JPMorgan Chase

**Defects =**

*Book and page number alteration. Evidence that this item is not "genuine" and is **not** in the "possession" of State Plaintiff JPMorgan Chase

* Bifurcated –no securing staple or fastener = evidence that this is **"not a security grade" document, cannot be used as proof of ownership" to comply with Maine Title 14 sub-section 6321 "In order to state a claim for foreclosure..."**

Doc#: 3885
Bk: 4578 Pg: 100

(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

- ☐ Adjustable Rate Rider
- ☐ Condominium Rider
- ☐ Second Home Rider
- ☐ Balloon Rider
- ☐ Planned Unit Development Rider
- ☐ Assumption Rider
- ☐ 1-4 Family Rider
- ☐ Biweekly Payment Rider
- ☐ Inter Vivos Trust Rider
- ☐ Other(s) [specify]:

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K) "Community Association Dues, Fees and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) "Escrow Items" mean those items that are described in Section 3.

(N) "Miscellaneous Proceeds" means any monies or other thing of value paid by any third party, other than insurance proceeds paid under the coverages described in Section 5, for: (i) damage to, or destruction of, the Property; (ii) Condemnation or other taking of all or any part of the Property (see Section 11 for an explanation of "Condemnation"); (iii) conveyance in lieu of Condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. § 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. When this Security Instrument refers to a requirement or restriction under "RESPA," Lender intends to abide by that requirement or restriction, even if it is not technically applicable to the loan.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

(S) "Ground Rents" means amounts I owe if I rented the real property under the buildings covered by this Security Instrument. Such an arrangement usually takes the form of a long-term "ground lease."

BORROWER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY

I mortgage, grant and convey the Property to MERS (solely as nominee for Lender and Lender's successors and assigns), with mortgage covenants, subject to the terms of this Security Instrument, to have and to hold all of the Property to MERS (solely as nominee for Lender and Lender's successors and assigns), and to its successors and assigns, forever. This means that, by signing this Security Instrument, I am giving Lender those rights that are stated in this Security Instrument and also those rights that Applicable Law gives to Lenders who hold mortgages on real property. Those rights that Applicable Law gives to Lenders who hold mortgages on real property include those rights known as "Mortgage Covenants." I am giving Lender these rights to protect Lender from possible losses that might result if:

(A) Some or all of the Loan is not paid when due;

(B) I fail to pay, with interest, any amounts that Lender spends under Section 9 of this Security Instrument to protect the value of the Property and Lender's rights in the Property; or

(C) I fail to keep any of my other promises and agreements under this Security Instrument. These amounts are the "Sums Secured."

I understand and agree that MERS holds only legal title to the rights granted by me in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right:

(A) to exercise any or all of those rights, including, but not limited to, the right to foreclose and sell the Property; and

(B) to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

LOAN NO.: [redacted] Initials JD JLG

MAINE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS Form 3020 1/01
DocMagic Services, Inc. FORM-MEY0MERS-abe Page 2 of 12
ORIGINAL

Burgess
**Exhibit 4**
(page 2of 2)
Adv Proc. No. 19-02014

State Court Case
Docket No. RE-17-46
**Plaintiff**
**"Exhibit B"**
**MORTGAGE**
(page # 2)

State Plaintiff:
JPMorgan Chase

**Defects =**

*Book and page number alteration. Evidence that this item is not "genuine" and is **not** in the "possession" of State Plaintiff JPMorgan Chase

* Bifurcated –no folded corner evidencing securing staple or fastener and extra holes present = evidence that this has been tampered with and is **"not a security grade" document, cannot be used as proof of ownership" to comply with Maine Title 14 sub-section 6321 "In order to state a claim for foreclosure..."**

Exhibit C

Doc# 11246
Bk: 4896 Pg: 136

## ASSIGNMENT OF MORTGAGE

Contact JPMORGAN CHASE BANK, N.A. for this instrument 780 Kansas Lane, Suite A, Monroe, LA 71203, telephone # (866) 756-8747, which is responsible for receiving payments.

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR MERRIMACK MORTGAGE COMPANY, INC., ITS SUCCESSORS AND ASSIGNS PO BOX 2026, FLINT, MI, 48501 by these presents does convey, grant, assign, transfer and set over the described Mortgage with all interest secured thereby, all liens, and any rights due or to become due thereon to JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, WHOSE ADDRESS IS 700 KANSAS LANE, MC 8000, MONROE, LA 71203 (866)756-8747, ITS SUCCESSORS OR ASSIGNS, (ASSIGNEE).

Said Mortgage is dated 04/15/2010, made by JUSTIN W. BURGESS AND JESSICA L. GAGNE to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC and recorded on 04/20/2010 in Volume 4578, Page 99, in the office of the Recorder of OXFORD EAST County, Maine..

IN WITNESS WHEREOF, this assignment was executed on 09/05/2012 (MM/DD/YYYY).
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR MERRIMACK MORTGAGE COMPANY, INC., ITS SUCCESSORS AND ASSIGNS

By: [signature]
Tobias L. Bryant
ASST. SECRETARY

STATE OF LOUISIANA PARISH OF OUACHITA
On 09/05/2012 (MM/DD/YYYY), before me appeared Tobias L. Bryant, to me personally known, who did say that he/she/they is/are the ASST. SECRETARY of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR MERRIMACK MORTGAGE COMPANY, INC., ITS SUCCESSORS AND ASSIGNS and that the instrument was signed on behalf of the corporation (or association), by authority from its board of directors, and that he/she/they acknowledged the instrument to be the free act and deed of the corporation (or association).

[signature]
Notary Public - State of LOUISIANA
Commission expires: Upon My Death

Instrument Prepared By/Return To: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683
(800)346-9152
JPCAS [redacted] -6 CHASE [redacted] [C]
FRMMB1 [redacted]

Received
Recorded Register of Deeds
Sep 20,2012 10:07A
Oxford East County
Patricia A. Shearman

Burgess
**Exhibit 5**
(page 1of 1)
Adv Proc. No. 19-02014

State Court Case
Docket No. RE-17-46
**Plaintiff**
**"Exhibit C"**
**ASSIGNEMENT**
(page # 1)

State Plaintiff:
JPMorgan Chase

**Defects =**

*document is not genuine as it has been altered with book and page stamp for County Registry of Deeds which is also "not" evidence that Plaintiff JPMorgan does not possess Chase, has evidence of ownership by the

*MERS is not registered to do business in the state of Maine -- see Burgess **Exhibit 7**
This assignment is void:

**cannot be used as proof of ownership" to comply with Maine Title 14 sub-section 6321 "in order to state a claim for foreclosure..."**

DOC 7483 BK 5233 PG 133

RATIFICATION OF ASSIGNMENT

KNOW ALL BY THESE PRESENTS THAT **Merrimack Mortgage Company, Inc. ("Lender")**, as named Lender in the mortgage described below originally granted to **Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Merrimack Mortgage Company, Inc., its successors and assigns**, does hereby ratify the transfer of said mortgage as memorialized by the previous assignment of said mortgage by MERS to JPMorgan Chase Bank, National Association dated September 5, 2012 and recorded on September 20, 2012 in the Eastern Oxford County Registry of Deeds in Book 4896, Page 136, and confirms its intent that MERS had the right to assign, enforce, and discharge Lender's interest in the mortgage, and does hereby ratify all action taken in accordance with said assignment by said assignee or any subsequent assignee. To the extent necessary to effectuate said assignment or any action taken by a subsequent assignee, Lender does hereby grant and convey all interest as Lender under said mortgage to MERS effective as of the original date of said mortgage.

The purpose of this instrument is to resolve any question as to MERS' authority to assign Lender's interest in said mortgage as raised by the Maine Supreme Judicial Court's decision in *Bank of America v. Greenleaf*, 2014 ME 89.

| | |
|---|---|
| Borrower: | Justin W. Burgess and Jessica L. Gagne |
| Lender: | Merrimack Mortgage Company, Inc. |
| Mortgagee: | Mortgage Electronic Registration Systems, Inc., as nominee for Merrimack Mortgage Company, Inc., its successors and assigns |
| Registry: | Eastern Oxford County Registry of Deeds |
| Recording Date: | April 20, 2010 |
| Amount: | $122,448.00 |
| Book: | 4578 |
| Page: | 99 |

Merrimack Mortgage Company, Inc.

Dated: 7/9/15

By: [signature]
Title: Gregory Korn
Type/Print Name: VP Risk Manager

STATE OF NH
COUNTY OF Hillsborough

Personally appeared before me this 9th day of July, 2015 the above-named Gregory Korn, VP Risk Management on behalf of Merrimack Mortgage Company, Inc. and acknowledged the foregoing to be his/her free act and deed in said capacity.

[Seal: DANIEL PASS NOTARY PUBLIC NEW HAMPSHIRE MY COMMISSION EXPIRES APRIL 23, 2019]

[signature]
Type/Print Name: Daniel Pass
Notary Public
My Commission Expires: 4-23-19

[redacted] Gore Road

Recorded: Oxford East County 7/20/2015 10:5
Patricia A Shearman Register of Deeds

Burgess
**Exhibit 6**
(page 1of 1)
Adv Proc. No. 19-02014

State Court Case
Docket No. RE-17-46
**Plaintiff**
**"RATIFICATION OF ASSIGNEMENT"**
(page # 1)

State Plaintiff:
JPMorgan Chase

**Defects =**

Plaintiff is admitting that there is a defect with their Exhibit C as MERS is not registered to do business in the state of Maine -- see Burgess **Exhibit 7**
This assignment is void:

**This is evidence of failure of "certification of ownership" to comply with Maine Title 14 sub-section 6321 "in order to state a claim for foreclosure upon which relief can be granted"**

Burgess
**Exhibit 7**
(page 1of 2)
Adv Proc. No. 19-02014

State Court Case
Docket No. RE-17-46
State Plaintiff:
JPMorgan Chase

# State of Maine

## Department of the Secretary of State

***I, the Secretary of State of Maine,*** *certify that according to the provisions of the Constitution and Laws of the State of Maine, the Department of the Secretary of State is the legal custodian of the Great Seal of the State of Maine which is hereunto affixed and that the paper to which this is attached is a true copy from the records of this Department.*

*In Testimony Whereof, I have caused the Great Seal of the State of Maine to be hereunto affixed. Given under my hand at Augusta, Maine, October 26, 2017.*

***Matthew Dunlap***
***Secretary of State***

Burgess
**Exhibit 7**
(page 1of 2)
Adv Proc. No. 19-02014

State Court Case
Docket No. RE-17-46
State Plaintiff:
JPMorgan Chase

Filing Fee $70.00

FOREIGN
BUSINESS CORPORATION

STATE OF MAINE

File No. 19990854 F Pages 1
Fee Paid $ 70
DCN 2022911300001 SURR
-----FILED-----
10/15/2002

Julie L. Flynn
Deputy Secretary of State

A True Copy When Attested By Signature

Deputy Secretary of State

## APPLICATION FOR SURRENDER OF AUTHORITY TO DO BUSINESS

Mortgage Electronic Registration Systems, Inc.
(Name of Corporation)

Pursuant to 13-A MRSA §1208, the undersigned foreign corporation hereby surrenders its authority to do business in the State of Maine:

**FIRST:** The jurisdiction of its incorporation is Delaware

**SECOND:** The date on which it was authorized to do business in the State of Maine is 3/11/99

**THIRD:** The corporation is not as of the date of this application doing business in the State of Maine and surrenders its authority to do business in the state.

**FOURTH:** The corporation revokes the authority of its registered agent in the State of Maine to accept service of process; it consents that process in any action, suit or proceeding based upon any cause of action arising in the State of Maine prior to the date of filing this application may be served on the Secretary of State after the date of the filing of this application.

**FIFTH:** The post-office address to which the Secretary of State shall mail a copy of any process served upon him against the corporation is P.O. Box 2026, Flint, Michigan 48501
(street, city, state and zip code)

**SIXTH:** The address of the principal or registered office of the corporation, wherever located, is
1013 Centre Road, Wilmington, Delaware 19801
(street, city, state and zip code)

DATED 10/2/02

*By [signature]
(signature of any duly authorized individual)

William C. Hultman Secretary/Treasurer
(type or print name and capacity)

*This document MUST be signed by any duly authorized individual.

SUBMIT COMPLETED FORMS TO: CORPORATE EXAMINING SECTION, SECRETARY OF STATE, 101 STATE HOUSE STATION, AUGUSTA, ME 04333-0101
TEL. (207) 624-7740

FORM NO. MBCA-12B Rev. 4/16/2001

THIS IS EVIDENCE THAT MERS ASSIGMENTS ARE VOID AS MERS HAD NO STANDING TO DO BUSINESS IN MAINE

FAILS ME Title 14 s s 6321

Burgess
**Exhibit 8 -- Statute**
(page 1of 3)
Adv Proc. No. 19-02014
**MRS 14 § 6321**
State Court Case
Docket No. RE-17-46
State Plaintiff:
JPMorgan Chase

Title 14: COURT PROCEDURE -- CIVIL

Part 7: PARTICULAR PROCEEDINGS

Chapter 713: MISCELLANEOUS PROVISIONS RELATING TO FORECLOSURE OF REAL PROPERTY MORTGAGES

Subchapter 6: FORECLOSURE PROCEEDINGS BY CIVIL ACTION

§6321-A

§6321. Commencement of foreclosure by civil action

After breach of condition in a mortgage of first priority, the mortgagee or any person claiming under the mortgagee may proceed for the purpose of foreclosure by a civil action against all parties in interest in either the Superior Court or the District Court in the division in which the mortgaged premises or any part of the mortgaged premises is located, regardless of the amount of the mortgage claim. [PL 2007, c. 391, §9 (AMD).]

After breach of condition of any mortgage other than one of the first priority, the mortgagee or any person claiming under the mortgagee may proceed for the purpose of foreclosure by a civil action against all parties in interest, except for parties in interest having a superior priority to the foreclosing mortgagee, in either the Superior Court or the District Court in the division in which the mortgaged premises or any part of the mortgaged premises is located. Parties in interest having a superior priority may not be joined nor will their interests be affected by the proceedings, but the resulting sale under section 6323 is of the defendant or mortgagor's equity of redemption only. **The plaintiff shall notify the priority parties in interest of the action by sending a copy of the complaint to the parties in interest by certified mail. [PL 2007, c. 391, §9 (AMD).]**

The foreclosure must be commenced in accordance with the Maine Rules of Civil Procedure, and the mortgagee shall within 60 days of commencing the foreclosure also record a copy of the complaint or a clerk's certificate of the filing of the complaint in each registry of deeds in which the mortgage deed is or by law ought to be recorded and such a recording thereafter constitutes record notice of commencement of foreclosure. The mortgagee shall further certify and provide evidence that all steps mandated by law to provide notice to the mortgagor pursuant to section 6111 were strictly performed.

**In order to state a claim for foreclosure upon which relief can be granted, the complaint must contain a certification of proof of ownership of the mortgage**

**note. The mortgagee shall certify proof of ownership of the mortgage note and produce evidence of the mortgage note, mortgage and all assignments and endorsements of the mortgage note and mortgage.**

The complaint must allege with specificity the plaintiff's claim by mortgage on such real estate, describe the mortgaged premises intelligibly, including the street address of the mortgaged premises, if any, which must be prominently stated on the first page of the complaint, state the book and page number of the mortgage, if any, state the existence of public utility easements, if any, that were recorded subsequent to the mortgage and prior to the commencement of the foreclosure proceeding and without mortgagee consent, state the amount due on the mortgage, state the condition broken and by reason of such breach demand a foreclosure and sale. If a clerk's certificate of the filing of the complaint is presented for recording pursuant to this section, the clerk's certificate must bear the title "Clerk's Certificate of Foreclosure" and prominently state, immediately after the title, the street address of the mortgaged premises, if any, and the book and page number of the mortgage, if any. Service of process on all parties in interest and all proceedings must be in accordance with the Maine Rules of Civil Procedure. "Parties in interest" includes mortgagors, holders of fee interest, mortgagees, lessees pursuant to recorded leases or memoranda thereof, lienors and attaching creditors all as reflected by the indices in the registry of deeds and the documents referred to therein affecting the mortgaged premises, through the time of the recording of the complaint or the clerk's certificate. Failure to join any party in interest does not invalidate the action nor any subsequent proceedings as to those joined. Failure of the mortgagee to join, as a party in interest, the holder of any public utility easement recorded subsequent to the mortgage and prior to commencement of foreclosure proceedings is deemed consent by the mortgagee to that easement. Any other party having a claim to the real estate whose claim is not recorded in the registry of deeds as of the time of recording of the copy of the complaint or the clerk's certificate need not be joined in the foreclosure action, and any such party has no claim against the real estate after completion of the foreclosure sale, except that any such party may move to intervene in the action for the purpose of being added as a party in interest at any time prior to the entry of judgment. Within 10 days of submitting the complaint for filing with the court, the mortgagee shall provide a copy of the complaint or of the clerk's certificate as submitted to the court that prominently states, immediately after the title, the street address of the mortgaged premises, if any, and the book and page number of the mortgage, if any, to the municipal tax assessor of the municipality in which the property is located and, if the mortgaged premises is manufactured housing as defined in Title 10, section 9002, subsection 7, to the owner of any land leased by the mortgagor. The failure to provide the notice required by this section does not affect the validity of the foreclosure sale.  [PL 2015, c. 229, §1 (AMD).]

For purposes of this section, "public utility easements" means any easements held by public utilities, as defined in Title 35-A, section 102; sewer districts, as defined in Title

38, section 1032, subsection 3 or 4; or sanitary districts, as formed under Title 38, chapter 11. [PL 2013, c. 555, §2 (AMD).]

The acceptance, before the expiration of the right of redemption and after the commencement of foreclosure proceedings of any mortgage of real property, of anything of value to be applied on or to the mortgage indebtedness by the mortgagee or any person holding under the mortgagee constitutes a waiver of the foreclosure unless an agreement to the contrary in writing is signed by the person from whom the payment is accepted or unless the bank returns the payment to the mortgagor within 10 days of receipt. The receipt of income from the mortgaged premises by the mortgagee or the mortgagee's assigns while in possession of the premises does not constitute a waiver of the foreclosure proceedings of the mortgage on the premises. [PL 2007, c. 391, §9 (NEW).]

The mortgagee and the mortgagor may enter into an agreement to allow the mortgagor to bring the mortgage payments up to date with the foreclosure process being stayed as long as the mortgagor makes payments according to the agreement. If the mortgagor does not make payments according to the agreement, the mortgagee may, after notice to the mortgagor, resume the foreclosure process at the point at which it was stayed. [PL 2007, c. 391, §9 (NEW).]

**Exhibit 9 - Recap of Judge Michael Fagone hearing summary**

see Dkt 34 to listen to the recording. Plaintiff Burgess has made order

on 3.25.2020 to obtain a copy of the written transcript.

This review is being done by Plaintiff Burgess on 3.26.2020.

Burgess
**Exhibit 9**
(page 1of 2)
Adv Proc. No. 19-02014
**Critique**
Ref Dkt 37 Order to Dismiss and Dkt 34 recording hearing on 3/16/2020 for Defendant Motion to Dismiss requested by Defendant JPMorgan Chase Dkt 8

State Court Case
Docket No. RE-17-46
State Plaintiff:
JPMorgan Chase

1. Judge erred by saying Rooker – Feldman, R-F, does apply because there is no dispute of the facts that the State court entered a judgment of foreclosure.

Burgess says this is a gross error, there is no lawful, legal judgment as there was never a lawful, legal commencement of the purported case. Perhaps Judge did not adequately read the Burgess Dkts 17 and 31 articulating the standing issue required to be met before a claim of R-F could be allowed to be considered. Without standing, JPMorgan Chase counsel has no authority to make *any* arguments, R-F included and this Bankruptcy court risks transcending the limits of its authority by acting on JPMorgan Chase counsel arguments.

2 Judge says relief Burgess seeks is "inextricably intertwined' with state case

Burgess says, again, Judge's words suggest that Judge did not adequately read Burgess Dkts 17 and 31 which address this. Not once did Judge use the paramount word "standing". However, as explained later herein, Judge's critique, as an impartial arbiter, is actually good advice for Burgess to apply improvements and re-submit.

3 Judge relies on Hill v Town of Conway for his R–F president.

A Judge says court lacks jurisdiction base on R-F and if not that then

B Judge says based on "claims preclusion principles" in state of Maine case 12(b)(6) – res judicata

Burgess says Judge errs when Judge says "Burgess" acknowledged a "final", "valid" judgment and seeks to overturn it that.

Burgess says "Burgess" does not recognize a" judgment" but instead recognizes a failed attempt for JPMorgan Chase and its attorney to attempt to commence an action by way of evidence it brought forward that clearly shows they have no constitutional standing, by way of Maine state Statute compliance, to commence a foreclosure action. By continuing with the purported action, JPMorgan Chase and its accomplices deceived the court. By the Court preparing and processing the service of the action, the officers of the court, attorney included, acted without authority and the action is a nullity, it doesn't exist, there is no judgment. Burgess does not see commonality to R-F issues in Hill v Town of Conway as that case is not based the blatant non-compliance to state statue as is the said JPMorgan Chase state action – void to being a nullity, a nothing. Burgess shows law memorandum that defeats the res judicata issue and R-F purported issues.

**C**    Judge says claims raised are the same; Burgess should have fought back in state action when he had the chance:

Burgess says Judge errs by not acknowledging JPMorgan Chase and complicit attorney fail to provide notice and invite Burgess to raise claims in the state action Docketed as SOPDC-RE-18-19 as there was never a Summons sent to Burgess or any other communication inviting Burgess to have an opportunity to rebut the non-compliant claim by JPMorgan Chase and agent. The only Summons received was # SOPSC RE-17-46. Again, the court or the JPMorgan Chase Attorney did not disclose, "omitted" information needed for Burgess to make appearance at the purported Summary Judgment hearing. This issue defeats R-F.

**4**    Judge says Burgess didn't enter claims $ in bankruptcy thru trustee

Burgess says Judge isn't wrong there, but Burgess isn't interested in $ now, just a declaration that would provide credit score improvement or some other relief by declaring JPMorgan Chase "not a creditor".

**5**    Judge says complaint does not show who what where etc, must give JPMorgan Chase better notice of what is alleged to have been done and "what its liability is predicated on" and that Burgess can't do private action on criminal claims.

Burgess says Judge may not be wrong here either, so Burgess, as a self represented man, is allowed a "mulligan", a "do-over", to re-present, in better form, an amended request that better adheres to Judge's request for improvement. Legal memorandum included herein to show the "mulligan" rule. Burgess thanks the Judge for Judge's thoughtful and helpful critique.

Burgess
**Exhibit 10**
(page 1of 4)
Adv Proc. No. 19-02014
**Judicial Notice Issues**

**JUDICIAL NOTICE**

By way of rulings via Caldwell v Miller, 790 F. 2d 589, 595 (7th Cir. 1986), Haines v Kerner 404 U.S. 519 (1972) and Platsky v CIA, 953 F.2d 26 (2nd Cir. 1991) supporting pro se litigates the opportunity to amend pleadings, **Justin W Burgess, a self represent man, has right to do a "mulligan", a do-over and provide this amended cause of action with requested relief.**

Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court". In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted." Fraud upon the court" makes void the orders and judgments of that court.

("The maxim that fraud vitiates every transaction into which it enters applies to judgments as well as to contracts and other transactions."); Allen F. Moore v. Stanley F. Sievers, 336 Ill. 316; 168 N.E. 259 (1929) ("The maxim that fraud vitiates every transaction into which it enters ..."); In re Village of Willowbrook, 37 Ill.App.2d 393 (1962) ("It is axiomatic that fraud vitiates everything."); Dunham v. Dunham, 57 Ill.App. 475 (1894), affirmed 162 Ill. 589 (1896); Skelly Oil Co. v. Universal Oil Products Co., 338 Ill.App. 79, 86 N.E.2d 875, 883-4 (1949); Thomas Stasel v. The Federal law, when any officer of the court has committed "fraud upon the court", the orders and judgment of that court are void, of no legal force or effect.

AMY In 1994, the U.S. Supreme Court held that "Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." [Emphasis added]. Liteky v. U.S., 114 S.Ct. 1147, 1162 (1994). That Court also stated that Section 455(a) "requires a judge to recuse himself in any proceeding in which her impartiality might reasonably be questioned." Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989). In Pfizer Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972), the Court stated that "It is important that the litigant not only actually receive justice, but that he believes that he has received justice." "Recusal

under Section 455 is self-executing; a party need not file affidavits in support of recusal and the judge is obligated to recuse herself sua sponte under the stated circumstances." Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989).

None of the orders issued by any judge who has been disqualified by law would appear to be valid. It would appear that they are void as a matter of law, and are of no legal force or effect.

Should a judge not disqualify himself, then the judge is violation of the Due Process Clause of the U.S. Constitution. United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996) ("The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause.").

Should a judge issue any order after he has been disqualified by law, and if the party has been denied of any of his / her property, then the judge may have been engaged in the Federal Crime of "interference with interstate commerce". The judge has acted in the judge's personal capacity and not in the judge's judicial capacity. It has been said that this judge, acting in this manner, has no more lawful authority than someone's next-door neighbor (provided that he is not a judge).

The action in the state of Maine never legally nor lawfully commenced as the Bank failed to state a claim upon which relief can be granted as the factual evidence entered into the state of Maine court did not comply with "State of Maine statute Title 14 §6321".

The lack of statutory authority to make a particular order or a judgment is akin to lack of subject matter jurisdiction and is subject to collateral attack. 46 Am. Jur. 2d, Judgments §25, pp. 388-89.

The defendants' motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requires this Court to consider facts outside the record which have not been presented in the form required by Rules 12(b) and 56 (c). Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment. Trinsey v. Pagliaro, 229 F. Supp. 647 (E.D. Pa. 1964)United States District Court E.D. Pennsylvania.May 28, 1964 229 F.Supp. 647

**MEMORANDUM : WHY ROOKER – FELDMAN DOES NOT APPLY HERE**

1.2a Noel v. Hall, 341F.3d 1148, 1154 (9th Cir. 2003) 2542, KOUGASIAN v. TMSL, INC. II. T, Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981). **Rooker-Feldman does not bar jurisdiction if federal plaintiff asserts as a legal wrong, an allegedly illegal act or omission by an adverse party.**

1.2b *Kougasian v. TMSL*, 359 F.3d at 1141 or 158 *FEDERAL COURTS LAW REVIEW* [Vol. 5] "[a] **plaintiff alleging extrinsic fraud . . . is not alleging a legal error**

**by the state court; rather, he or she is alleging a wrongful act by the adverse party." Thus, the court held *Rooker-Feldman* did not apply**. In creating this exception, this First Circuit U.S. District Court may rely on two sources: (1) Maine state law providing its courts with the equitable power to set aside judgments on grounds of fraud, mistake, or lack of jurisdiction; i.e. Sargent v. Sargent, 622 A.2d 721, 723 (Me. 1993). A judgment obtained by **fraud** may not be the basis for the application of doctrine of **res judicata** and (2) Barrow v. Hunton, 99 U.S. 80 (1878) Supreme Court case holding that, under Louisiana law, a judgment is a nullity if "obtained through fraud, bribery, forgery of documents, &c.

1.2c ***Kelleran v. Andrijevic, 825 F.2d 692,698*** as well as Re ***Knapper, 407 F.3d 573,583*** in these cases the principles that; *"the **Bankruptcy Court** in the allowance or rejection and ordering of claims shall **not be bound by any broad or rigid rules of Res Judicata**"* AND *"A **state Court judgment does not have res judicata effect** because the Bankruptcy Judge is the only authority that can decide if a claim is allowable"*

1.2d ***Sira v. Morton, 380 F.3d 57 (2d Cir. 2004),*** the Court declared that;*"a complaint is deemed to include any written instrument attached to it s an exhibit, material incorporated in it by reference and all other documents which though not incorporated into the complaint by reference, are integral to the complaint"*

1.2e **The Res Judicata and Rooker – Feldman doctrines do not and can never apply to the facts** (fraud) as alleged by Plaintiff Burgess especially as the allegations of fraud against Chase by Mr. Burgess arise largely due to the fact that the proof of claim which needed to be filed by Chase did not exist (and could not have been decided upon) at the earlier foreclosure proceedings in State Court and could therefore not be deemed as falling under the Res Judicata and Rooker – Feldman doctrines.

1.2f *In re* Sun Valley Foods Co., 801 F.2d 186 (6th Cir. 1986). **"Extrinsic fraud is conduct which prevents a party from presenting his claim in court."** i.e. ignorance of the adversary about the existence of the suit or the acts of the plaintiff; fraudulent representation of a party without his consent and connivance in his defeat; and so on. When a "state-court loser" complains that the winner owes his triumph not to sound legal principles—or even unsound ones—but to fraud, then the loser is not really complaining of an injury caused by a state-court judgment, but of an injury caused by the winner's chicanery.

1.2g Exxon Mobil, 544 U.S. at 291, **not all actions dealing with "inextricably intertwined" or the "same or related question" resolved in state court are barred in federal court**.

1.2h Lundborg v. Phoenix Leasing, Inc., 91 F.3d 265, 271 (1st Cir. 1996) ("***Maine* law** . . . no longer rigidly adheres to the traditional labels of *extrinsic* and intrinsic *fraud* in determining which circumstances justify overturning a prior judgment. "); but see Society of Lloyd's v. Baker, 673 A.2d 1336, 1340-41 (Me. 1996) **("[C]ourts generally continue**

**to permit relief only when the alleged *fraud* is of the type formerly denominated as '*extrinsic*' *fraud* . .**

1.2i *Goddard v. Citibank*,93 the United States District Court for the Eastern 2011] *Fraud Exception to the* Rooker-Feldman *Doctrine* - District of New York cited *In re Sun Valley Foods Co.*'s **fraud exception as an example of how a plaintiff can state an "independent claim" under the Supreme Court's clarification in *Exxon Mobil*.** The plaintiff brought an action in federal court, alleging the foreclosure judgment from the state court was improperly entered and that she, as a result of the improper judgment, had suffered a battery of injuries. The court summed up the plaintiff's allegations as follows: "The gravamen of Plaintiff's claim is that [the defendants] . . . misrepresented the facts to the state court in the foreclosure proceeding, and that [the trial court's] acceptance of these misrepresentations . . . caused Plaintiff to suffer.. and violated her constitutional rights." The court .. allowed the plaintiff to proceed in her action for monetary damages, holding that her claims for damages "are of the type held by the Court in *Exxon Mobil* to be independent from the state court judgment, because they allege *fraud in the procurement* of the judgment." The court thus allowed a lawsuit to proceed in federal court when its central issue would be the legitimacy of the .. state court's foreclosure judgment. Furthermore, the central issues in the plaintiff's case were, without exception, issues of state law: the parties' rights under the mortgage, the application of [the state's] foreclosure laws, and state torts allegedly resulting from the state court's application of those laws.

STATE OF MAINE
OXFORD, ss.

DISTRICT COURT
SOUTH PARIS
CIVIL ACTION
DOCKET NO. SOPDC-RE-18-19

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
PLAINTIFF

v.

JUSTIN W. BURGESS A/K/A JUSTIN BURGESS
DEFENDANT

BK 5490 PG 287
11/04/2019 10:20:31 AM
Pages 4
FORECLOSURE
Instr # 13024
Cheryl I. Crockett Register of Deeds OXFORD COUNTY

Burgess
**Exhibit 11**
**NO SUMMONS**
Adv Proc. No. 19-02014

See **Exhibit 1**
State Court Case
Superior Court Docket No. RE-17-46
**SUMMONS**

This Judgment shows different case number than the one and only served Summons noted in Exhibit # 1 above.

State Defendant Justin W, Burgess was never served a Summons for this Docket no. SOPDC-RE-18-19

**This issue is not in compliance with MRS 14 § 6321 in order to state a claim for**

**JUDGMENT OF FORECLOSURE AND SALE**
**TITLE TO REAL ESTATE IS INVOLVED**

A True Copy Attest:
Clerk

[...]Gore Road, Otisfield, Maine 04270
[...]ern Oxford County Registry of Deeds Book 4578, Page 99

Upon notice and after trial, the Court finds as follows:

1. The Plaintiff is the owner of a certain promissory note in the [...]al principal amount of $122,448.00 (the "Note"), given by Justin W. [...]ess to Merrimack Mortgage Company, Inc., its successors and assigns. [...]laintiff is the owner and mortgagee of record of a Mortgage recorded in the [...]ern Oxford County Registry of Deeds in Book 4578, Page 99 (the [...]tgage"), affecting real property located at 456 Gore Road, Otisfield, Maine [...]0 more particularly described in the legal description attached to the [...]gage (the "Premises"). The Mortgage was assigned by Mortgage Electronic [...]tration Systems, Inc., as nominee for Merrimack Mortgage Company, Inc., [...]ccessors and assigns, to JPMorgan Chase Bank, National Association [...]nced by assignment recorded September 20, 2012 in Book 4896, Page [...] Said assignment was ratified by Ratification of Assignment, recorded July [...]015 in Book 5233, Page 133. The foregoing assignment, together with the [...]cation of Assignment, establish that the Plaintiff has full and complete [...]n and to the Mortgage.

2. The Defendant has breached the conditions of the Mortgage as a [...]t of a default on the Note secured thereby.

[...]: 287

Burgess
**Exhibit 12**
**CLERK CERTIFICATE**
Adv Proc. No. 19-02014

See **Exhibit 11**
State Court Case Superior Court Docket No. RE-17-46
**NO SUMMONS**

This Clerk Certificate shows different case number SOPSC-RE-17-46 than Exhibit # 11 NO SUMMONS one noted SOPDC-RE-19-18 for the purported summary judgment.

State Defendant Justin W, Burgess was never served a Summons for this Docket no. SOPDC-RE-18-19

**This issue is not in compliance with MRS 14 § 6321 in order to state a claim for foreclosure..."**

**CLERK'S CERTIFICATE OF FORECLOSURE**

456 Gore Road, Otisfield, ME 04270
Eastern Oxford County Registry of Deeds Book 4578, Page 99

I, Pat Graffam, ~~Clerk~~/Assistant Clerk of the South Paris District Court, located in South Paris do hereby certify that a civil action seeking a judgment of foreclosure and sale pursuant to 14 M.R.S.A. §6321 et seq., has been commenced in this Court by JPMorgan Chase Bank, National Association with an address of 3415 Vision Drive, Columbus, Ohio 43219 against Justin W. Burgess a/k/a Justin Burgess, to enforce a Mortgage granted by Justin W. Burgess and Jessica L. Gagne to Mortgage Electronic Registration Systems, Inc., as nominee for Merrimack Mortgage Company, Inc., its successors and assigns, dated April 15, 2010 and recorded in the Eastern Oxford County Registry of Deeds in Book 4578, Page 99, and affecting certain real property located at 456 Gore Road, Otisfield, ME 04270.

The action was filed on 9-27-17 and is docketed as # SOPSC-RE-17-46

Dated: 9-28-17

Pat Graffam
~~Clerk~~/Assistant Clerk
South Paris District Court
Print Name: Pat Graffam

After recording, return to:

SHAPIRO & MORLEY, LLC
707 Sable Oaks Dr., Suite 250
South Portland, Maine 04106
(207) 775-6223

14-021485

A True Copy Attest:
Michelle McGlaw
Clerk

# State of Maine

## Department of the Secretary of State

**I, the Secretary of State of Maine,** certify that according to the provisions of the Constitution and Laws of the State of Maine, the Department of the Secretary of State is the legal custodian of the Great Seal of the State of Maine which is hereunto affixed and the paper to which this is attached is a true copy from the records of this Department.

As of February 25, 2020 at 5:00 PM

*In testimony whereof,* I have caused the Great Seal of the State of Maine to be hereunto affixed. Given under my hand at Augusta, Maine March 1, 2020.

**Matthew Dunlap**
*Secretary of State*

Authentication: 924616-177244



**State of Maine**
**Department of the Secretary of State**
Bureau of Corporations, Elections and Commissions
101 State House Station, Augusta, Maine 04333-0101

**Division of Corporations and UCC**

## INFORMATION REQUEST REPORT

| | |
|---|---|
| Search Number: | 20200301S09000005 |
| Report Date/Time: | 03/01/2020 01:42 PM |
| Through Date/Time: | 02/25/2020 05:00 PM |
| Authentication: | 924616-177244 |

Search Criteria

| | |
|---|---|
| File Number: | 20191125109150267 |
| Certified: | Yes |
| Include Associated Filings: | No |
| Search Logic: | Non-Standard Search Logic |

**Disclaimer**

The attached report reflects all UCC records on file for the file number searched and other criteria as listed above. A limited search may not reveal all filings against the Debtor and the searcher bears the risk of relying on such a search.



**State of Maine**
**Department of the Secretary of State**
Bureau of Corporations, Elections and Commissions
101 State House Station, Augusta, Maine 04333-0101

**Division of Corporations and UCC**

Initial Financing Statement: 20191125109150267
Status: ACTIVE
Filing Date & Time: 11/25/2019 05:00 PM
Lien Type: STANDARD
Lapse Date: 11/25/2024
Original Lapse Date: 11/25/2024

Debtor: JUSTIN WADE DAGGETT A/K/A JUSTIN WADE BURGESS TRUST
456 GORE ROAD
OTISFIELD, ME 04270

Debtor: JUSTIN WADE DAGGETT A/K/A JUSTIN WADE BURGESS; NON-ADVERSE, NON-BELLIGERANT, NON-COMBATIVE PRIVATE FOUNDATION
456 GORE ROAD
OTISFIELD, ME 04270

Secured Party: JUSTIN-WADE BURGESS
C/O 456 GORE ROAD
OTISFIELD, ME [04270]

| Actions: | Filing Number | Filing Date | Pages |
|---|---|---|---|
| Initial Financing Statement | 20191125109150267 | 11/25/2019 | 1 |

**End of Information Request Report # 20200301S09000005**

Maine Secretary of State

Filing Number:
20191125109150267-42

Filing Date and Time:
11/25/2019 05:00PM

Number of Pages: 1

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

**Justin-Wade: Burgess**
**456 Gore Road**
**Otisfield, ME [04270]**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

1a. ORGANIZATION'S NAME
**JUSTIN WADE DAGGETT a/k/a JUSTIN WADE BURGESS TRUST**

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
|---|---|---|---|---|
| | | | | |
| **1c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |
| 456 Gore Road | Otisfield | ME | 04270 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

2a. ORGANIZATION'S NAME
**JUSTIN WADE DAGGETT a/k/a JUSTIN WADE BURGESS;** NON-ADVERSE, NON-BELLIGERANT, NON-COMBATIVE PRIVATE FOUNDATION

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
|---|---|---|---|---|
| | | | | |
| **2c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |
| 456 Gore Road | Otisfield | ME | 04270 | uSA |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

3a. ORGANIZATION'S NAME

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
|---|---|---|---|---|
| Burgess | Justin-Wade | | | |
| **3c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |
| c/o 456 Gore Road | Otisfield | ME | [04270] | uSA |

4. COLLATERAL: This financing statement covers the following collateral:

This is the entry of collateral by the Sovereign Trustee/Secured Party on behalf of the Trust/Estate; JUSTIN WADE DAGGETT a/k/a JUSTIN WADE BURGESS TRUST in the Commercial Chamber under necessity to secure the rights, titles(s), interest and value therefrom, in and of the Root of Title from inception, as well as all property held in trust including but not limited to DNA, cDNA, cell lines, retina scans, fingerprints and all Debentures, Indentures, Accounts, and all the Pledges represented by same included but not limited to the pignus, hypotheca, hereditments, res, the energy and all products derived there nunc pro tunc, contracts, agreements, and signatures and/or endorsements, facsimiles, printed, typed or photocopied of owner's name predicated on the "Straw-man", Ens legis/Trust/Estate described as the debtor and all property is accepted for value and is Exempt for levy. Included is one note to lender Merrimack Mortgage Company, Inc. with mortgage loan number 2000023286 and MINS no. 100158320000232868 dated 4/15/2010 for $122,488.00 with associated Mortgage on real property at 456 Gore Road, Otisfield, ME and recorded at East Oxford County Registry of Deeds with book 4578 and Page 99 on 4/20/2010. Lien placed on debtor entities is for all outstanding property still owed but not yet returned to trust from entities such as municipalities, governments and the like, not on trust entity itself. Trustee is not surety to any account by explicit reservation/indemnification. The following property is hereby registered and liened in the same. All Certificates of Birth Document 09284-o/2 ; SSN/UCC Contract Trust Account – prepaid account Number: 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; Exemption Identification Number: 007789773, is herein liened and claimed at a sum certain $100,000,000.00, also registered: Security Agreement No. 07151983-SRM-SA, Hol Harmless & Indemnity Agreement No. 07151983-SRM-HHIA, Copyright under item no: 07151983-SRM-CLC Adjustment of this filing is in accord with both public policy and the national Uniform Commercial Code. Trustee/Secured Party, Justin-Wade: Daggett, is living flesh and blood sojourning upon the soil of the land known as Maine, and not within fictional boundaries, territories nor jurisdiction of any fictional entity, maritime jurisdiction, including fictional Federal geometric plane(s). Trespass by any agent(s) foreign or domestic, by such in any scheme or artifice to defraud. Full reverence and by ALL AGENTS and Corporation is unambiguously demanded and required. Culpa est immiscerese rel ad se non pertienti. All property currently held are outstanding belongs to the Trust administered by Trustee/Secured Party, Title 46 USC 31343 and Article 1 and 5 of the International Convention on Maritime Liens and Mortgages 1993, Held at the Palis Des Nations, Geneva, from April 19 to May 5, 1992 United Nations (UN) This Maritime Line is under safe harbor and sinking funds provisions though the prescription of La of Necessity and the doctrines of unconscionably and La Mort Saisit le Vif in accordance with Applicable Law, Cardinal Orders, Ordinal Order and Commercial Standards.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box: ☐ Public Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☑ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

**AFFIDAVIT**

The undersigned Affiant, In Fact Justin, a man a/k/a Burgess: Justin-W., hereafter "Affiant", does solemnly swear, declare and state as follows:

Exhibit C

1. Affiant is competent to state the matters set forth herein.
2. Affiant has knowledge of the facts stated herein.
3. All facts herein are true, correct and complete, admissible as evidence and if called upon as a witness, Affiant will testify to their veracity.

**Plain statement of facts**

4. Affiant has no evidence of a claim of possession ***superior*** to the Affiant's claim for goods item called "the" genuine mortgage note to lender Merrimack Mortgage Company, Inc. dated 4/15/2010 for $122,488.00 and for goods item called "the" genuine mortgage with once given loan number 2000023286 and once given MINS no. 100158320000232868 on property at 456 Gore Road, Otisfield, ME, once recorded at East Oxford County Registry of Deeds with book 4578 and Page 99 on 4/20/2010. Affiant believes there is no superior claim than Affiant's said claim.
5. Affiant attests to recognizing the recorded Discharge of said purported mortgage described in item # 4 above recorded in the public at the Oxford County Registry of Deeds in South Paris Maine on 12/4/2019 in Book 5495 Page 760, see Exhibit -D-, Discharge and the recorded Waiver of Foreclosure recorded at same registry on 2/26/2020 in Book 5508 Page 930, see Exhibit -E-, Waiver.
6. Affiant attests to filing the UCC 1 Financing Statement with the Maine Secretary of State on 11/25/2019 with filing number 20191125109150267-42 noticing to the public Affiant's creditor status and possessory ownership interest in the security "note to lender Merrimack Mortgage

Company, Inc. with mortgage loan number 2000023286 and MINS no. 100158320000232868 dated 4/15/2010 for $122,488.00 with formerly associated purported Mortgage on property at 456 Gore Road, Otisfield, ME and recorded at East Oxford County Registry of Deeds with book 4578 and Page 99 on 4/20/2010". See attached Exhibit -B-, UCC1 Filing.

7. Affiant has not seen, physically touched or photographed any tangible, retrievable or visible evidence that JP Morgan Chase, National Association or its agent/s has/have/had possession of "the" genuine mortgage note and "the" genuine mortgage and Affiant believes that no such evidence exists.

8. In the past 18 months or more, Affiant has made numerous expressed requests for JP Morgan Chase, National Association to produce proof of possession and ownership and to deliver over to the Affiant the "the" genuine mortgage note and "the" genuine mortgage and JP Morgan Chase, National Association has not complied, see Exhibit A-, Bankruptcy Adv Pro Motion.

9. Affiant makes action of Writ of Replevin to Maine Superior Court to recover from JP Morgan Chase, National Association the wrongfully held goods called **the** genuine mortgage note and **the** genuine mortgage.

Justin W. Burgess
By: In Fact Justin, a man, a/k/a Burgess: Justin-W., all rights reserved

STATE OF Maine
COUNTY OF Androscoggin

14 (day) April (month), 2020

Then personally appeared In Fact Justin, a man, a/k/a Burgess: Justin-W. and acknowledged the foregoing instrument to be his free act and deed.

Before me,
Matthew F. Yates 04/14/2020
Notary Public

MATTHEW F. YATES
Notary Public, State of Maine
My Commission Expires September 9, 2026

Receipt # 185409
Bk 5495 PG 760
12/04/2019 01:13:57 PM
Pages 51
DISCHARGE
Instr # 15194
Cherri L Crockett Register of Deeds OXFORD COUNTY

Exhibit D

# DISCHARGE OF MORTGAGE

**Maine Statutory Short Form**

***KNOW ALL MEN BY THESE PRESENTS***, that **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**, with last known mailing address of 700 KANSAS LANE, MC 8000, MONROE LA 71203, holder of a mortgage given by **Justin W Burgess and Jessica L Gagne, husband and wife,** with mailing address of 456 Gore Road, Otisfield, ME 04270 that was originated April 15 2010, with Merrimack Mortgage Company, Inc. with Mortgage Electronic Registration Systems, Inc as Nominee for Merrimack Mortgage Company, Inc. and recorded on 4/20/2010 at the East Oxford County Registry of Deeds in Book 4578 Page 99 then assigned to JPMORGAN CHASE BANK, NATIONAL ASSOCIATION and with document date of 9/5/2012 and recorded on 9/20/2012 in the said registry in Book 4896 Page 136 and then a recorded RATIFICATION OF ASSIGNMENT dated 7/9/2015 and recorded on 7/20/2015 in said registry in Book 5233 and Page 133 then a recorded DIVORCE-ABSTRACT OF DECREE dated 6/3/2016 removing JESICA BURGESS with further commenced name JESICA LEA GAGNE from association of said mortgage, does hereby acknowledge that **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION** has received full payment and satisfaction of the same and of the debt hereby secured, and in consideration thereof does hereby ***cancel*** and ***discharge*** said mortgage, and ***release*** unto the said **Justin W. Burgess**, his heirs and assigns, forever, the premises therein described.

Justin W. Burgess makes appearance herein and below by virtue of the stipulations in the ADMINISTRATIVE DECLARATORY JUDGEMENT attached herein.

IN WITNESS WHEREOF, Justin W. Burgess has caused this instrument to be signed and sealed in her name and thereunto duly authorized, this 3 (day) of December (month), 2019 (year).

WITNESS

Stephen Mongahan

By: Justin Burgess

By: Justin W. Burgess

STATE OF MAINE

Androscoggin County, ss.

Date: 12/7/19

Personally appeared the above named Justin W. Burgess and acknowledged the foregoing instrument to be her free act and deed..

Before Me,

Notary Public/~~Attorney-At-Law~~

Printed Name: Kenneth J Hamilton

KENNETH J HAMILTON
Notary Public-Maine
My Commission Expires
September 29, 2024

SEAL

2

***ADMINISTRATIVE DECLARATORY JUDGMENT***

Justin W. Burgess: **Petitioner**
c/o LucasGraywolf Hamilton, 3rd Party Affidavit Witness
428 Merrow Rd
Auburn, ME 04210

To:

JPMorgan Chase Bank, National Association: **Respondent** and Principal
c/o Chase Records Center.
Attn: Correspondence Mail Code LA4-5555
700 Kansas Lane, Monroe, LA 71203-4774
Certified Mail # 7019 1130 0002 3115 3532 Witness [signature]

Andrew S. Canella : Attorney/**Agent for** Chase the **Respondent**/Principal
c/o Bendett & Mchugh
270 Farmington Avenue, Suite 171
Farmington, CT 06032
Certified Mail # 7018 1130 0002 3115 3549 Witness [signature]

Notice to Principal is notice to Agent

*Notice to Agent is notice to Principal*

1. Ref 1: **Respondent:** JPMorgan Chase Bank NA for Summary Judgment for DISTRICT COURT SOUTH PARIS CIVIL ACTION DOCKET NO. SOPDC-RE-18-19 a/k/a Court Case ID SOPSC RE 2017-00046 further reference as South Paris, Maine District Court SOPDC-RE-18-19 a/k/a SOPSC-*RE-17-46 JPMORGAN CHASE BANK, NATIONAL ASSOCIATION v. JUSTIN BURGESS.*

2. Ref 2: Maine U.S. Bankruptcy Court case Justin Wade Burgess 2:2019bk20092

SUMMARY
(Short Version)

On 9/25/2019 Respondent Chase made loan payoff presentment to Petitioner, Justin Burgess. The Petitioner then communicated back a conditional acceptance communication following a similar methodology as that specified in US UCC 3-501 presentment and response process. See attached Petitioner's COMERCIAL AFFIDAVIT dated 11/29/2019 for the history of communications and see AFFIDAVIT of Lucas Graywolf Hamilton for the mailing and witness process used and status of the Respondent's response.

Respondent has failed to respond as directed to the last communication titled **NOTICE #4, NOICE OF DEFAULT WITH 72 HOURS REQUEST TO CURE** dated 11/18/2019 and the next previous **NOTICE #3 CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE AND NOTICE OF CLARIFICATION AND MOFICATION OF MY TERMS, 2ND TIME, WITH NEW 10 DAY TIME EXTENSION** dated November 8, 2019 and all previous communications back to 9/26/2019. This non-response constitutes Respondent's inability to provide proof of claim to the statements in the said document package and constitutes Respondent's agreement with the facts stated in the Petitioner's Commercial Affidavit dated 9/27/2019.

Thus, by way of Claimants common law court of record, applying legal process similar to United States UCC 3-501 presentment rules, applying the authority of the U.S. Postal Service Certified Mail with receipt, applying Maine notary powers and other operation of law, the Respondent and its agents have contractually confessed by binding, unilateral acquiescence to the following:

1. There is no evidence from a living man or woman who makes claim of being personally injured by Claimant, who under sworn testimony, who under penalty of perjury, who with requisite

lawful standing to speak beyond hearsay to his/her claim of personal injury alleged by Wrongdoer's 3rd party hearsay claims on behalf of original alleged and decedent plaintiff in SOPDC-RE-18-19 a/k/a SOPSC-RE-17-46 JPMORGAN CHASE BANK, NATIONAL ASSOCIATION v. JUSTIN BURGESS.

2. Respondent, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION a/k/a/ Chase and it's agents, admit that the agents of origination loan with Merrimack Mortgage Company Inc to have:
   a. Provided a contract with Fraudulent Conveyance of language as noted in Title 18: U.S.C.S. -1001 and - 1002
   b. Used the Petitioner as an uninformed stooge to create a security instrument for other people to profit, kept it secret from Petitioner and didn't share profits owed to Petitioner, the creator of the instrument.
   c. Created a security disguised as a loan as said lenders at the table did not actually lend their money.
   d. Did not disclosed that the note was paid off at the closing table as a draft converted to an order by way of the qualified restrictive endorsement – i.e. a check was written and deposited as cash at the "closing table", a qualified banking entity.
   e. Loan closing agents wrongly failed to provide a cash receipt to Petitioner for the cash deposit nor complete and file the IRS form 8300 for cash payment issued/tendered.
   f. The actual money came from the trading of receivables/bonds via a pay forward, pre-established pooling and servicing agreement and the Petitioner was again the stooge who was tricked into being an unsubscribed, un-memorialized, undisclosed third party to a

contract to be the servicing agent that connected the pooling investors, the real parties in interest, to the securitized asset and alleged cash flows.

g. *Petitioner was secretly used as the indemnity to boost the investment marketing, to be the* indemnity target for the title insurance security derivative and the "lender's" pre-engineered default of their creation and their resulting tax forfeiture because the REMIC administrators failed to meet IRS and securitization requirements.

3. *The Respondent and its agents admit they are not in possession of **the** genuine note or **the*** genuine mortgage and are guilty of *conspiring* and *committing* the felony of Uttering Counterfeit Obligations or Securities as described by 18 U.S. Code § 472 and 18 U.S. Code § 371 which could be sufficient proximate Cause in a Civil RICO Claims Pleading not to mention 18 U,S, Code § 4 – Misprision of felony.

4. The Respondent and its agents admit that there is no lawful evidence that Petitioner owes on JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, Chase loan # 1876511514.

Given these contractual admissions above, the Petitioner is hereby acknowledged as the Creditor and the Respondent as the Debtor. Further, Petitioner, as creator of the investment instrument, has filed a UCC1 claim on the said mortgage bond instrument which reinforces his status as a Secured Creditor. It is further proclaimed that the restitution debt on the judgment instrument specified herein may also be filed as a UCC lien claim against the Respondent after seasoning as per Maine law requirements.

ACTION AND ORDER

Burgess: Justin Wade, a man, sui juris, one of the people of Maine, of his court of record, hereby submits to the public an ADMINISTRATIVE DECLATAORY JUDGEMENT against JPMorgan Chase Bank, National Association: as **Respondent**/Plaintiff in the Maine DISTRICT COURT SOUTH PARIS CIVIL ACTION DOCKET NO. SOPDC-RE-18-19 a/k/a Court Case ID SOPSC RE 2017-00046 and also as **Respondent**/alleged Creditor in Maine U.S. Bankruptcy Court case Justin Wade Burgess 2:2019bk20092.

With presentment of evidence to Maine Notary with signature and seal herein, a protest under **§952** and demand under **§953** of **Maine Title 4: JUDICIARY, Chapter 19: NOTARIES PUBLIC** are created.

from **http://www.mainelegislature.org/legis/statutes/4/title4sec952.html 11/19/2019**

**§952. Protests of losses; record and copies**

When requested, every notary public shall enter on record all losses or damages sustained or apprehended by sea or land, and all averages and such other matters as, by mercantile usage, appertain to his office, grant warrants of survey on vessels, and all facts, extracts from documents and circumstances so noted shall be signed and sworn to by all the persons appearing to protest. He shall note, extend and record the protest so made, and grant authenticated copies thereof, under his signature and notarial seal, to those who request and pay for them.

**953. Demand and notice on bills and notes**

Any notary public may, in behalf of any person interested, present any bill of exchange or other negotiable paper for acceptance or payment to any party liable therefor, notify indorsers or other parties thereto, record and certify all contracts usually recorded or certified by notaries, and in general, do all acts which may be done by notaries public according to the usages of merchants and authorized by law. He shall record all mercantile and marine protests by him noted and done in his official capacity. [1981, c. 456, Pt. A, §8 (AMD).] SECTION HISTORY 1981, c. 456, §A8 (AMD).

**§952 declared losses:** table1 below.

| Table 1 : Claimant losses incurred by Wrongdoer's non-disclosure of material facts | | |
|---|---|---|
| | | |
| $122,448 | | Loan principal paid off at closing |
| $500,000 | | ½ of estimated $1,000,000+ of profits to Wrongdoer and predecessor on the security the Claimant created |
| $100,000 | | recoupment for Claimant for paid-in principal, paid-in interest and Claimant's legal costs for foreclosure cases and bankruptcy cases incurred |
| $722,448 | | Partial SUM |
| **$2,167,344** | | Total Claim after treble damages multiplier |

**§953 declared demand:**

From the common law court of Petitioner, it is herby proclaimed that Respondent Chase and all past, present and future related Respondent agents or affiliates in this matter, now to be referred to as "The Enterprise", render final judgment between the entities and their privies as that of the highest courts,

considered res judicata and estoppels of record with an ADMINISSTRATIVE DECLARATORY JUDGMENT of:

1. nil debt on the JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, Chase loan # 1876511514.

2. granting to Justin Wade Burgess, the necessary power, title and authority to record the Administrative Declaratory Judgment as the instrument for the lien release and discharge of the alleged mortgage originated by Merrimack Mortgage Company Inc. recorded at the East Oxford County Registry of Deeds in South Paris, Maine in Book 4578 Page 99 on 4/15/2010 and later allegedly assigned to JPMORGAN CHASE BANK, NATIONAL ASSOCIATION as Chase loan # 1876511514 noted above.

3. granting to Justin Wade Burgess, the necessary power, title and authority to present the Administrative Declaratory Judgment instrument from my common law court of record as the Chase confessed evidence for Order to Vacate Summary Judgment, dated 12/12/2018 and Dismiss/Vacate with prejudice the subject case at South Paris, Maine District Court SOPDC-RE-18-19 a/k/a SOPSC-RE-17-46 JPMORGAN CHASE BANK, NATIONAL ASSOCIATION v. JUSTIN BURGESS. Being that Summary Judgment with notation DISTRICT COURT SOUTH PARIS CIVIL ACTION DOCKET NO. SOPDC-RE-18-19 is recorded at with Book 5490 and Page 287 at the Oxford County Registry of Deeds, South Paris, Maine and clerk certificate with notation as #SOPSC-RE-17-46 with Book 5371 and Page 108 at same said registry.

4. The Enterprise is/are now engaged in this binding, self-executing, irrevocable contractual agreement and are subject to fines, penalties, fees, taxes and other assessments, coupled with interest. *The losses stated at this date and itemized in Table 1 herein and this document* serves as a bill to The Enterprise for that amount to be paid to Justin Wade Burgess.

I, Justin Wade Burgess, am the preparer of this instrument and have made request of the undersigned notary to complete my protest under notary seal as per Maine state statue noted herein.

Witness

STATE OF Maine
COUNTY OF Androscoggin

By: Justin Burgess
By: Justin Wade Burgess, all rights reserved

~~November~~ December 3rd, 2019

Then personally appeared Justin Wade burgess and acknowledged the foregoing instrument to be her free act and deed.

Before me,

Notary Public

KENNETH J HAMILTON
Notary Public-Maine
My Commission Expires
September 29, 2024

SEAL

**COMMERCIAL AFFIDAVIT 11/29/2019**

The undersigned Affiant, Justin Wade Burgess, hereafter "Affiant", does solemnly swear, declare and state as follows:

1. Affiant is competent to state the matters set forth herein.
2. Affiant has knowledge of the facts stated herein.
3. All facts herein are true, correct and complete, admissible as evidence and if called upon as a witness, Affiant will testify to their veracity.
4. Affiant is of age of majority and one of the people of Maine.

**Plain statement of facts**

5. From 9/27/2019 to present, Affiant makes notice to Respondent JPMorgan Chase Bank NA and its agents of Affiant's conditional acceptance presentment to similar process of § 3-501 and § 3-505(a)(b) of the Unified Commercial Code, UCC, which creates evidence or presumption of dishonor.
6. Affiant does use third party affidavit witness, Lucas Graywolf Hamilton, to hand process and to itemize witness all communications to and from the entities.
7. All of Affiants communications are in writing and sent with USPS Certified mail and with detailed contents description and receipt time as stated in Affidavit of Lucas Graywolf Hamilton attached.
8. Affiant gives notice to Respondent JPMorgan Chase Bank NA and its agents that failure to respond and/or rebut would constitute acceptance and stipulation to the presentment and that Administrative Declaratory Judgment would issue certifying the confessions, admissions and stipulations as set forth in said presentment.

9. Affiant has no evidence that said communications were not delivered to Respondents and its agents via USPS or through the Maine U.S. Bankruptcy case 19-20092

10. Affiant has no evidence that a required response from Respondent JPMorgan Chase Bank NA and its agents regarding this said presentment exchange was fulfilled and witnessed.

Witness

By: Justin Burgess
By: Justin Wade Burgess, as man, all rights reserved

STATE OF Maine
COUNTY OF Andro Scoggin

November 29, 2019

Then personally appeared Justin Wade Burgess and acknowledged the foregoing instrument to be her free act and deed.

Before me,

Notary Public

# Affidavit of Lucas Graywolf Hamilton

I, in fact Lucas Graywolf Hamilton declare, and state I have personal knowledge about the facts herein; everything stated in this Affidavit of Truth is the truth, the whole truth, and nothing but the truth and all stated is correct, complete and not misleading.

Plain statement of the facts;

1. Starting on 9/27/2019, I agreed be the independent 3rd party affidavit witness to written and mailed communications emanating from Justin W. Burgess to and from Chase/its agents. For each presentment of communication, I administered the letter packing, labeling and sending via USPS certified mail with green card return proof of service post cards sent back to me at my independent mailing address. I was also tasked to be the agent for return response from Chase/its agents who were directed to mail to me at my address. For each mailing sent, I also completed a notarized sworn 3rd party affidavit with itemized list of contents with noted parties, dates and USPS numbers using USPS Certified mail with green postcard signed returned proof of delivery. On this date I witnessed the packing and mailing of CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE and COMMERCIAL AFFIDAVIT with USPS Certified mail number 7018 1130 0002 3110 9188 for JPMorgan Chase delivered on October 1, 2019 in MONROE, LA 71203 and mail number 7019 0700 0000 6989 2974 for Andrew S. Canella delivered on October 10, 2019 in Farmington, CT 06032.
2. On 10/21/2019 a second communication was sent labeled NOTICE # 2 CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE AND NOTICE OF CLARIFICATION AND MODIFICATION OF MY TERMS, WITH 5 DAY EXTENTSION with USPS with mail number 7019 0700 0001 6032 5791 to JPMorgan Chase delivered on October 24, 2019 in Monroe, AL 71203 and mail number 7019 0700 0001 6032 5807 for Andrew S. Canella delivered on October 23, 2019 in Farmington, CT 06032.
3. On 10/29/2019 a 3rd communication was sent labeled NOTICE # 3 CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE AND NOTICE OF CLARIFIACTION AND MODIFICATION OF MY TERMS, 2ND TIME, WITH NEW 10 DAY TIME EXTENSION with USPS with mail number 7019 0700 0001 6032 5814 to JPMorgan Chase delivered on October 31, 2019 in Monroe, AL 71203 and mail number 7019 0700 0001 6032 5685 for Andrew S. Canella delivered on October 31, 2019 in Farmington, CT 06032 with mail number 7019 0700 0001 6032 5692 for William B. Jordan delivered on October 31, 2019 in South Portland, ME with mail number 7019 0700 0001 6032 5708 for Hon Richard Mulhern delivered on October 31, 2019 in Lewiston, ME 04240 and additional recipients via regular mail. List of names on that document sent.
4. On 11/18/2019 a 4th communication was sent NOTICE #4 NOTICE OF DEFAULT WITH 72 HOURS TO CURE with USPS with mail number 7019 0700 0001 6032 6613 to JPMorgan Chase delivered on November 25, 2019 in Monroe, AL 71203 and mail number

7019 0700 0001 6032 6620 for Andrew S. Canella delivered on November 21, 2019 in Farmington, CT 06032 with mail number 7019 0700 0001 6032 6781 for William B. Jordan delivered on November 19, 2019 in South Portland, ME with mail number 7018 1130 0002 3115 3402 for Hon Richard Mulhern delivered on November 19,2019 in Lewiston, ME 04240 with mail number 7019 0700 0001 6032 6637 for Michael A. Fagone delivered on November 20, 2019 in Bangor , ME and additional recipients via regular mail. List of names on that document sent.

5. As of this date noted below, I have not witnessed any return response from the said Chase/its agents sent to me at my specified mailing address noted in the communications.

Witness

Lucas Graywolf Hamilton

Verified on this the 4 day of ~~November~~ December, two thousand and nineteen (2019). Before me, Susan L McNally a Notary Public in and for the County of Oxford, State of Maine; appeared ~~Justin W. Burgess~~ known and made known to me did affirm the truth of the facts herein stated and placed his signature on this document.

SUSAN L. McNALLY
Notary Public, Maine
My Commission Expires April 18, 2021

my commission expires: My Commission Expires April 18, 2021

Notary Public Signature

→ Lucas Graywolf Hamilton

SEAL



English
USPS.COM
Quick Tools
Mail & Ship
Track & Manage
Postal Store
USPS Tracking®
Track Another Package +
Track Packages Anytime, Anywhere
Get the free Informed Delive automated notifications on y
Tracking Number: 70181130000231109188
Status
Your item was delivered at 9:15 am on October 1, 2019 in MONROE, LA 71203.
Delivered
October 1, 2019 at 9:15 am
Delivered
MONROE, LA 71203
USPS.COM
Quick Tools
Mail & Ship
Track & Manage
Postal Store
USPS Tracking®
Track Another Package +
Track Packages Anytime, Anywhere
Get the free Informed Delive automated notifications on y
Tracking Number: 70190700000069892974
Status
Your item was delivered to an individual at the address at 10:21 am on October 1, 2019 in FARMINGTON, CT 06032.
Delivered
October 1, 2019 at 10:21 am
Delivered, Left with Individual
FARMINGTON, CT 06032

15



USPS.COM Quick Tools Mail & Ship Track & Manage Postal Store

## USPS Tracking®

**Track Another Package +**

Track Packages Anytime, Anywhere

Get the free Informed Delive automated notifications on y

**Tracking Number:** 70190700000160325791

**Status**

Your item was delivered at 8:58 am on October 24, 2019 in MONROE, LA 71203.

**Delivered**

October 24, 2019 at 8:58 am
Delivered
MONROE, LA 71203

**Get Updates**

USPS.COM

Quick Tools Mail & Ship Track & Manage Postal Store

## USPS Tracking®

**Track Another Package +**

Track Packages Anytime, Anywhere

Get the free Informed Delive automated notifications on y

**Tracking Number:** 70190700000160325814

**Status**

Your item was delivered at 9:00 am on October 31, 2019 in MONROE, LA 71203.

**Delivered**

October 31, 2019 at 9:00 am
Delivered
MONROE, LA 71203

**Get Updates**

16

  Mail & Ship Track & Manage Postal Store

## USPS Tracking®

Track Another Package +

Get the free Informed Delive
automated notifications on y

**Tracking Number:** 70190700000160325685

Your item was delivered to the front desk, reception area, or mail room at 10:52 am on October 31, 2019 in FARMINGTON, CT 06032.

**Status**

October 31, 2019 at 10:52 am
Delivered, Front Desk/Reception/Mail Room
FARMINGTON, CT 06032

## USPS Tracking®

Track Another Package +

Get the free Informed Delivery® feature to recei
automated notifications on your packages

**Tracking Number:** 70190700000160325692

**Status**

Your item was delivered to an individual at the address at 9:20 am on October 30, 2019 in SOUTH PORTLAND, ME 04106.

October 30, 2019 at 9:20 am
Delivered, Left with Individual
SOUTH PORTLAND, ME 04106

17



USPS.COM
Quick Tools
Mail & Ship
Track & Manage
Postal Store
Business
USPS Tracking®
Tracking
Track Another Package +
Track Packages Anytime, Anywhere
Get the free Informed Delivery® feature to receive automated notifications on your packages
Tracking Number: 70190700000160326613
Status
Delivered
Your item has been delivered to an agent at 8:18 am on November 25, 2019 in MONROE, LA 71203.
November 25, 2019 at 8:18 am
Delivered, To Agent
MONROE, LA 71203
Get Updates
Deli
USPS Tracking®
Tracking
FAQs >
Track Another Package +
Track Packages Anytime, Anywhere
Get the free Informed Delivery® feature to receive automated notifications on your packages
Learn More
Tracking Number: 70190700000160326620
Remove
Status
Delivered
Your item was delivered to the front desk, reception area, or mail room at 11:18 am on November 21, 2019 in FARMINGTON, CT 06032.
November 21, 2019 at 11:18 am
Delivered, Front Desk/Reception/Mail Room
FARMINGTON, CT 06032

18



# USPS Tracking®

Tracking FAQs >

Track Another Package +

Track Packages Anytime, Anywhere

Get the free Informed Delivery® feature to receive automated notifications on your packages

Learn More

Remove

**Tracking Number:** 70190700000160326781

**Status**

**Delivered**

Your item was delivered to an individual at the address at 10:26 am on November 19, 2019 in SOUTH PORTLAND, ME 04106.

November 19, 2019 at 10:26 am
Delivered, Left with Individual
SOUTH PORTLAND, ME 04106

**Get Updates**

# USPS Tracking®

Tracking FAQs >

Track Another Package +

Track Packages Anytime, Anywhere

Get the free Informed Delivery® feature to receive automated notifications on your packages

Learn More

Remove

**Tracking Number:** 70181130000231153402

**Status**

**Delivered**

Your item was delivered at 10:31 am on November 19, 2019 in LEWISTON, ME 04240.

November 19, 2019 at 10:31 am
Delivered
LEWISTON, ME 04240

**Get Updates**

19

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Andrew S. Cannella
270 Farmington Ave, Suite 171
Farmington, CT 06032

9590 9402 5447 9189 0017 30

2. Article Number (Transfer from service label)
7019 0700 0000 6989 2974

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X M. Spann ☑ Agent ☐ Addressee

B. Received by (Printed Name) M. Spann
C. Date of Delivery 10-1-19

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Insured Mail
Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JP Morgan Chase Bank,
National Association
% Chase Records Center
Attn: Correspondence Mailcode: LA4-5555
700 Kansas Lane, Moroe, LA 71203-4774

9590 9402 5250 9154 3099 97

7018 1130 0002 3110 9188

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) [illegible]
C. Date of Delivery 10-2-19

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Insured Mail
Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Hon. Richard Mulhern
Maine District Court
P.O. Box 1345
Lewiston, ME 04243-1345

9590 9402 5447 9189 0014 26

7019 0700 0001 6032 5708

COMPLETE THIS SECTION ON DELIVERY

A. Signature X Susan Benemen ☐ Agent ☐ Addressee

B. Received by (Printed Name) Susan Benemen C. Date of Delivery

LEWISTON ME 04240 OCT 31 2019 USPS

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

---

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Andrew S. Canella
270 Farmington Ave., Suite 171
Farmington, CT 06032

9590 9402 5447 9189 0014 64

2. Article Number

7019 0700 0001 6032 5807

COMPLETE THIS SECTION ON DELIVERY

A. Signature X M. Spann ☒ Agent ☐ Addressee

B. Received by (Printed Name) M. SPANN C. Date of Delivery 10-23-19

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

---

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JPMorgan Chase Bank, National Association c/o Chase Records Center, Attn. Correspondence Mail Code LA4-5555 700 Kansas Lane Monroe, LA 71203-4774

COMPLETE THIS SECTION ON DELIVERY

A. Signature X J Mundeller ☐ Agent ☐ Addressee

B. Received by (Printed Name) Mundweller C. Date of Delivery 10/24/19

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type ☐ Priority Mail Express®

21

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JPMORGAN CHASE BANK, NAT ASS
C/O CHASE RECORDS CENTER
ATTN: CORRESPONDENCE MAIL CODE
LA4-5555
700 KANSAS LANE, MONROE, LA
71203-4774

9590 9402 5447 9189 0014 57

2. Article Number (Transfer from service label)

7019 0700 0001 6032 5814

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) Mundwiller

C. Date of Delivery 10/31/19

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

---

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ANDREW S. CONELLA
270 FARMINGTON AVE
SUITE 171
FARMINGTON, CT 06032

9590 9402 5447 9189 0014 40

2. Article Number (Transfer from service label)

7019 0700 0001 6032 5685

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☑ Agent ☐ Addressee

B. Received by (Printed Name) M Spann

C. Date of Delivery 10-31-19

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
Mail Restricted Delivery 500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restric Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receip

---

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

William B. Jordan
Kode + Assoc. PC
707 Sable Oaks Dr. Ste 250
South Portland, ME 04106

9590 9402 5447 9189 0014 33

2. Article Number (Transfer from service label)

7019 0700 0001 6032 5692

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☑ Agent ☐ Addressee

B. Received by (Printed Name) John Lynch

C. Date of Delivery 10/30/19

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

22

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Michael A. Fagone
202 Harlow St. 3rd Floor
Bangor, ME 04401

9590 9402 5447 9189 0013 34

2. Article Number (Transfer from service label)

7019 0700 0001 6032 6637

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Dennis Lally ☑ Agent ☐ Addressee

B. Received by (Printed Name) Dennis Lally

C. Date of Delivery 11/20/19

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

---

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JPMORGAN CHASE BANK, N.A.
c/o CHASE RECORDS CENTER
Attn: Correspondence Mail Code LA4-5555
700 KANSAS Lane, MONROE, LA 71203-4774

9590 9402 5447 9189 0013 58

2. Article Number (Transfer from service label)

7019 0700 0001 6032 66--

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) Mundwiller

C. Date of Delivery 11/25/19

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

---

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Andrew S. Cavella
270 Farmington Ave Suite 171
Farmington CT 06032

9590 9402 5447 9189 0013 41

2. Article Number (Transfer from service label)

7019 0700 0001 6032 6620

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X M. Shann ☒ Agent ☐ Addressee

B. Received by (Printed Name) M Shann

C. Date of Delivery 11-21-19

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

23

THIIS IS A PRIVATE COMMUNICATION BETWEEN PARTIES

From: Justin W. Burgess
c/o LucasGraywolf Hamilton, 3rd Party Affidavit Witness
428 Merrow Rd
Auburn, ME 04210

11-18-19

To:
JPMorgan Chase Bank, National Association
c/o Chase Records Center.
Attn: Correspondence Mail Code LA4-5555
700 Kansas Lane, Monroe, LA 71203-4774
Tel: 1-888-310-1506
Certified Mail # 7019 0700 0001 6032 6613

Andrew S. Canella
270 Farmington Avenue, Suite 171
Farmington, CT 06032
Tel: 860 677 2868
Fax: 860 409 0626
Certified Mail # 7019 0700 0001 6032 6620

Michael A. Fagone, U.S. Bankruptcy Judge US Bankruptcy Court
District of Maine
202 Harlow Street, 3rd Floor
Bangor, ME 04401
Ref: Maine U.S. Bankruptcy Court case Justin Wade Burgess 2:2019bk20092
Certified Mail # 7019 0700 0001 6032 6637

.cc
And new additional parties added to this communication thread:

William B Jordan - Attorney for: JPMorgan Chase Bank NA for Summary Judgment Court Case ID SOPSC RE 2017-00046
Korde & Associates PC
707 Sable Oaks Drive Ste 250
South Portland, ME 04106
Certified Mail # 7019 0700 0001 6032 6781
Registered Mail # __________

Hon. Richard Mulhern – Judge for Summary Judgment Court Case ID SOPSC RE 2017-00046
Maine District Court
PO Box 1345, Lewiston, ME 04243-1345
Certified Mail # 7019 0700 0001 6032 6606
Registered Mail # __________

Leonard F Morley, Jr – Attorney for: JPMorgan Chase Bank NA
Korde & Associates PC
707 Sable Oaks Drive Ste 250

24
Pg 1

South Portland, ME 04106
Mailed on Date: 11-18-19 By: SEM

Santo Tongo – Attorney for: JPMorgan Chase Bank NA
Bendett & McHugh PC
30 Danforth St Suite 104
Portland, ME 04101
Mailed on Date: 11-18-19 By: SEM

Shannon Merrill - Attorney for: JPMorgan Chase Bank NA
Bendett & McHugh PC
30 Danforth St Suite 104
Portland, ME 04101
Mailed on Date: 11-18-19 By: SEM

Andrew John Schaefer - Attorney for: JPMorgan Chase Bank NA
Bendett & McHugh PC
30 Danforth St Suite 104
Portland, ME 04101
Mailed on Date: 11-18-19 By: SEM

Tammy Ham-Thompson – Judge
Maine District Court
26 Western Avenue, South Paris, ME 04281
Mailed on Date: 11-18-19 By: SEM

Patricia Fuller – Assistant Clerk
Maine District Court
26 Western Avenue, South Paris, ME 04281
Mailed on Date: 11-18-19 By: SEM

Pat Graffam – Clerk
Maine District Court
26 Western Avenue, South Paris, ME 04281
Mailed on Date: 11-18-19 By: SEM

Michelle M Racine – Clerk
Maine District Court
26 Western Avenue, South Paris, ME 04281
Mailed on Date: 11-18-19 By: SEM

Lance Walker – Justice
U.S. District Court, District of Maine
Edward T. Gignoux U.S. Courthouse
156 Federal Street
Portland, ME 04101
Mailed on Date: 11-18-19 By: SEM

Robert W. Clifford -Justice

25
Pg 2

Androscoggin County Courthouse
2 Turner Street, Auburn, Maine 04210
Mailed on Date: 11-18-19 By: SEM

Aaron Frey – Maine Attorney General
6 State House Station Augusta, ME 04333
Mailed on Date: 11-18-19 By: SEM

Philip Norman, Operations Manager
U.S. Bankruptcy Court, District of Maine
202 Harlow Street
Bangor, ME 04401

Notice to agency = notice to principle, Notice to principle = notice to agency

~~October~~ November 18, 2019

Also Ref: Maine U.S. Bankruptcy Court case Justin Wade Burgess 2:2019bk20092

**NOTICE # 4, NOTICE OF DEFAULT WITH 72 HOURS REQUEST TO CURE**

As of the writing of this communication today on 11/18/2019, my 3rd party Affidavit Witness of Communications, LucasGraywolf Hamilton, has not received any communication from those directed herein in the required format of a signed, sworn under penalty of perjury, under unlimited liability, point by point rebuttal of the statements and sworn facts provided in my communications.

With this letter, I give notice that you, your principal and its agents are in default of the **NOTICE # 3 , CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE AND NOTICE OF CLARIFIACTION AND MODIFICATION OF MY TERMS, 2ND TIME , WITH 10 DAY EXTENTION TIME EXTENTION** dated 10/29/2019.

It has been over 52 days since the original communication dated 9/27/2019 was sent.
It has been over 28 days since the NOTICE #2 communication dated 10/21/2019 was sent.
It has been over 20 days since the NOTICE # 3 communication dated 10/29/2019 was sent

26
PJS

You are instructed to respond to:

Justin W. Burgess
c/o LucasGraywolf Hamilton, Affidavit Witness of Communications
428 Merrow Rd
Auburn, ME 04210

As originally noted, I accept your payoff offer, as is or updated, under the following terms and conditions - that you provide the following proof of claim, responding on a point-by-point basis, via sworn affidavit, under your full commercial liability, signing under penalty of perjury attesting to the validity of the statements presented in this NOTICE #3 CONSTRUCTVE NOTICE OF CONDITIONAL ACCEPTANCE and that the facts stated in the attached Commercial Affidavit dated 9/27/2019 are true, correct, complete and not misleading. Mere declarations are an insufficient response. Please take notice that your response must be in writing and will only be recognized when addressed as/to: Justin W. Burgess, C/o LucasGraywolf Hamilton, Affidavit Witness of Communications, 428 Merrow Rd, Auburn, ME 04210. Your failure to provide proof of claim by sworn, complete point by point response, under unlimited liability, shall constitute a breach of this binding, self-executing, irrevocable contractual agreement and subject the breaching party to fines, penalties, treble damages, fees, taxes and other assessments, coupled with interest and expresses your acknowledgement and declaration of nil debt on this loan, the granting to me of the necessary power, title and authority to prepare and record the instrument that releases the loan on title with the registry of deeds and the necessary power, title and authority to have the said frivolous foreclosure case Summary Judgment Vacated and dismissed with prejudice and proof that I am a creditor and not a debtor in regards to this loan and my Bankruptcy case mentioned herein.

1. PROOF OF CLAIM; That lack of jurisdiction ***doesn't*** exist because:

    a. As I am a living, sui juris, man of age of majority and you have not presented the necessary living man or woman, making claim of personal harm suffered from me, making sworn non-hearsay testimony with personal information through direct interaction with me, under penalty of perjury, with lawful standing and title to speak to his/her claim of injury. Without proper title, Lawyers or others can't present for a legal fiction as those entities are considered diseased. Please refer to probate law and

27
Pg 9

"the **dead man's statute,** also known as a **dead man act** or **dead man's rule,** is a statute designed to prevent perjury in a civil case by prohibiting a witness who is an interested party from testifying about communications or transactions with a deceased person (a "decedent")". The so-called witness, Jeremy Summerford, at the Summary Judgment Trial hearing on 9/26/2018, made no claim of personal injury, demonstrated no necessary title to speak for a decedent, nor did he demonstrate any direct personal interaction with me and thus his testimony is **not fact** and is empty and meaningless on the record. Also refer to Trinsey v Pagliaro, D.C.Pa. 1964, 229 F.Supp. 647. "Statements of counsel in brief or in argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment."

b. Your foreclosure Summary Judgment case complaint is a substantive and procedural nullity and is frivolous on its face.

   i. There is no controversy because there is In Fact no contract as per U.S. House Joint Resolution 192. In year 1933, all Constitution specified lawful gold and silver coin money was removed and all U.S. debts were deemed pre-paid as consideration. With this absence of money, no consideration was offered to me and thus the original closing transaction paperwork fails as a contract. I offered the only thing of value, credit. Further, my signing the note created a cash instrument that was deposited at the "closing table", an entity with the status of a bank, which instantly zeroed out the loan balance, yet I was not given the requisite receipt for that nor the rightful credit for payoff. In off-book accounting from the liabilities side, which is how notes are held, **I am the creditor** and the **Wrongdoer, Chase, is the debtor**. Today, the term "dollars" only represents a unit of measure and not a species of lawful money. See Montgomery Wards v. Eugene Glasure case # 82-0022087 (1982) 52nd 3rd Judicial District Court of Michigan whereby the honorable Justice James P. Sheehy residing ruled that "coffee beans" is money, as he storms out of the court room shouting, "I don't care if you pay it in coffee beans just so long as you pay it.. This judge, as in many internationally

28

gs

unpublished state and federal cases, could not bring himself to violate the law in open court on record and declare Federal Reserve Notes to be legal tender in payment of debts. (outside exclusive federal territorial jurisdiction, i.e. Washington D.C.) so Glasure, a Michigan Native, paid the settlement, court costs, and a few other debts, in "Coffee Beans".

c. The plaintiff's standing is void as the commercial chain of transactions of the said loan and its title history is besmirched and bifurcated with un-clean hands and fraud ab intio. The note was paid off at closing. The original closing did not properly fund escrow to capture real title; thus the resulting securitization of the said note defrauded investors including me, the creator and donor of the instrument. Further, given the mechanical nature of credit default swaps, the loan went into default as soon as it closed and thus converted what was supposed to be a title insurance policy into a bond transacted as a security derivative which then again compromised real title. The real misdeed issue is actually **not about** a note or mortgage in foreclosure but **is about** the Chase managed REMIC (Real Estate Mortgage Investment Conduit) and the related Securitization Trust and transfer missteps invoking penalties and unpaid taxes on the asset. This phony foreclosure claim is really about Chase's interest in abandoning the property at the owner's demise to fund these costs that should have been transacted by Chase, the entity that more than likely benefited with an ROI in excess of 1000%; while I received nothing. Further, in the court transcripts of the Summary Judgment of Foreclosure trial hearing on 9/26/2018, the trail in which I was erroneously not invited to attend, the participants effectually admitted to uttering a false security when they describe the supposed security documents in hand in the four corners of that Trial Court room as being non-genuine as the paperwork was bifurcated, redacted and altered with other markings of post closing creation.

d. The original mortgage with Merrimack was initiated in 4/15/2010. The MERS assignment to Chase dated 9/5/2012 is void as MERS has no authority in the State of Maine to assign a mortgage or note as per Bank of America v Greenleaf et al 2014 ME Supreme Court Docket Cum-13-536. In addition to that, MERS successfully completed a State of Maine application for surrender of authority to do business in 2002 thus removing their legal authority to do anything in Maine. The last minute

29

phony retro **Ratification of Assignment** dated 7/9/2015 and recorded in Book 5233
Page 133 at the Oxford County Registry of deeds is an act of smoke and mirrors and
is clearly **an admission to the fraud** of MERS and Chase as per the effect of Bank
of America v Greenleaf 2014, ME 89

e.  I have reviewed the contents of the foreclosure file at the Oxford County District
Court house and in the accompaniment of 2 witnesses, found no evidence of signed
proof of service of notice to me alerting me of any of the 4+ tentatively scheduled
Notice of Trial court hearing dates leading up to and including the resulting
Summary Judgment trial I was also erroneously not invited to attend. This lack of
due process instantly created loss of jurisdiction. We also found no evidence that
there was ever **the** genuine mortgage or **the** genuine mortgage note in the file or at
the Court House.

2.  PROOF OF CLAIM; You have **the** genuine mortgage note and **the** genuine mortgage and
that you as the agent and your principal and all the related agents and their affiliates
including the court are not *conspiring* and *committing* the felony of Uttering Counterfeit
Obligations or Securities as described by 18 U.S. Code § 472 and 18 U.S. Code § 371 which
could be sufficient proximate Cause in a Civil RICO (Racketeer Influenced and Corrupt
Organizations Act) Claims Pleading not to mention 18 U.S. Code § 4 – Misprision of felony
for all sworn parties who have handled this court file and not reported these potential
criminal issues. I have listened to and read the Summary Judgment Court transcript and the
parties admit to not having **the** genuine documents as required per Maine State Foreclosure
Statute.

3.  PROOF OF CLAIM; At or before the original closing, a full disclosure was provided to me
that:
a)  the original lender, Merrimack Mortgage Company, is not actually lending me their
money with the loan
b)  I am the only party that brought value to the closing table with my signature and my
credit
c)  this is an investment contract disguised as a loan where my signature created the security
d)  I am the donor stooge who hands over the note endorsed in blank , a "cash" deposit

30

    e) the note is paid in full at the closing and resold afterwards creating income at 2,3, 4 or even 10 or more times the original loan amount to the original lender and assigns.

f) as the creator, I have proprietary, possessionary and property interest in the security and its proceeds as per UCC 8-102 and a claim of recoupment per UCC 3-306 and the Statute of Frauds

g) I have an interest in a financial asset as per UCC 3-306 and an adverse Claim as per UCC 8-108

h) I have a right to rescind and the forms H-8 or H-9 are provided to me as required

i) I am the burdened party targeted to pay the tax that the investor or its agents owe as the security is held using off-book accounting gymnastics to delay or avoid the payment of tax.

j) that with these off book accounting methods on the liabilities side, because I am the one who is the provider of value for the instruments' creation, I am actually the Creditor and Merrimack Mortgage Company and later the alleged assignees and now Chase is the Debtor.

4. PROOF OF CLAIM; These non disclosures, these misrepresentations mentioned in (2) above ***do not*** give me the right to recession under Reinstatement Second Series Contracts Section 164

5. PROOF OF CLAIM; You have proof of my written consent that I abandoned my claim of recoupment

6. PROOF OF CLAIM; The note and mortgage contract ***is not*** unconscionable, as in Maxwell vs. Fairbanks: Boston, Mass. – Where Federal bankruptcy judge found Fairbanks demanded money it was not owed, tried to foreclose on a note it did not legally possess.

7. PROOF OF CLAIM; 16 CFR Part 433 - PRESERVATION OF CONSUMERS' CLAIMS AND DEFENSES ***does not*** preserve claims for the note creator, me, which would define Chase as taking the note "subject to" and thus not be a holder in due course

31

[illegible]

8. PROOF OF CLAIM; That UCC 3-305-C ***does not*** say I have the right to not pay on the note because the person seeking enforcement, Chase, does not have the rights of a holder in due course.

9. PROOF OF CLAIM; a forensic review of the Cusip numbers on the court bonds that are being utilized for this case ***will not*** indicate the potential for financial **incentive** for the court to arbitrarily and capriciously favor the Wrongdoer, Chase.

10. PROOF OF CLAIM; If said **incentive** exists, ***it is not*** a potential salient "association in fact" RICO **"enterprise"** issue, as this Maine District Court exists as a "for profit" trading agency with IRS EIN (Employment Identification Number), D-U-N-S (Data Universal Numbering System) number, NAICS (North American Industry Classification System) number and a Cage Code (Commercial and Government Entity Code) number.

11. PROOF OF CLAIM; this Court ***does not*** operate under Maritime Admiralty Law which, in civil cases like this, relies on treating people as fictitious person or trust entities so as to deceptively pull them into the Court's trading jurisdiction without conscionable full disclosure.

12. PROOF OF CLAIM; this Court ***is not*** affiliated in any way with funding and administrative management or influence by the foreign agency known as the IMF (International Monetary Fund).

13. PROOF OF CLAIM; further accounting research on the Court ***may not*** also indicate if the administrative participants and their affiliates are lawfully holding and or trading the securities and lawfully assessing and paying the taxes owed, and that there is no inter-associate impartial "back scratching" up and down the ranks, so as to support the notion that they, the **"enterprise"**, are operating with clean hands as can be delineated by RICO standards.

14. PROOF OF CLAIM; that the sworn foreclosure court case administrative participants which comprise my new mail list of names used herein have a priority fiduciary interest for the constitutional due process of the people defendants over the interest for the Courts and or the interest in foreign source of influence like the IMF (International Monetary Fund) or membership with BAR (British Accreditation Regency), a membership some folks would qualify as an unconstitutional "Title of Nobility", Article 1 Section 10, with a membership secret language called legalese. Also, that all who received this letter operate with Modus Operandi to best minimize client and defendant billable hours by avoiding frivolous controversy and exploring a wide range of equitable expedient controversy resolution.

15. PROOF OF CLAIM; You have exercised all other useful remedies such as:
    a. The HJR 192 remedy of Acceptance for Value/Return for Value using IRS 1099 OID and other forms – as there is no alleged debt because it is pre-paid.
    b. Offering me the method of settling any alleged debt via my right to Subrogation using the case bond you created.
    c. Accepting and completing a short sale of the property as the property has been listed with realtor and buyer contract presented
    d. Offering the right of set off and recoupment as per Dodd Frank Legislation because my signature and credit is the thing that insures everything

16. PROOF OF CLAIM; that the creators and beneficiaries of the contract called the U.S. Constitution are the "People" as noted in it's preamble, that the Constitution was crafted by Original Jurisdiction Law, i.e. Common Law, that the Constitution by way of *Marbury v. Madison*, 5 U.S. 137, 1 Cranch 137, 2 L. Ed. 60 (1803), is the supreme law of the United States and that Government entities it created are agents of the State (i.e. Public Courts, Police etc.) that exist to serve the "People", and through *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) that there is a recognized duality of citizenship and that the "people" part exist as living man or woman with god given rights protected by the contract and thus protected by common law. Thus, the beneficiaries in the equation are the people, and the supreme law is that of original jurisdiction, common law, over that of statute or code and

33
Pg 16

that public courts exist as agents to serve the people and protect their rights under the contract via common law when properly invoked.

You, All Parties Noted Herein, and the principal, JPMorgan Chase Bank, National Association now have until November 23, 2019 to have delivery in hand to LucasGraywolf Hamilton, the Affidavit Witness of Communication, the requested response..

You, the principal, its agents and affiliates have seventy two ,72, hours from receipt of this new communication to respond on a point-by-point basis, via sworn affidavit, under your full commercial liability, signing under penalty of perjury attesting to the validity of the statements presented in my last communication **NOTICE # 3 , CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE AND NOTICE OF CLARIFIACTION AND MODIFICATION OF MY TERMS, 2ND TIME , WITH 10 DAY EXTENTION TIME EXTENTION** dated 10/29/2019 and the facts stated in the COMMERCIAL AFFIDAVIT dated 9/27/2019 are true, correct, complete and not misleading. Mere declarations are an insufficient response. There will be no extension of time considered and please take notice that your response must be in writing, in the format demanded above and will only be recognized when addressed as/to: Justin W. Burgess c/o LucasGraywolf Hamilton, Affidavit Witness of Communications, 428 Merrow Rd Auburn, ME 04210.

Failure to respond as defined herein will be deemed agreement with the facts stated in the attached Commercial Affidavit and an inability to prove your claim, thereby you, Chase, your agents of their affiliates and any other new or unmentioned related agents or affiliates, to collectively be referred to as "Your Enterprise", render a final judgment between the entities and their privies as that of the highest courts, considered res judicata and estoppels of record with Maine Title 4: JUDICIARY Chapter 19: NOTARIES PUBLIC § 952 Protest of Losses; record and copies and § 953 Demand & notice on bills creating the Bill of Exchange, with irrevocable contractual obligation, for Presentment of Administrative Declaratory Judgment of:

1.  nil debt on JPMorgan Chase Bank, National Association and it's loan # 187651154 and file the Administrative Declaratory Judgment as instrument of proof in Maine U.S.

34

Bankruptcy Court case Justin Wade Burgess 2:2019bk20092 that I am a creditor and not a debtor regarding said loan.

2. a granting to me of the power, title and authority to record the Administrative Declaratory Judgment from my common law Court of Record as the instrument for the lien release and discharge of the Merrimack Mortgage Company, Inc. with MERS, Mortgage and all assigns, i.e. Chase, with original Book 4578 Page 99 recorded on 4/20/2010 at the Oxford County Registry of Deeds, South Paris, Maine.

3. a granting to me of the power, title and authority to record the Administrative Declaratory Judgment as the instrument from my common law Court of Record, as the Order To Vacate Summary Judgment, dated 12/12/2018 and Dismiss with prejudice the subject case at South Paris, Maine District Court SOPDC-RE-18-19 a/k/a SOPSC-RE-17-46 JPMORGAN CHASE BANK, NATIONAL ASSOCIATION v. JUSTIN BURGESS associated with the Clerk Certificate with notation of docketed as # SOPSC-RE-17-46 which is recorded at the Oxford County Registry of Deeds, South Paris, Maine in Book 5371 and Page 108.

4. Your Parties have breached this binding, self-executing, irrevocable contractual agreement and are subject to fines, penalties, treble damages, fees, taxes and other assessments, coupled with interest.

This letter constitutes constructive notice to the recipient.
Notice to agency = notice to principle, Notice to principle = notice to agency

With this communication and the newly expanded parties associated with the processing of the said court cases that I am now addressing, I make notice and declare to all who reads this, I am not and do not wish to be a knowing, willing, intentional and with full disclosure party or member to any misdeeds or "enterprise" that can be associated with:

a. *committing* the felony of Uttering Counterfeit Obligations or Securities as described by 18 U.S. Code § 472

35
Pg 12

b. *conspiring* as described by 18 U.S. Code § 371

c. which together could be "sufficient proximate Cause" in a Civil RICO (Racketeer Influenced and Corrupt Organization Act) "enterprise" Claims Pleading under 18 U.S. Code Chapter 96 as per 18 U.S.C. § 1961-1968

Lastly, I remind again, any officer of the court of your obligation to report as per 18 U,S, Code § 4 – Misprision of Felony.

Sincerely,

By: Justin W. Burgess

By: Justin W. Burgess, as a man, suri juris

36
Pg 13

# CHASE FAX COVER SHEET

**Date:**9/25/2019

If you do not receive a clear transmission, please call us at the Customer Care number referenced below.

**Deliver To:** Justin W. Burgess

**Fax:** (207) 358-3085

**Sent From:** Chase (Mail Code OH4-7302)
P.O. Box 183222
Columbus, OH 43218-3222

**Confidentiality Notice:**

Per your request, the documents were sent via the fax number provided to Chase by you or your representative. If you do not receive any or all of the pages properly, please call us at (800) 848-9136. This transmission is only intended for the use of the individual or entity to which it is addressed, and may contain information that is confidential or privileged under law. If the reader of this message is not the intended recipient, you are hereby notified that retention, dissemination, distribution, disclosure, printing, copying, or use of any of the information contained in or attached to this fax is strictly prohibited. If you received this fax in error, please notify the sender immediately by telephone and destroy the original. Thank you.

37
Pg 16

Chase (Mail Code OH4-7302)
P.O. Box 183222
Columbus, OH 43218-3222

September 25, 2019

Justin W. Burgess
456 Gore Road
Otisfield, ME 04270

**We've enclosed the document(s) you requested**

Account: [redacted]
Property Address: 456 Gore Road
Otisfield, ME 04270-0000

Dear Justin W. Burgess:

Thank you for contacting us about this mortgage account. We've enclosed the documents you requested.

If you have questions, please call us or visit chase.com. We value our relationship with you and are happy to help with all your banking needs.

Sincerely,

Steve Brooks

Steve Brooks
Executive Director
Chase
1-800-848-9136
chase.com

Enclosures

Esta comunicación contiene información importante acerca de la cuenta. Si tiene alguna pregunta o necesita ayuda para traducirla, comuníquese con nosotros llamando al 1-855-280-4198.

CR31378
CC116

38
Pg 15

Chase
P.O. Box 183222
Columbus, OH 43218-3222

CHASE

**Payoff quote generated 21:30:43**

Thursday, September 26, 2019

JUSTIN W BURGESS
456 GORE RD
OTISFIELD,ME 04270

**Here's your payoff quote for your loan**
Account: [redacted]
Property Address: 456 GORE ROAD OTISFIELD,ME 04270

Dear Mortgagor(s):

We've enclosed your free payoff quote and important information about paying off your mortgage. We're sending you this quote because it was requested on your behalf, you requested it, or your payoff amount changed.

The total amount due to pay off this loan is $179,073.19, which is good through 10-26-19. If this date falls on a holiday or a non-working day, we'll consider the payment on time if made by 6 p.m. Eastern Time the next business day unless a foreclosure sale is scheduled for an earlier time. Please see the table below for details about the payoff amount:

| | | |
|---|---|---|
| Unpaid principal balance | | $115,253.93 |
| Deferred principal balance | | $0.00 |
| Interest per diem | | $16.97 |
| Interest due from | 2/1/14 | $35,545.60 |
| Pro rata MIP/PMI | | $0.00 |
| Escrow advance balance | | $19,111.17 |
| Restricted escrow balance | | $0.00 |
| Buydown subsidy/replacement reserve balance | | $0.00 |
| HUD subsidy balance | | $0.00 |
| CR life / original fee rebate | | $0.00 |
| Prepayment penalty | | $0.00 |
| Late charges | | $0.00 |
| Monthly late charge amount | $27.43 | |
| Insufficient funds (NSF) | | $0.00 |
| Other fees[1] | | $0.00 |
| Recording fee | | $0.00 |
| Demand fee | | $0.00 |
| Suspense | | $0.00 |
| Corporate advances[1] | | $9,162.49 |
| Incurred attorney fees[2] | | $0.00 |
| Incurred attorney costs[2] | | $0.00 |
| **Subtotal** | **10/26/19** | **$179,073.19** |
| | | |
| Estimated attorney fees | | $0.00 |
| Estimated attorney costs | | $0.00 |
| **Total Estimated Amounts** | | **$0.00** |
| **Total Payoff Amount Good through** | **10/26/19** | |

[1]Other fees and corporate advances include amounts such as property inspections, foreclosure fees and costs and valuations that may be charged as part of the terms of your loan documents and/or permitted by applicable law, or that were authorized for services we completed. If you need additional information about any of these amounts, please call us at one of the numbers below.

39
Pg 18

[2]Incurred attorney fees and costs include amounts that have been incurred and billed by the attorney or trustee but not yet charged to the account at the time the payoff quote was requested.

[3]This payoff statement shows the total amount you owe. However, you might not have to pay every fee for the lien to be released. For more information, please call us at 1-800-848-9380.

The amounts above are subject to final verification when we receive your payoff. If your loan is not up to date, all default-related activity may continue, and we may continue to charge fees and costs until the loan is paid off. If foreclosure activity has begun on your loan, we may continue this activity and there may be additional foreclosure charges.

Please send your payoff amount using one of these options below:

- By wire transfer to:

  Account name: JPMorgan Chase Bank, N.A.
  Attn: Payoff Processing
  Account number: [redacted]3729
  Routing number: 021000021

  Be sure to include the following information in the wire description:

  - Your Chase account number
  - The names of all customers listed on the loan
  - The property address
  - The representative's contact information

  You may be charged a fee by the wire transfer provider for this service.

- By mail to:

  Chase
  Attn: Payoff Processing
  Mail Code OH4-7124*
  3415 Vision Drive
  Columbus, OH 43219-6009

**For Cooperative Unit or New York Consolidation Extension and Modification Agreements, use Mail Code: OH4-2222*

If you have questions, please call us at one of the numbers below. We appreciate your business.

Sincerely,

Chase
1-877-838-1882
chase.com

Esta comunicación contiene información importante acerca de la cuenta. Si tiene alguna pregunta o necesita ayuda para traducirla, comuníquese con nosotros llamando al 1-877-838-1882.

Enclosure

**Important Information about Your Payoff**

1. If you have a closing date scheduled and the date changes, you should contact us to request a new payoff quote as soon as possible.

2. Please send a copy of this letter with your payment. You can use the address or wire transfer instructions above for payment information, or call us at 1-800-548-7912 if you have questions.

3. When we receive your payoff, we'll verify that it matches the payoff quote. If the loan is in default, the fees and costs incurred after the quote was issued may continue to be assessed until the loan is paid off.

40
By [illegible]

4. The payoff amount is subject to our final verification once we receive the payoff funds. Regardless of the "good through" date on this payoff quote, if the loan is in default, we may continue all default-related processes, including but not limited to foreclosure sale, and we may continue to assess all fees and costs incurred after this payoff quote is issued until the loan is paid in full. If you can't pay the amount listed in this letter, please call us at 1-800-848-9380 to discuss the assistance options that may be available. If you're paying off your loan as a result of a natural disaster, please call us at 1-800-848-9136 to see if we can offer you assistance.

5. We reserve the right , except where prohibited, to adjust the payoff amount and refuse any insufficient funds for any reason, including, but not limited to, error in calculation of the Total Payoff Amount, previously dishonored checks or money orders, stop payment of checks or pending automatic mortgage payments or additional payments we made between the date of this payoff quote and the date we received the funds.

**6. If you had a prior loan modification that included a Principal Reduction Alternative (PRA), you may be eligible to have your PRA forbearance canceled**

We'll reduce the unpaid principal balance of your loan by one-third of the initial PRA forbearance amount (a predetermined amount) if your loan is in good standing on the first, second and third anniversary dates of your trial period. This means if you continue to make your payments on time for three years, we'll cancel the entire PRA forbearance amount.

We'll deduct the unapplied PRA forbearance amount from your payoff balance if the loan is in good standing and you pay off the loan in full:

- Anytime 30 days after the modification effective date,
- After the PRA reporting and payment processes are available, and
- Before the payment of the entire PRA forbearance amount.

**Your payoff balance may increase if your payments are late**

Your loan can lose good standing if it becomes three full monthly payments past due. The loan can't be restored to good standing even if you pay the past-due payments and bring it up to date. If your loan loses good standing after your payoff request but before we receive the payoff, your actual payoff amount will be higher and you'll need to request a new quote.

7. **If your account has been referred to foreclosure**: The payoff figures listed above may include items we paid or that were incurred by the foreclosure law firm that are or will be due by the good-through date. If applicable, we've included estimated fees and costs that we expect to charge between now and the good-through date. These estimated fees and costs show what the amount will be if you pay off your loan by the good-through date. We only require you to pay the fees and costs actually incurred by the date we receive your payoff, as permitted by your loan documents or applicable law. If your payoff figure listed above includes any estimated fee or cost or other item and the amount we receive is more than enough to pay off your loan, we'll return any excess to you. However, if we receive less than the actual amount due, we reserve the right to return the payment and continue with the legal process. **Please call us at 1-800-848-9380 within 24 hours of making a payment to confirm the exact amount needed to pay off your mortgage.**

8. The payoff figure does not include estimates of non-attorney fees and costs that Chase may incur before or after the expiration of the quote. These may include but are not limited to amounts Chase may spend to avoid placement of homeowner-association and other liens, to pay delinquent homeowner-association fees, and to pay to inspect, value or preserve the condition of the property if applicable. The actual fees and costs incurred by Chase for these items may be assessed to your account at a later date. Please note if there are outstanding fees due on the loan that were not included in the quote, Chase will accept funds paid in response to this quote if funds received by the good through date.

9. All previous checks we may have received for your monthly payments must have cleared for the payoff amount listed in this letter to be valid. Please don't stop payment on any checks you've already mailed to us or cancel automatic mortgage payments before your loan is paid in full. If your loan hasn't been referred to foreclosure, late charges may continue to be assessed if payments aren't made before the late charge assessment date. You can call us at 1-800-548-7912 to determine if there are any late charges.

10. If we receive a payment that isn't enough to pay off the loan, we will return the funds.

11. We only require that you pay the fees and costs actually incurred as of the date of your payment. If the payoff amount above includes any anticipated fees and/or costs and is more than the actual amount due on the date we receive your payment, we'll return any overpayment to you.

12. If your loan has an escrow account, we'll continue to pay your insurance and/or tax payments until we receive the payoff amount. If we make escrow payments on the loan before the good through date listed above, you or your closing agent (if applicable) are responsible to pay any remaining amount needed to pay off the loan in full. If we receive a payment that's less than the amount needed to pay off the loan, we have the right to collect the shortage, or return the payment if the shortage amount isn't paid. We'll refund any remaining escrow balance or overpayment to the account. We won't transfer funds from your escrow account to any other account, unless you're refinancing with us.

41

13. **Restricted escrow funds:** Restricted escrow funds are made up of insurance claim proceeds that we received for your property. If we are holding any restricted escrow funds related to your loan, these funds may be used to pay off your account in full. If you intend to pay off your account in full with these funds, please sign and return the enclosed Letter of Authorization form. The completed form must be returned to our office before we can use the funds to pay off your account. If you use these funds to pay off your loan, you will not be able to use them to repair your property, and you will be responsible for paying any outstanding contractor invoices. The funds cannot be used to pay down or reduce the amount owed if you do not intend to pay off your account.

14. If we receive funds and apply them to pay off your account, but are then asked to return them because of a payoff rescission or for any other reason, unless prohibited by law, we'll charge a fee of $800 to restore your account on our system. We must receive this fee and applicable monthly payments due before we'll return the payoff funds. We also reserve the right to not return the payoff funds.

15. If we receive a payment on or before the good through date, we'll take action to discontinue the pending foreclosure activity and the foreclosure action initiated on this property will cease. We encourage you to call us at 1-800-548-7912 before you send your payment to make sure you're sending the exact amount needed to pay off your loan. After payoff, you may need to sign documents or take other actions to assist with the withdrawal of any foreclosure proceedings. **If a foreclosure sale is scheduled for your property, this letter doesn't extend or change the sale date.**

16. **FHA Partial Claim Home Affordable Modification Program (HAMP) modification agreement**
If you have a subordinate interest-free mortgage that was established as part of a HAMP partial claim agreement, you'll receive an additional quote several days later from Novad containing all of the information you need to pay off and release your existing second lien on the property. The second lien or FHA partial claim established from the delinquent amount must be paid off in addition to the first lien. Both quotes contain the most up-to-date information about your loan and the payoff amounts needed to pay it in full. Send the full payoff amount listed on the Chase quote to us, and send the full payoff amount for your subordinate quote to Novad. If you have questions about the partial claim payoff quote, please call Novad Partial Cash Management at 1-877-622-8525.

17. We'll send the lien release to your county recorder's office after we apply the payoff amount to your account. You're not required to call and request a lien release; however, you can request a copy from your county recorder's office 60 to 90 days after payoff. For more information, please call us at 1-866-756-8747 or write to us at:

Chase
Attn: Research Correspondence
780 Kansas Lane, Suite A
Monroe, LA 71203

**Important Legal Information**

If your account is not in bankruptcy, this communication is an attempt to collect a debt and any information obtained will be used for that purpose.

However, if you are currently in active bankruptcy status or to the extent your original obligation was discharged or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance with non-bankruptcy law and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. Nothing in this letter (including our use of the words "your," "loan," "mortgage," or "account") means that you're required to repay a debt that's been discharged. Any payment you make on the account is voluntary, but we may still have rights under the security instrument, including the right to foreclose on the property.

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

If you live in California and are not in bankruptcy: The California Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP (1-877-382-4357) or ftc.gov.

CR26148
DQ600

42
Pg 21



**Mortgage Mailing Address Change Form**

**If your mailing address has changed, please fill out this form and send it to:**

**Mail:** Chase (Mail Code OH4-7302)
P.O. Box 24696
Columbus, OH 43224

**Fax:** 1-614-422-7575

Chase Mortgage Account Number: [redacted]

Mortgagor Name(s): JUSTIN W BURGESS , ______________________

**New Contact Information:**

Mailing Street Address: ______________________

City: ______________ State: ______ ZIP: ______

Customer Requesting Change (Print Name): ______________________

Customer's Signature: ______________________ Date: ______________

Please call us at 1-800-848-9136 for any other changes.

43
Bg22

**COMMERCIAL AFFIDAVIT**

The undersigned Affiants, Justin W. Burgess, hereinafter "Affiant", does solemnly swear, declare and state *as follows:*

1. Affiant is competent to state the matters set forth herein.
2. Affiant has knowledge of the facts stated herein.
3. All the facts herein are true, correct and complete, admissible as evidence and if called upon as a witness, Affiant will testify to their veracity.

**Plain Statement of Facts**

4. I am over the age of eighteen and a resident of Otisfield, Maine.

5. There is no evidence from a man or woman, who can come forward, under oath, under penalty of perjury, who makes claim of injury regarding the alleged debt purported by Chase and Affiant believes that no such evidence exists.

6. I am not a lawyer, I do not speak legalese and I do not want a lawyer.

7. I am not the writer of the original loan and mortgage documents yet I am conscripted into the role of Trustor or Creator or Donor and yet the documents give away my rights. Merrimack Mortgage Company and its agents, as the originator of the Chase loan, provide no disclosure of this to me of this at time of closing.

8. At the time of the closing, the agents that wrote the documents did so with no concern about the possibility of Fraudulent Conveyance of language as noted with TITLE~18: U.S.C.S.~1001 AND~1002, as I was not given any list of definitions or other assistance for understanding the words on the closing paperwork that had multiple meaning or void meaning.

9. At time of closing, I am not informed that Merrimack Mortgage Company is not actually lending me their money but instead I am simply their stooge to create a security for them to significantly profit

10. At time of closing, I am not informed that this security created with my signature was not funded by or expensed to Merrimack Mortgage Company; i.e. its creation was not even a cost to Merrimack Mortgage Company.

44

11. At time of closing, I was not informed that this security created provided an instant profit to Merrimack Mortgage Company at over 100% of the loan amount and in time perhaps provided a profit over 1000% of the loan amount to Merrimack Mortgage Company and or others regardless of whether I made a payment or not.

12. I am not aware of non-disclosure items numbered 7. through 11. above before I am a receiver of any money from this loan.

13. There is no evidence that I knowingly, willingly, intentionally with full disclosure granted jurisdiction to any court regarding this mortgage and Affiant believes that no such evidence exists.

14. There is no evidence that I was granted due process when I was not invited to the summary judgment foreclosure hearing and Affiant believes that no such evidence exists.

15. There is no evidence of Chase having possession of the genuine note and the genuine mortgage and Affiant believes that no such evidence exists.

16. There is no evidence that I owe Chase on account mortgage loan # 1[redacted]514.

IN WITNESS WHEREOF I hereunto set my hand and seal on this 27th day of September, 2019 and hereby certify all the statements made above are true, correct and complete.

Witness ____ Witness 11-29-2019

By: Justin W. Burgess

By: Justin W. Burgess Re-Affirmed 11/29/2019

State of ME

County of Androscoggin ss. September (Month), 27th (day), 2019

Re-Affirmed November 29 2019

Personally appeared before me the above-named Justin Burgess and acknowledged the foregoing instrument to be of his/her/their own free act and deed.

Before me,

Attorney/Notary of Public

Notary

KENNETH J HAMILTON
Notary Public-Maine
My Commission Expires
September 29, 2024

KARA L. ELWELL
Notary Public-Maine
My Commission Expires
July 20, 2026

45

Original copy with Bankruptcy Court - This Copy for Recording

**3RD PARTY WITNESS CERTIFICATE OF SERVICE** 9-27-2019

It is hereby certified, that on the date noted below, the undersigned 3RD Party Witness mailed to:

JPMorgan Chase Bank, National Association
c/o Chase Records Center.
Attn: Correspondence Mail Code LA4-5555
700 Kansas Lane, Monroe, LA 71203-4774

hereinafter, "Recipient," the documents and sundry papers pertaining to a certain Chase payoff statement regarding Justin W. Burgess as follows:

1. **CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE,** issued by Justin W. Burgess and dated September 27, 2019; and
2. **COMMERCIAL AFFIDAVIT,** issued by Justin W. Burgess and dated September 27, 2019; and
3. **Chase payoff statement from Steve Brooks of Chase,** dated on or about September 25, 2019; and
4. reference copy of this **3rd Party Affidavit Witness and Certificate of Service** (signed original on file)

by Certified Mail No. 7018 1130 0002 3110 9188 Return Receipt attached by placing same in a postpaid envelope properly addressed to Recipient at the said address and depositing same at an official depository under the exclusive face and custody of the U.S. Postal Service within the State of California.

Lucas Graywolf Hamilton 11/29/19

Lucas Graywolf Hamilton
By: LucasGraywoff Hamilton, as 3rd Party Affidavit Witness
November 29 2019

State of Maine
County of Androscoggin ss.

September (Month), 27 (day), 2019

Personally appeared before me the above-named Lucas Graywolf Hamilton and acknowledged the foregoing instrument to be of his/her/their own free act and deed.

Before me,

Attorney/Notary of Public

SUSAN L. McNALLY
Notary Public, Maine
My Commission Expires April 18, 2021

SUSAN L. McNALLY NOTARY PUBLIC

Original Filed with Court
Re-Affirm for use to Record at Registry

SUSAN L. McNALLY
Notary Public, Maine
My Commission Expires April 18, 2021

SUSAN L. McNALLY NOTARY PUBLIC

46

**3RD PARTY WITNESS CERTIFICATE OF SERVICE** 10-21-2019

It is hereby certified, that on the date noted below, the undersigned 3RD Party Witness mailed to:

JPMorgan Chase Bank, National Association
c/o Chase Records Center.
Attn: Correspondence Mail Code LA4-5555
700 Kansas Lane, Monroe, LA 71203-4774

hereinafter, "Recipient," the documents and sundry papers pertaining to a certain Chase payoff statement regarding Justin W. Burgess as follows:

| Pages: | Item Description |
|---|---|
| 1-3 | **NOTICE #2, CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE AND NOTICE OF CLARIFICATION AND MOFICATION OF MY TERMS (WITH 5 DAY TIME EXTENSION),** issued by Justin W. Burgess and dated October 21, 2019; and |
| 4 | **3rd Party Affidavit Witness and Certificate of Service** by LucasGraywold Hamilton dated October 21, 2019 (signed original on file) |
| 5-19 | Copy of the communication dated 9/27/2019 with: Chapter 7 case 19-20092 **Proof of Claim of Debt** pleading, **CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE, COMMERCIAL AFFIDAVIT,** issued by Justin W. Burgess and dated September 27, 2019; and **Chase payoff statement from Steve Brooks of Chase,** dated on or about September 25, 2019; and copy of **3rd Party Affidavit Witness and Certificate of Service** by LucasGraywolf Hamilton dated 9/27/2019 |

by Certified Mail No. 7019 0700 0001 6032 5791 Return Receipt attached by placing same in a postpaid envelope properly addressed to Recipient at the said address and depositing same at an official depository under the exclusive face and custody of the U.S. Postal Service within the State of California.

[signature]
By: LucasGraywolf Hamilton, as 3rd Party Affidavit Witness

State of Maine
County of Androscoggin ss.

October (Month), 21 (day), 2019

Personally appeared before me the above-named Lucas Graywolf Hamilton and acknowledged the foregoing instrument to be of his/her/their own free act and deed.

Before me,

Debra J. Fantozzi
Attorney/Notary of Public

DEBRA J. FANTOZZI
Notary Public, Maine
My Commission Expires May 28, 2026

NOTARY PUBLIC MAINE

47

**3RD PARTY WITNESS CERTIFICATE OF SERVICE** 10-29-2019

It is hereby certified, that on the date noted below, the undersigned 3RD Party Witness mailed to:

JPMorgan Chase Bank, National Association
c/o Chase Records Center.
Attn: Correspondence Mail Code LA4-5555
700 Kansas Lane, Monroe, LA 71203-4774
Certified Mail # 7019 0700 0001 6032 5814
~~Registered Mail~~ # ____________________

Andrew S. Canella
270 Farmington Avenue, Suite 171
Farmington, CT 06032
Certified Mail # 7019 0700 0001 6032 5685
~~Registered Mail~~ # ____________________

William B Jordan - Attorney for: JPMorgan Chase Bank NA
Korde & Associates PC
707 Sable Oaks Drive Ste 250
South Portland, ME 04106
Certified Mail # 2019 0700 0001 6032 5692
~~Registered Mail~~ # ____________________

Hon. Richard Mulhern – Judge for Summary Judgment Court Case ID SOPSC RE 2017-00046
Maine District Court
PO Box 1345, Lewiston, ME 04243-1345
Certified Mail # 7019 0700 0001 6032 5708
~~Registered Mail~~ # ____________________

hereinafter, "Recipient," the documents and sundry papers pertaining to a certain Chase payoff statement regarding Justin W. Burgess as follows:

| | Pages: | Item Description | |
|---|---|---|---|
| 1-13 | ~~15~~ pages (13) | **NOTICE #3, CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE 2ND TIME (WITH 10 DAY ADDITIONAL TIME EXTENSION)**, issued by Justin W. Burgess and dated October ___, 2019; and | 48 |
| 14-15 | ~~5~~ pages (2) | Copy of the **COMMERCIAL AFFIDAVIT** issued by Justin w. Burgess on 9/27/2019 and filed into bankruptcy case # 19-20092 and | |

~~15~~ 16

7 pages 18-24 — **Chase payoff statement from Steve Brooks of Chase,** dated on or about September 25, 2019; and

2 pages 16-17 — copy of **3rd Party Affidavit Witness and Certificate of Service** by LucasGraywolf Hamilton dated 10/29 /2019

by Certified Mail No. as noted herein with contents witnessed as described above and placing same in a postpaid envelope properly addressed to Recipient at the said address and depositing same at an official depository under the exclusive face and custody of the U.S. Postal Service within the State of Maine.

Lucas Graywolf Hamilton
By: LucasGraywolf Hamilton, as 3rd Party Affidavit Witness

State of Maine
County of Androscoggin ss.

October (Month), 29 (day), 2019

Personally appeared before me the above-named Lucas Graywolf Hamilton and acknowledged the foregoing instrument to be of his/her/their own free act and deed.

Before me,

SUSAN L. McNALLY
Notary Public, Maine
My Commission Expires April 18, 2021

~~Attorney~~/Notary of Public

SUSAN L. McNALLY NOTARY PUBLIC

49

17

# 3RD PARTY WITNESS CERTIFICATE OF SERVICE

It is hereby certified, that on the date noted below, the undersigned 3RD Party Witness mailed to:

11-18-2019

JPMorgan Chase Bank, National Association
c/o Chase Records Center.
Attn: Correspondence Mail Code LA4-5555
700 Kansas Lane, Monroe, LA 71203-4774
Certified Mail # 7019 0700 0001 6032 6613
Registered Mail # ______________________

Andrew S. Canella
270 Farmington Avenue, Suite 171
Farmington, CT 06032
Certified Mail # 7019 0700 0001 6032 6620
Registered Mail # ______________________

William B Jordan - Attorney for: JPMorgan Chase Bank NA
Korde & Associates PC
707 Sable Oaks Drive Ste 250
South Portland, ME 04106
Certified Mail # 7019 0700 0001 6032 6781
Registered Mail # ______________________

Hon. Richard Mulhern – Judge for Summary Judgment Court Case ID SOPSC RE 2017-00046
Maine District Court
PO Box 1345, Lewiston, ME 04243-1345
Certified Mail # 7019 0700 0001 6032 ~~6066~~ 6606
Registered Mail # ______________________

Michael A. Fagone, U.S. Bankruptcy Court Judge
District of Me
202 Harlow St, 3rd Floor, Bangor, ME 04401
Certified Mail # 7019 0700 0001 6032 6637

hereinafter, "Recipient," the documents and sundry papers pertaining to a certain Chase payoff statement regarding Justin W. Burgess as follows:

| Pages: | Item Description |
|---|---|
| 15 pages | **NOTICE # 4, NOTICE OF DEFAULT WITH 72 HOURS REQUEST TO CURE,** issued by Justin W. Burgess and dated November ___, 2019; and |
| 5 pages | Copy of the **COMMERCIAL AFFIDAVIT** issued by Justin w. Burgess on 9/27/2019 and filed into bankruptcy case # 19-20092 and |

50

Pg23

7 pages **Chase payoff statement from Steve Brooks of Chase,** dated on or about September 25, 2019; and

2 pages copy of **3rd Party Affidavit Witness and Certificate of Service** by LucasGraywolf Hamilton dated 11/ 18 /2019

by Certified Mail No. as noted herein with contents witnessed as described above and placing same in a postpaid envelope properly addressed to Recipient at the said address and depositing same at an official depository under the exclusive face and custody of the U.S. Postal Service within the State of Maine and getting USPS green card signed delivery card back.

Lucas Graywolf Hamilton
By: LucasGraywolf Hamilton, as 3rd Party Affidavit Witness

State of Maine
County of Androscoggin ss. November (Month), 18 (day), 2019

Personally appeared before me the above-named Lucas Graywolf Hamilton and acknowledged the foregoing instrument to be of his/her/their own free act and deed.

Before me,

Attorney/Notary of Public

MEGHANNE NADEAU
Notary Public, Maine
My Commission Expires
November 8, 2025

MEGHANNE NADEAU NOTARY PUBLIC MAINE

51
Pg 29



Receipt # 187733

Bk 5508 PG 930
02/26/2020 11:53:37 AM
Pages 46
MISCELLANEOUS
Instr # 2162
Cherri L Crockett Register of Deeds OXFORD COUNTY

Exhibit E

WAIVER OF FORECLOSURE

KNOW ALL BY THESE PRESENTS, that WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST F, located at 1600 SOUTH DOUGLASS ROAD, SUITE 200-A, ANAHEIM, CA 92606, being an assignee of mortgage assignor JPMORGAN CHASE BANK NATIONAL ASSOCIATION located at 700 KANSAS LANE, MC 8000, MONROE, LA 71203 with said assignment recorded in Oxford County Registry of Deeds in Book 5502 and Page 712 on 1/14/2020 regarding the real property owned by Justin W. Burgess with address 456 Gore Rd, Otisfield, ME ("the Premises");

For alleged breach of the condition of the Mortgage, the said Assignor initiated a foreclosure action against Burgess in the Oxford County Superior Court, Civil Action Docket No. SOPSC-RE-17-46 dated 9/28/2017, and recorded a Clerk's Certificate in said Registry of Deeds in Book 5371, Page 108 and converted to Oxford County District Court, Civil Action Docket No. SOPDC-RE-18-19 and recorded Judgment of Foreclosure and Sale Title of Real Estate Involved dated 12/12/2018 and recorded in said Registry of Deeds in Book 5490, Page 287; and

Assignee consented to the Burgess ADMINISTRATIVE DECLARATORY JUDGEMENT attached granting Burgess the right, title and power to abandon the foreclosure of the mortgage at this time;

NOW THEREFORE, the Assignee does hereby, under the terms of ADMINISTRATIVE DECLARATORY JUDGEMENT, and in consideration of, waive the above-referenced foreclosure action and releases unto Burgess, his heirs and assigns, the Premises, subject to the alleged mortgage assignment.

IN WITNESS WHEREOF, Assignee WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST F has cause this instrument

to be executed by Justin W. Burgess as per the terms of the ADMINISTRATIVE DECLARATORY JUDGEMENT attached, this day 24 or February, 2020.

SIGNED, SEALED AND DELIVERED

WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST F

Justin Burgess

By: Justin Wade Burgess, a man

State of Maine
Androscoggin county, SS.

February 24, 2020

Then personally appeared the above-named Justin Wade Burgess and acknowledged the foregoing instrument to be his free act and deed in his said capacity.

Before me,

Kara Elwell

Notary Public
Printed Name Kara Elwell
My Commision expires: July 26, 2026

KARA L ELWELL
Notary Public-Maine
My Commission Expires
July 26, 2028

SEAL

2 of 346

# ***ADMINISTRATIVE DECLARATORY JUDGMENT***

From:
Justin W. Burgess: **Petitioner**
c/o LucasGraywolf Hamilton, 3rd Party Affidavit Witness
428 Merrow Rd
Auburn, ME 04210

To:
Andrew S. Canella : Attorney/**Agent for** WILMINGTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F the **Respondent**/Principal
c/o Bendett & Mchugh
270 Farmington Avenue, Suite 171
Farmington, CT 06032
Certified Mail # 7019 1640 0000 2363 1603 Witness Stephen Monaghan
2/26/2020
43 pages

Notice to Principal is notice to Agent

Notice to Agent is notice to Principal

Ref 1: **Respondent:** WILMINGTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F Bank NA for (EF 68) NOTICE OF APPEARANCE AND REQUEST FOR ALL NOTICES AND PLEADINGS dated 1/7/2020 in bankruptcy case 19-20092 Justin Wade Burgess Debtor and/or case 19-02014 Justin Wade Burgess, Plaintiff v. JP Morgan Chase Bank Nat. Assoc., Defendant.

SUMMARY
(Short Version)

1. On 1/7/2020 Respondent WILMINGTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F, through its attorney Andrew S. Canella, made presentation of request (EF 68) NOTICE OF APPEARANCE AND REQUEST FOR ALL NOTICES AND PLEADINGS dated 1/7/2020 in bankruptcy case 19-20092 Justin Wade Burgess Debtor and/or case 19-02014 Justin Wade Burgess, Plaintiff v. JP Morgan Chase Bank Nat. Assoc., Defendant.
2. On 1/15/2020, in response to the above, Justin W. Burgess, further referred to as Petitioner, then provided CONTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE, 5 pages, to attorney Andrew S. Canella for WILMINGTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F, further referred to as Respondent, requiring proof of claim response via sworn affidavit, under penalty of perjury and unlimited liability. The conditional acceptance communication follows a similar methodology as that specified in US UCC 3-501 presentment and response process. See attached Petitioner's COMERCIAL AFFIDAVIT dated 2/24/2020 for the history of communications and see AFFIDAVIT of Stephen Monaghan for the mailing process and AFIDAVIT of Lucas Graywolf Hamilton for the status of the Respondent's response.
3. On 1/22/2020 a second communication was sent from Petitioner to Respondent.
4. On 2/4/2020 a third communication was sent from Petitioner to Respondent.
5. On 2/18/2020 a third and final communication was sent from Petitioner to Respondent making notice of default with 72 hours to cure.
6. As of this writing on 2/24/2020, the 72 hours to cure time has passed and default terms are now effective.

ACTION AND ORDER

Burgess: Justin Wade, a man, sui juris, one of the people of Maine, of his court of record, hereby submits to the public an ADMINISTRATIVE DECLATAORY JUDGEMENT against WILMINGTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F: as **Respondent/Defendant** alleged Creditor now converted to Debtor in Maine U.S. Bankruptcy Court Adverse Proceeding Bankruptcy case of Justin Wade Burgess 19-2014.

With presentment of evidence to Maine Notary with signature and seal herein, a protest under **§952** and demand under **§953** of **Maine Title 4: JUDICIARY, Chapter 19: NOTARIES PUBLIC** are created.

from **http://www.mainelegislature.org/legis/statutes/4/title4sec952.html 11/19/2019**

**§952. Protests of losses; record and copies**

When requested, every notary public shall enter on record all losses or damages sustained or apprehended by sea or land, and all averages and such other matters as, by mercantile usage, appertain to his office, grant warrants of survey on vessels, and all facts, extracts from documents and circumstances so noted shall be signed and sworn to by all the persons appearing to protest. He shall note, extend and record the protest so made, and grant authenticated copies thereof, under his signature and notarial seal, to those who request and pay for them.

**953. Demand and notice on bills and notes**

Any notary public may, in behalf of any person interested, present any bill of exchange or other negotiable paper for acceptance or payment to any party liable therefor, notify indorsers or other parties thereto, record and certify all contracts usually recorded or certified by notaries, and in general, do all

5 of 434

acts which may be done by notaries public according to the usages of merchants and authorized by law. He shall record all mercantile and marine protests by him noted and done in his official capacity. [1981, c. 456, Pt. A, §8 (AMD).] SECTION HISTORY 1981, c. 456, §A8 (AMD).

**§952 declared losses:** table1 below.

| Table 1 : Claimant losses incurred by Respondent's non-disclosure of material facts | | |
|---|---|---|
| | | |
| $122,448 | | Loan principal paid off at closing |
| $500,000 | | ½ of estimated $1,000,000+ of profits to Wrongdoer and predecessor on the security the Claimant created |
| $100,000 | | recoupment for Claimant for paid-in principal, paid-in interest and Claimant's legal costs for foreclosure cases and bankruptcy cases incurred |
| $722,448 | | Partial SUM |
| **$2,167,344** | | Total Claim after treble damages multiplier |

**§953 declared demand:**

From the common law court of Petitioner, applying legal process similar to United States UCC 3-501 presentment rules, applying the authority of the U.S. Postal Service Certified Mail with receipt, applying Maine Judiciary Notary Powers and other operation of law, it is herby proclaimed that Respondent WILMINGTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F and all past, present and future related Respondent agents or affiliates in this matter, now to be referred to as "The Enterprise", have tacitly confessed by binding, self-executing, irrevocable, bilateral contractual agreement, subject the breaching party to fines, penalties, treble damages, fees. taxes and other assessments, coupled with interest and render final judgment between the entities and their privies as

that of the highest courts, considered res judicata and estoppels of record with an ADMINISSTRATIVE DECLARATORY JUDGMENT, further referred to as A.D.J., that stipulates the following:

1. with the assignment from JPMORGAGN CHASE BANK, NATIONAL ASSOCIATION to WILMINGTON SAVINGS FUND SOCIAETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST F, so transfers in equal proportion the responsibly for WILMINGTON SAVINGS FUND SOCIAETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST to satisfy the $2,167,344 compensatory international bill of exchanged owed to me, Justin Burgess, from Chase by ADMINISTRATIVE DECLARATORY JUDGEMENT dated 12/3/2019 with 4% annual coupling of interest starting on that same date. The default decree herein expresses the acknowledgement and declaration that WILMINGLTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F, is not a "creditor" associated with me, Justin W. Burgess, my property or my Bankruptcy cases noted herein.

2. The acknowledgment by WILMINGLTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F that nil debt is owed by Justin W. Burgess, to WILMINGLTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F and that the foreclosure Summary Judgments cases SOPDC-RE-18-19 a/k/a SOPSC-RE-17-46 JPMORGAN CHASE BANK, NATIONAL ASSOCIATION v. JUSTIN BURGESS is/are a product of fraud ab intio, are void and are a nullity as if it/they don't exist. The Summary Judgment case is sham litigation as "the" genuine mortgage note, un-bifurcated and "the"

genuine mortgage, un-bifurcated as required by Maine legislative and constitutional intent of Title 14 § 6321, do not exist.

3. That WILMINGLTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F has no standing to support request (EF68) dated 1/7/2020 in Case No. 19-20092 NOTICE OF APPEARANCE AND REQUEST FOR ALL NOTICES AND PLEADINGS and is evidence to support an order to disqualify Chase and WILMINGLTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F as "Creditors" in Bankruptcy Cases 19-02014 and 19-20092.

4. That "WILMINGLTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F" grant to me, Justin Wade Burgess, the necessary right, title, power and authority to prepare and record this A.D.J. as the instrument that:
    a. Can be recorded at the Oxford County Registry of deeds as the WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST consented Declaration of Waiver of Foreclosure Notice regarding JUDGEMENT OF FORECLOSURE AND SALE TITLE TO REAL ESTATE IS INVOLVE related to the DISTRICT COURT SOUTH PARIS CIVIL ACTION DOCKET NO. SOPDC-RE-18-19 as recorded in Book 5490 and Page 287 and CLERKS CERTIFICATE OF FORECLOSURE with court docket reference as # SOPSC-RE-17-46 and recorded on 9/28/2017 with Book 5371 and Page 108.

      b. Releases/discharges and/or makes necessary corrective recording regarding the assignment recording at the Oxford County Registry of Deeds in South Paris, Maine in Book 5502 and Page 712 on 1/14/2010 and see attached copy of document herein.

5. There is no evidence from a living man or woman who makes claim of being personally injured/harmed by Petitioner, Justin W. Burgess, who under sworn testimony, who under penalty of perjury, who with requisite lawful standing to speak beyond hearsay to his/her claim of personal injury or harm alleged by JP Morgan Chase Bank, National Association and/or WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST, successors or assigns, 3rd party hearsay claims on behalf of original alleged and decedent plaintiff in SOPDC-RE-18-19 a/k/a SOPSC-RE-17-46 JPMORGAN CHASE BANK, NATIONAL ASSOCIATION v. JUSTIN BURGESS.

6. Justin W. Burgess has a ownership of the security and proceeds via UCC 8-102 § 9(9) Financial Asset and 8-103, 8-102 § 17 Security Entitlement and 8-102 § 7 and 8-105 (b)(2) or (3) Entitlement Holder and 8-501 Securities Account.

7. There is no evidence that MERS has had lawful standing to do business in Maine for the past 8 years and that all alleged MERS assignments are a nullity and title is compromised.

8. Respondent, WILMINGTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F and it's agents, admit that the agents of origination loan with Merrimack Mortgage Company Inc to have:

a. Provided a contract with Fraudulent Conveyance of language as noted in Title 18: U.S.C.S. -1001 and - 1002

b. Used the Petitioner as an uninformed stooge to create a security instrument for other people to profit, kept it secret from Petitioner and didn't share profits owed to Petitioner, the creator of the instrument.

c. Created a security disguised as a loan as said lenders at the table did not actually lend their money.

d. Did not disclosed that the note was paid off at the closing table as a draft converted to an order by way of the qualified restrictive endorsement – i.e. a check was written and deposited as cash at the "closing table", a qualified banking entity.

e. Loan closing agents wrongly failed to provide a cash receipt to Petitioner for the cash deposit nor complete and file the IRS form 8300 for cash payment issued/tendered.

f. The actual money came from the trading of receivables/bonds via a pay forward, pre-established pooling and servicing agreement and the Petitioner was again the stooge who was tricked into being an unsubscribed, un-memorialized, undisclosed third party to a contract to be the servicing agent that connected the pooling investors, the real parties in interest, to the securitized asset and alleged cash flows.

g. Petitioner was secretly used as the indemnity to boost the investment marketing, to be the indemnity target for the title insurance security derivative and the "lender's" pre-engineered default of their creation and their resulting tax forfeiture because the REMIC administrators failed to meet IRS and securitization requirements.

h. Failed to qualify the loan with funds and closing documents going into REMIC in time as per 26 USC 856(c)(4) and 860 G and as such the loan was in default at closing with no security interest in the property.

9. WILMINGLTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F and its agents admit they are not in possession of **the** genuine note or **the** genuine mortgage and are guilty of *conspiring* and *committing* the felony of Uttering Counterfeit Obligations or Securities as described by 18 U.S. Code § 472 and 18 U.S. Code § 371 which could be sufficient proximate Cause in a Civil RICO Claims Pleading not to mention 18 U,S, Code § 4 – Misprision of felony.

10. WILMINGLTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F and its agents admit that there is no lawful evidence that Justin W. Burgess owes on WILMINGTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F loan assignment recording at the Oxford County Registry of Deeds in South Paris, Maine in Book 5502 and Page 712 on 1/14/2010 and see attached copy of document herein.

11. nil debt on the WILMINGTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F assignment recorded at Oxford County Registry of Deeds in South Paris, Maine in Book 5502 and Page 712 on 1/14/2010 and see attached copy of document herein.

12. granting to Justin Wade Burgess, the necessary power, title and authority to present the Administrative Declaratory Judgment instrument from my common law court of record as the WILMINGTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F confessed evidence for Order to Vacate Summary Judgment, dated 12/12/2018 and Dismiss/Vacate with prejudice the subject case at South Paris, Maine District Court SOPDC-RE-18-19 a/k/a SOPSC-RE-17-46 JPMORGAN WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST F BANK, NATIONAL ASSOCIATION v. JUSTIN BURGESS. Being that Summary Judgment with notation DISTRICT COURT SOUTH PARIS CIVIL ACTION DOCKET NO. SOPDC-RE-18-19 is recorded at with Book 5490 and Page 287 at the Oxford County Registry of Deeds, South Paris, Maine and clerk certificate with notation as #SOPSC-RE-17-46 with Book 5371 and Page 108 at same said registry.

13. The Enterprise is/are now engaged in this binding, self-executing, irrevocable contractual agreement and are subject to fines, penalties, fees, taxes and other assessments, coupled with interest. The losses stated at this date and itemized in Table 1 herein and this document serves as a bill to The Enterprise for that amount to be paid to Justin Wade Burgess.

I, Justin Wade Burgess, am the preparer of this instrument and have made request of the undersigned notary to complete my protest under notary seal as per Maine state statue noted herein.

Witness

By:
By: Justin Wade Burgess, all rights reserved

STATE OF ME
COUNTY OF Androscoggin

February 24, 2020

Then personally appeared Justin Wade burgess and acknowledged the foregoing instrument to be his free act and deed.

Before me,

Notary Public

KARA L ELWELL
Notary Public-Maine
My Commission Expires
July 26, 2026

SEAL

13 of 43
46

# COMMERCIAL AFFIDAVIT

The undersigned Affiant, Justin W. Burgess, hereafter "Affiant", does solemnly swear, declare and state as follows:

1. Affiant is competent to state the matters set forth herein.
2. Affiant has knowledge of the facts stated herein.
3. All facts herein are true, correct and complete, admissible as evidence and if called upon as a witness, Affiant will testify to their veracity.

**Plain statement of facts**

4. Affiant makes notice, to by mail and court filing, to WILMINGTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F and its agents of Affiant's conditional acceptance presentment under 3-501 and 3-505(a)(b) of the Unified Commercial Code, UCC, which creates evidence or presumption of dishonor.
5. Affiant does use third party affidavit witnesses, Stephen Monaghan to hand process and to itemize witness all communications to principal WILMINGTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F and principal's agent attorney Andrew S. Canella.
6. Affiant does use third party affidavit witnesses Lucas Graywolf Hamilton to witness all communications from principal WILMINGTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F and principal's agent attorney Andrew S. Canella.

7. All Affiants communications are in writing and sent with USPS Certified mail and with detailed contents description and receipt time as stated in Affidavit of Stephen Monaghan attached.
8. Affiant gives notice to principal WILMINGTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F and principal's agent Andrew S. Canella that failure to respond and/or rebut would constitute acceptance and stipulation to the presentment and that Administrative Declaratory Judgment would issue certifying the confessions, admissions and stipulations as set forth in said presentment.
9. As of this writing, Affiant has no evidence that said communications were not delivered to respondent/s via USPS or through the court case 19-20092 or case 19-2014.
10. Affiant has no evidence that Wrongdoer or its agent made required response or requested more time to respond, see affidavit of Lucas Graywolf Hamilton attached.

Justin Burgess

By: Justin W. Burgess, as man, all rights reserved

Verified on this the 24 day of February, two thousand and Twenty (2020).
Before me, Kara Elwell a Notary Public in and for the County of Androscoggin, State of Maine; appeared Justin W. Burgess known and made known to me did affirm the truth of the facts herein stated and placed his signature on this document.

Kara L Elwell

Notary Public Signature
my commission expires: July 26, 2026

KARA L ELWELL
Notary Public-Maine
My Commission Expires
July 26, 2026

(SEAL)

15 of 45
46

# Affidavit of Stephen Monaghan

I, in fact Stephen Monaghan declare, and state I have personal knowledge about the facts herein; everything stated in this Affidavit of Truth is the truth, the whole truth, and nothing but the truth and all stated is correct, complete and not misleading.

Plain statement of the facts;

1. Starting on 1/15/2020, I agreed to be the independent 3rd party affidavit witness to written and mailed communications emanating from Justin W. Burgess to principal WILMINGTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F and the principal's agent, attorney Andrew S. Canella. All communication was marked "Notice to agency = notice to principal, Notice to principal = notice to agency". For each presentment of communication, I administered the letter packing, labeling and sending via USPS certified mail with green card return proof of service post cards sent back to me at my independent mailing address. For each mailing sent, I witnessed the contents of items sent with noted parties, dates and USPS numbers using USPS Certified mail with green postcard signed returned proof of delivery. On this date I witnessed the packing and mailing of CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE, 5 pages, with USPS Certified mail number 7019 0700 0001 6032 5951 for Andrew S. Canella delivered on 1/23/2020 in Farmington, CT 06032.

2. On 1/22/2020 a second communication was sent labeled CONTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE NOTICE # 2: 72 HOURS TO CURE, 6 pages, with USPS with mail number 7019 1640 0000 2363 6381 for Andrew S. Canella delivered on 1/24/2020 in Farmington, CT 06032.

3. On 2/4/2020 a 3rd communication was sent labeled CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE # 2 MODIFIED, 10 pages, with USPS with mail number

7019 0700 0001 6032 6668 for Andrew S. Canella delivered on 2/7/2020 in Farmington, CT 06032.

4. On 2/18/2020 a 4th communication was sent CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE # 3 DEFAULT NOTICE WITH 72 HOURS TO CURE, 10 pages, with USPS mail number 7019 1640 0000 2363 1690 to Andrew S. Canella delivered on 2/20/2020 in Farmington, CT 06032.

Stephen Monaghan
Stephen Monaghan

Verified on this the 24 day of February, two thousand and Twenty (2020).

Before me, Kara Elwell a Notary Public in and for the County of Androscoggin State of Maine; appeared Stephen Monaghan known and made known to me did affirm the truth of the facts herein stated and placed his signature on this document.

Kara Elwell my commission expires: July 26, 2026
Notary Public Signature

KARA L ELWELL
Notary Public-Maine
My Commission Expires
July 26, 2026

SEAL

17 of 43
46

# Affidavit of Lucas Graywolf Hamilton 2/24/2020

I, in fact Lucas Graywolf Hamilton declare, and state I have personal knowledge about the facts herein; everything stated in this Affidavit of Truth is the truth, the whole truth, and nothing but the truth and all stated is correct, complete and not misleading.

Plain statement of the facts;

1. Starting on 1/15/2020, I agreed to be the independent 3rd party affidavit witness to U.S. mail responses from JPMorgan/its agent regarding USPS Certified mail presentations to JPMorgan Chase/its agent from Justin W. Burgess using his affidavit witness for mailing and contents, Stephen Monaghan. Per the terms of the Justin W. Burgess sent presentations, the JPMorgan Chase/its agent were required to mail responses to Justin W. Burgess c/o me, Lucas Graywolf Hamilton at my separate address of 428 Merrow Rd, Auburn, Maine. JPMorgan Chase /its agent were directed to respond only in the form of a line by line response to Justin W. Burgess presentment of proof of claims specified. The response needed to be in the form of a sworn affidavit, under penalty of perjury and under unlimited liability.

2. As of this date noted below, I have not witnessed any return response from the said JPMorgan Chase/its agents sent to me at my specified mailing address noted in the communications that complied to terms specified herein.

Lucas Graywolf Hamilton
Lucas Graywolf Hamilton

Verified on this the 24th day of February, two thousand and Twenty (2020).
Before me, Susan L McNally a Notary Public in and for the County of Androscoggin, State of Maine; appeared Lucas Graywolf Hamilton known and made known to me did affirm the truth of the facts herein stated and placed his signature on this document.

Notary Public Signature
my commission expires:

SUSAN L. McNALLY
Notary Public, Maine
My Commission Expires April 18, 2021

SEAL

18643
46

THIS IS A PRIVATE COMMUNICATION BETWEEN PARTIES

From: Justin W. Burgess
c/o Lucasgraywolf Hamilton, as 3rd Party Affidavit Witness
428 Merrow Rd
Auburn, ME 04210

To: Andrew S. Canella
270 Farmington Avenue, Suite 171
Farmington, CT 06032
Certified Mail # 7019 1640 0000 2363 1690

Stephen Monaghan
2-18-2020
10 pages total

Notice to agency = notice to principle, Notice to principle = notice to agency

February 17, 2020

**CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE # 3 DEFAULT NOTICE 72 HOURS TO CURE**

Subject: Your (EF68) dated 1/7/2020 in Case No. 19-20092 NOTICE OF APPEARANCE AND REQUEST FOR ALL NOTICES AND PLEADINGS

Refer to previous communications copied into Case 19-02014 subset of case 19-20092 as (EF12) Notice entered 1/29/2020 and (EF18) Notice Modified entered 2/4/2020.

Dear Attorney Canella:

On January 22, I prepared and mailed to you the **CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE** and stipulated 10 days allowed for response. On February 4, 2020 I prepared and mailed you a communication titled **CONSTRUCTIVE NOTICE OF**

**CONDITIONAL ACCEPTANCE # 2 MODIFIED**. To this date, my 3rd party affidavit witness has not received any communication from you or your client WILMINGLTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F that complies with the proof of claim affidavit terms. With this herein communication called **CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE # 3 DEFAULT NOTICE 72 HOURS TO CURE**

I am giving notice that you and your said client are in default of the conditional acceptance terms and I am offering you 72 hours to respond as directed to cure your default. To review, you made an offer for your said client to join the Bankruptcy case/s and I conditionally accepted upon proof of claim. In the last notice you were informed that new contractual terms apply upon your default. This adhesion contract self activates upon your tacit non-response and creates a bilateral binding contract between your client and me, not unlike contract scenarios routinely used by courts, the IRS, Google, Microsoft and copious other entities engaged in commerce. Again, your failure to provide proof of claim shall constitute a breach of this binding, self-executing, irrevocable contractual agreement and subject the breaching party to fines, penalties, treble damages, fees. taxes and other assessments, coupled with interest. NOTE: with the assignment from JPMORGAGN CHASE BANK, NATIONAL ASSOCIATION to WILMINGTON SAVINGS FUND SOCIAETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST F, so transfers in equal proportion your client's responsibly for satisfying the $2,167,344 compensatory international bill of exchanged owed to me, Justin Burgess, from Chase by ADMINISTRATIVE DECLARATORY JUDGEMENT dated 12/3/2019 with 4% annual coupling of interest starting on that same date.

Further, the new default decree herein also expresses your acknowledgement and declaration that this new client, WILMINGLTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F, is not a "creditor" associated with me, my property or my Bankruptcy cases. Our resulting contract will manifest as a new ADMINISTRATIVE DECLARATORY JUDGEMENT, further referred to as A.D.J., by way of Maine Notary Judicial powers and will evidence your dishonor and stipulate the following:

1. The acknowledgment by you and your client that nil debt is owed by me to your client WILMINGLTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich

Mortgage Loan Trust F and that the foreclosure Summary Judgments cases SOPDC-RE-18-19 a/k/a SOPSC-RE- 17-46 JPMORGAN CHASE BANK, NATIONAL ASSOCIATION v. JUSTIN BURGESS is/are void and are a nullity as if it/they don't exist.

2. that WILMINGLTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F has no standing to support request (EF68) dated 1/7/2020 in Case No. 19-20092 NOTICE OF APPEARANCE AND REQUEST FOR ALL NOTICES AND PLEADINGS and is your support for my pending motion for order to disqualify Chase and WILMINGLTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F as a "Creditor" in Bankruptcy Cases 19-02014 and 19-20092.
3. That you and your client called "WILMINGLTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F" grant to me, Justin Wade Burgess, the necessary right, title, power and authority to prepare and record the new A.D.J. as the instrument that:
   a. Can be recorded at the Oxford County Registry of deeds as your consented Declaration of Waiver of Foreclosure Notice regarding JUDGEMENT OF FORECLOSURE AND SALE TITLE TO REAL ESTATE IS INVOLVE related to the DISTRICT COURT SOUTH PARIS CIVIL ACTION DOCKET NO. SOPDC-RE-18-19 as recorded in Book 5490 and Page 287 and CLERKS CERTIFICATE OF FORECLOSURE with court docket reference as # SOPSC-RE-17-46 and recorded on 9/28/2017 with Book 5371 and Page 108.

   b. Releases/discharges and/or makes necessary corrective recording regarding the assignment recording at the East Oxford County Registry of Deeds in South Paris, Maine in Book 5502 and Page 712 on 1/14/2010 and see attached copy of document herein.

By: Justin W. Burgess
Justin W. Burgess, a man, sui juris DATE: 2/18/2020

P 4 of 10

21 of ~~45~~ 46

Receipt # 188582
ERECORD
Bk 5502 PG 712
01/14/2020 12:59:22 PM
Pages 1
ASSIGNMENT
Instr # 531
Cherri L Crockett Register of Deeds OXFORD COUNTY

MAINE
COUNTY OF OXFORD (EASTERN)
LOAN NO. [redacted]
[W-115 CARRINGTON EBO 2]

WHEN RECORDED MAIL TO: ATTN: ASSIGNMENT DEPARTMENT, JPMORGAN CHASE BANK, N.A. C/O FIRST AMERICAN MORTGAGE SOLUTIONS, 1795 INTERNATIONAL WAY, IDAHO FALLS, ID 83402, PH. (208) 528-9895

# ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, located at 700 KANSAS LANE, MC 8000, MONROE, LA 71203, Assignor, does hereby grant, assign, transfer, and set over unto WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST F, located at 1600 SOUTH DOUGLASS ROAD, SUITE 200-A, ANAHEIM, CA 92806, Assignee, its successors and assigns, all Assignor's interest in and to that certain Mortgage dated APRIL 15, 2010, executed by JUSTIN W BURGESS AND JESSICA L GAGNE, HUSBAND AND WIFE, as Mortgagor(s), to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS MORTGAGEE, AS NOMINEE FOR MERRIMACK MORTGAGE COMPANY, INC., ITS SUCCESSORS AND ASSIGNS, Original Mortgagee, and recorded in Book 4578 at Page 99 as Instrument No. 3885 in the office of the Register of Deeds in the County of OXFORD (EASTERN), State of MAINE.

TOGETHER with all rights accrued or to accrue to said Mortgage.

IN WITNESS WHEREOF, the undersigned has caused this Instrument to be executed on 1/9/2020.

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

Name: Sandy L Carter,
Title: Vice President

This ref: Mortgage Discharged on 12-4-2019 in B5495 PG 760 A.D.J. Thus this Assignment is invalid.

JPMorgan Chase Bank, National Association CORPORATE SEAL

STATE OF LOUISIANA PARISH OF OUACHITA ) ss.

On 1/9/2020, before me appeared Sandy L Carter, to me personally known, who, being by me affirmed, did say that he is the Vice President of JPMORGAN CHASE BANK, NATIONAL ASSOCIATION and that the seal affixed to said instrument is the corporate seal of said entity and that the instrument was signed and sealed in behalf of the entity by authority of its Board of Directors and that Sandy L Carter acknowledged the instrument to be the free act and deed of the entity.

Vicki C. Knighten (COMMISSION EXP. LIFETIME
NOTARY PUBLIC
ID OR BAR ROLL NUMBER: 54231

Vicki C. Knighten
Ouachita Parish, Louisiana
Lifetime Commision
Notary Public ID #54231

CH80701171M - AM - ME

MIN: 100158320000232868
MERS PHONE: 1-888-679-6377

P5 of 10

22 of 43 46

## CLERK'S CERTIFICATE OF FORECLOSURE

456 Gore Road, Otisfield, ME 04270
Eastern Oxford County Registry of Deeds Book 4578, Page 99

I, Pat Graffam, ~~Clerk~~/Assistant Clerk of the South Paris District Court, located in South Paris do hereby certify that a civil action seeking a judgment of foreclosure and sale pursuant to 14 M.R.S.A. §6321 et seq., has been commenced in this Court by JPMorgan Chase Bank, National Association with an address of 3415 Vision Drive, Columbus, Ohio 43219 against Justin W. Burgess a/k/a Justin Burgess, to enforce a Mortgage granted by Justin W. Burgess and Jessica L. Gagne to Mortgage Electronic Registration Systems, Inc., as nominee for Merrimack Mortgage Company, Inc., its successors and assigns, dated April 15, 2010 and recorded in the Eastern Oxford County Registry of Deeds in Book 4578, Page 99, and affecting certain real property located at 456 Gore Road, Otisfield, ME 04270.

The action was filed on 9-27-17 and is docketed as # SOPSC-RE-17-46

Dated: 9-28-17

Pat Graffam
~~Clerk~~/Assistant Clerk
South Paris District Court
Print Name: Pat Graffam

After recording, return to:

SHAPIRO & MORLEY, LLC
707 Sable Oaks Dr., Suite 250
South Portland, Maine 04106
(207) 775-6223

14-021485

Recorded: Oxford East County 10/3/2017 08:25:13 AM
Patricia A Shearman Register of Deeds

P 6 of 10

23 of 46

STATE OF MAINE
OXFORD, ss.

DISTRICT COURT
SOUTH PARIS
CIVIL ACTION
DOCKET NO. SOPDC-RE-18-19

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
PLAINTIFF

v.

JUSTIN W. BURGESS A/K/A JUSTIN BURGESS
DEFENDANT

Receipt # 194478
Bk 5490 PG 287
11/04/2019 10:20:31 AM
Pages 4
FORECLOSURE
Instr # 13624
Cherri L Crockett Register of Deeds OXFORD COUNTY

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**JUDGMENT OF FORECLOSURE AND SALE**
**TITLE TO REAL ESTATE IS INVOLVED**

456 Gore Road, Otisfield, Maine 04270
Eastern Oxford County Registry of Deeds Book 4578, Page 99

A True Copy Attest:
Michelle M Racine
Clerk

Upon notice and after trial, the Court finds as follows:

1. The Plaintiff is the owner of a certain promissory note in the original principal amount of $122,448.00 (the "Note"), given by Justin W. Burgess to Merrimack Mortgage Company, Inc., its successors and assigns. The Plaintiff is the owner and mortgagee of record of a Mortgage recorded in the Eastern Oxford County Registry of Deeds in Book 4578, Page 99 (the "Mortgage"), affecting real property located at 456 Gore Road, Otisfield, Maine 04270 more particularly described in the legal description attached to the Mortgage (the "Premises"). The Mortgage was assigned by Mortgage Electronic Registration Systems, Inc., as nominee for Merrimack Mortgage Company, Inc., its successors and assigns, to JPMorgan Chase Bank, National Association evidenced by assignment recorded September 20, 2012 in Book 4896, Page 136. Said assignment was ratified by Ratification of Assignment, recorded July 20, 2015 in Book 5233, Page 133. The foregoing assignment, together with the Ratification of Assignment, establish that the Plaintiff has full and complete title in and to the Mortgage.

2. The Defendant has breached the conditions of the Mortgage as a result of a default on the Note secured thereby.

3. Defendant has not filed a timely request for mediation, and mediation thus is not required by 14 M.R.S. § 6321-A.

4. Jessica L. Gagne is not obligated on the Note and no longer holds title and is not a necessary party to this action.

5. As of September 26, 2018, the following amounts, exclusive of fees and costs for preparation for and attendance at trial, are owed to the Plaintiff under the terms of the Note and Mortgage:

| | |
|---|---|
| Principal Balance | $115,253.93 |
| Accrued Interest | $28,834.48 |
| Escrow Advance | $14,668.37 |
| Property Inspection Fees | $389.00 |
| Attorney's Fees and Costs | $5,817.49 |
| Total | $164,963.27 |

Additional pre-judgment interest is accruing and post-judgment interest will accrue at a rate of 5.375% per annum in accordance with the Note and 14 M.R.S. §§ 1602-B and 1602-C. Additional attorney's fees, real estate taxes, costs and amounts advanced to protect the security of the Mortgage may continue to accrue through the date of redemption or sale and the completion of these proceedings.

6. The order of priority of any party appearing in this action is as follows:

First Priority: The Mortgage held by JPMorgan Chase Bank, National Association recorded in the Eastern Oxford County Registry of Deeds in Book 4578, Page 99. The amount due the Plaintiff is as set forth above.

Second Priority: Justin W. Burgess a/k/a Justin Burgess.

7. There are no public utility easements affected by this action.

8. The names and addresses (if known) of all parties to this action and their counsel of record are identified as follows:

a. JPMorgan Chase Bank, N.A.
3415 Vision Drive
Columbus, Ohio 43219

Counsel: Leonard F. Morley, Jr., Esq. #3856
William B. Jordan, Esq., #461
Shapiro & Morley, LLC

707 Sable Oaks Dr., Suite 250
South Portland, Maine 04106
(207) 775-6223

b. Justin W. Burgess a/k/a Justin Burgess
456 Gore Road
Otisfield, ME 04270

Counsel: Pro Se

9. The docket number for this action is SOPDC-RE-18-19.

10. All parties have received notice of these proceedings in accordance with the applicable provisions of the Maine Rules of Civil Procedure and any order of this Court.

IT IS THEREFORE ORDERED AND ADJUDGED that:

a. Judgment of Foreclosure and Sale is hereby entered in favor of JPMorgan Chase Bank, National Association. If Justin W. Burgess a/k/a Justin Burgess does not pay to the Plaintiff, its successors and assigns, the amount of the Plaintiff's total claim due as set forth above within the statutory 90-day period of redemption established by 14 M.R.S. § 6322, then JPMorgan Chase Bank, National Association, its successors and assigns, shall sell the Premises pursuant to 14 M.R.S. § 6321 et seq., and shall disburse the proceeds of the sale, after deducting the expenses thereof, in the following order:

SEAL

First, to JPMorgan Chase Bank, National Association, its successors and assigns, as set forth above;

Second, the surplus proceeds, if any, to Justin W. Burgess a/k/a Justin Burgess in accordance with 14 M.R.S. § 6324.

b. An execution shall issue against Justin W. Burgess a/k/a Justin Burgess for any deficiency that may result, provided that the statutory requirements are met.

p 9 of 10

26 of 43
46

c. All remaining rights of the Defendant to possession shall terminate upon expiration of the statutory ninety (90) day redemption period. If Defendant has not redeemed the Mortgage by that date, Defendant is ordered to vacate the real estate at that time, and a Writ of Possession shall issue to the Plaintiff for possession of the real property upon application for the same.

d. The Court specifically finds that there is no just reason for delay of the entry of final judgment for the relief requested in Plaintiff's complaint, and the Clerk is directed to enter this Order as a final judgment pursuant to Rule 54.

e. If an appeal is not filed and the Clerk has so certified, JPMorgan Chase Bank, National Association shall be responsible for recording an attested copy of this judgment in the Eastern Oxford County Registry of Deeds and paying the recording fee.

f. Pursuant to Rule 79(a) this Order may be incorporated by reference on the Civil Docket.

Dated: 9/26/18

Entered On: 9/26/18

Judge, District Court

A True Copy Attest: Michelle M Racine Clerk

CERTIFICATION OF CLERK PURSUANT TO 14 M.R.S. § 2401(3) (F)

Pursuant to 14 M.R.S. § 2401(3)(F), it is hereby certified that no notice of appeal of the Judgment of Foreclosure and Sale in this matter was filed with the Clerk of Court in this action within the appeal period following entry of judgment or that the final judgment has been entered after remand following an appeal.

SEAL

Dated: 12/12/18

Heather Barker
Asst. Clerk of Court

14-021485

p 10 of 10

27 of 43 46

USPS T

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Andrew S. Cavella
270 Farmington Ave. Suite 171
Farmington, CT 06032

9590 9402 5075 9092 4303 03

2. Article Number: 7019 1640 0000 2363 1690

COMPLETE THIS SECTION ON DELIVERY

A. Signature
x M. Spann ☑ Agent ☐ Addressee

B. Received by (Printed Name) M Spann
C. Date of Delivery 2-20-20

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☑ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
... very Restricted Delivery
... Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

**Tracking Number:** 70191640000023631690

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 11:12 am on February 20, 2020 in FARMINGTON, CT 06032.

Feedback

## Delivered

February 20, 2020 at 11:12 am
Delivered, Front Desk/Reception/Mail Room
FARMINGTON, CT 06032

**Get Updates**

U.S. Postal Service
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com.

FARMINGTON, CT 06032
OFFICIAL USE

7019 1640 0000 2363 1690

| | |
|---|---|
| Certified Mail Fee | $3.55 |
| Extra Services & Fees (check box, add fee as appropriate) | $2.85 |
| ☐ Return Receipt (hardcopy) | $0.00 |
| ☐ Return Receipt (electronic) | $0.00 |
| ☐ Certified Mail Restricted Delivery | $0.00 |
| ☐ Adult Signature Required | $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $1.40 |
| Total Postage and Fees | $7.80 |

Sent To Andrew S. Cavella
Street and Apt. No., or PO Box No. 270 Farmington Ave. Suite 171
City, State, ZIP+4® Farmington, CT 06032

PORTLAND ME 04106 SO PORTLAND BRANCH 02/18/2020

PS Form 3800, April 2015 See Reverse for Instructions

**Text & Email Updates**

**Tracking History**

February 20, 2020, 11:12 am
Delivered, Front Desk/Reception/Mail Room
FARMINGTON, CT 06032
Your item was delivered to the front desk, reception area, or mail room at 11:12 am

23 of 43 46

on February 20, 2020 in FARMING

**February 20, 2020, 3:46 am**
Departed USPS Regional Facility
SPRINGFIELD MA NETWORK DIS

**February 19, 2020, 9:44 am**
Arrived at USPS Regional Facility
SPRINGFIELD MA NETWORK DIS

**February 18, 2020, 10:53 pm**
Arrived at USPS Regional Origin Fa
SOUTHERN ME DISTRIBUTION CE

RECORDED AS RECEIVED

**February 18, 2020, 8:36 pm**
Departed Post Office
SOUTH PORTLAND, ME 04106

**February 18, 2020, 2:41 pm**
USPS in possession of item
SOUTH PORTLAND, ME 04106

**Product Information**

S

## Can't find wha

Go to our FAQs section to fir

29 of ~~43~~ 46

Farmington, CT 06032

Certified Mail # 7019 0700 0001 6032 6668

Mailed + Witness by [illegible] and Stephen Moraglia 10 pgs 2-4-2020

Notice to agency = notice to principle, Notice to principle = notice to agency

February 4, 2020

**CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE # 2 MODIFIED**

Subject: Your (EF68) dated 1/7/2020 in Case No. 19-20092 NOTICE OF APPEARANCE AND REQUEST FOR ALL NOTICES AND PLEADINGS

My (EF 12) attached.

Dear Attorney Canella:

On January 22, I prepared and mailed to you the **CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE** and stipulated 10 days allowed for response. To this date, my 3rd party affidavit witness has not received any communication from you or your client WILMINGLTON SAVINGS FUND SOCIETY, FSB, as trustee of Stanwich Mortgage Loan Trust F that complies with the proof of claim affidavit terms. With this herein communication called **CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE # 2 MODIFIED** I am granting an additional 10 days to respond and I am modifying the terms to include an issuance of a contract with terms actionable upon default. To review, you made an offer for your said client to join the Bankruptcy case and I conditionally accepted upon proof of claim. I am now giving you notice that I am adding these flowing new terms: Your failure to provide proof of claim shall constitute a breach of this binding. self-executing, irrevocable contractual agreement and subject

the breaching party to fines, penalties, treble damages, fees. taxes and other assessments, coupled with interest and expresses your acknowledgement and declaration that this new client is not a creditor associated with me or my property, the granting to me of the necessary power, title and authority to prepare and record the instrument that releases any current or future claim this new client its successors or assigns may have on me or my property. Further the new contract by default will require the surrender to me of all evidence that can be associated as a claim on me or my property by you or this new client or its successors and assigns may have.

Sincerely,
Justin W. Burgess
Justin W. Burgess



USPS T... Qs >

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Andrew S Cavella
270 Farmington Ave., Suite 171
Farmington, CT 06032

9590 9402 5075 9092 4303 89

2. Article Number (Transfer from service label)

7019 0700 0001 6032 6668

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X M. [signature] ☑ Agent ☐ Addressee

B. Received by (Printed Name) M [illegible] C. Date of Delivery 2-7-20

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
...estricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

**Tracking Number: 70190700000160326668**

Remove ✕

Feedback

Your item was delivered to an individual at the address at 10:13 am on February 7, 2020 in FARMINGTON, CT 06032.

## ✔ Delivered

February 7, 2020 at 10:13 am
Delivered, Left with Individual
FARMINGTON, CT 06032

**Get Updates** ⌄

**Text & Email Updates**

**Tracking History**

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com

FARMINGTON CT 06032

OFFICIAL USE

7019 0700 0001 6032 6668

| | | |
|---|---|---|
| Certified Mail Fee | $3.55 | 0108 |
| | $2.85 | 37 |
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☐ Return Receipt (hardcopy) | $ $0.00 | |
| ☐ Return Receipt (electronic) | $ $0.00 | Postmark Here |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | |
| ☐ Adult Signature Required | $ $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | $1.40 | |
| Total Postage and Fees | $7.80 | 02/04/2020 |

PORTLAND ME 04103 FEB 4 2020

Sent To Andrew S. Cavella
Street and Apt. No., or PO Box No. 270 Farmington Ave Suite 171
City, State, ZIP+4® Farmington, CT 06032

PS Form 3800, April 2015 See Reverse for Instructions

February 7, 2020, 10:13 am
Delivered, Left with Individual
FARMINGTON, CT 06032
Your item was delivered to an individual at the address at 10:13 am on February 7,

32 of 43 46

2020 in FARMINGTON, CT 06032.

**February 6, 2020, 8:08 am**
Departed USPS Regional Facility
SPRINGFIELD MA NETWORK DISTRIBUTION CENTER

**February 5, 2020, 12:06 pm**
Arrived at USPS Regional Facility
SPRINGFIELD MA NETWORK DISTRIBUTION CENTER

**February 4, 2020, 11:44 pm**
Arrived at USPS Regional Origin Facility
SOUTHERN ME DISTRIBUTION CENTER

**February 4, 2020, 6:46 pm**
Departed Post Office
SOUTH PORTLAND, ME 04106

**February 4, 2020, 12:45 pm**
USPS in possession of item
SOUTH PORTLAND, ME 04106

Feedback

**Product Information**

**See Less**

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

THIS IS A PRIVATE COMMUNICATION BETWEEN PARTIES

Exhibit 12

From: Justin W. Burgess
c/o Lucasgraywolf Hamilton, 3rd Party Affidavit Witness
428 Merrow Rd
Auburn, ME 04210

To: Andrew S. Canella
270 Farmington Avenue, Suite 171
Farmington, CT 06032
Certified Mail # 7019 1640 0000 2363 6381

Stephen Morgan 6PS 1/22/2020

.cc JPMorgan Chase Bank, National Association
c/o Chase Records Center.
Attn: Correspondence Mail Code LA4-5555
700 Kansas Lane, Monroe, LA 71203-4774
Certified Mail # 7019 1640 0000 2363 6398

Stephen Morgan 6PS 1/22/2020

Notice to agency = notice to principle, Notice to principle = notice to agency

January ~~December~~ 22, 2020

CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE

NOTICE # 2 : 72 HOURS FOR DEFAULT

RE: (EF 70 1.20.2020)

This is the 2nd notice, first notice sent 1.15.2020. Seven days have gone by and I have not received your response. The required time line is 10 days so this is your 72 hour notice requiring response before you are default. The default terms of non-response will convert this notice into bilateral contract as per UCC rules and will act as lawful notice to the public that you are in agreement with the opposite positions of the statements in original letter dated 1/15/2020 titled CONSTRUCTIVE NOTICE OF CONDITIONAL - see attached Exh -11-.

By: Justin W Burgess
Justin W Burgess
1-22-2020

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
ANDREW S. CAVELLA
270 Farmington Ave Suit 171
Farmington, CT 06032

9590 9402 5075 9092 4322 08

7019 1640 0000 2363 6381

A. Signature X M. Spann ☒ Agent ☐ Addressee
B. Received by (Printed Name) M. Spann C. Date of Delivery 1-24-20
D. Is delivery address different from item 1? ☐ Yes If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature ☐ Adult Signature Restricted Delivery ☐ Certified Mail® ☐ Certified Mail Restricted Delivery ☐ Collect on Delivery ☐ Collect on Delivery Restricted Delivery ... Restricted Delivery
☐ Priority Mail Express® ☐ Registered Mail™ ☐ Registered Mail Restricted Delivery ☐ Return Receipt for Merchandise ☐ Signature Confirmation™ ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

**Tracking Number:** 70191640000023636381

Remove ✕

Your item was delivered to an individual at the address at 10:23 am on January 24, 2020 in FARMINGTON, CT 06032.

## Delivered

January 24, 2020 at 10:23 am
Delivered, Left with Individual
FARMINGTON, CT 06032

**Get Updates**

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*
For delivery information, visit our website at www.usps.com
FARMINGTON, CT 06032
OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | $3.50 |
| Extra Services & Fees (check box, add fee) | $2.80 |
| ☐ Return Receipt (hardcopy) | $0.00 |
| ☐ Return Receipt (electronic) | $0.00 |
| ☐ Certified Mail Restricted Delivery | $0.00 |
| ☐ Adult Signature Required | $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $1.15 |
| Total Postage and Fees | $7.45 |

0104 24 Postmark Here — PORTLAND ME 04112 DTS JAN 22 2020 USPS 01/22/2020

Sent To Andrew S. Cavella
Street and Apt. No., or PO Box No. 270 Farmington Ave Suite 171
City, State, ZIP+4® Farmington, CT 06032
PS Form 3800, April 2015 See Reverse for Instructions

7019 1640 0000 2363 6381

**Text & Email Updates**

**Tracking History**

Feedback

**January 24, 2020, 10:23 am**
Delivered, Left with Individual
FARMINGTON, CT 06032
Your item was delivered to an individual at the address at 10:23 am on January 24,

35 of 43 46

2020 in FARMINGTON, CT 06032.

**January 24, 2020, 8:03 am**
Out for Delivery
FARMINGTON, CT 06032

**January 24, 2020, 7:52 am**
Arrived at Unit
FARMINGTON, CT 06032

**January 24, 2020, 3:16 am**
Departed USPS Regional Facility
SPRINGFIELD MA NETWORK DISTRIBUTION CENTER

**January 23, 2020, 12:39 pm**
Arrived at USPS Regional Facility
SPRINGFIELD MA NETWORK DISTRIBUTION CENTER

Feedback

**January 23, 2020**
In Transit to Next Facility

**January 22, 2020, 11:10 pm**
Arrived at USPS Regional Origin Facility
SOUTHERN ME DISTRIBUTION CENTER

**January 22, 2020, 3:09 pm**
Departed Post Office
PORTLAND, ME 04101

**January 22, 2020, 1:45 pm**
USPS in possession of item
PORTLAND, ME 04101

---

**Product Information**

---

36 of 43 46

Case 19-02014 Doc 12 Filed 01/22/20 Entered 01/23/20 11:34:01 Desc Main
Document Page 6 of 10

Exhibit 11

THIS IS A PRIVATE COMMUNICATION BETWEEN PARTIES

From: Justin W. Burgess
c/o Lucasgraywolf Hamilton, 3rd Party Affidavit Witness
428 Merrow Rd
Auburn, ME 04210

To: Andrew S. Canella
270 Farmington Avenue, Suite 171
Farmington, CT 06032
Certified Mail # 7019 0700 0001 6032 5951

.cc JPMorgan Chase Bank, National Association
c/o Chase Records Center.
Attn: Correspondence Mail Code LA4-5555
700 Kansas Lane, Monroe, LA 71203-4774
Certified Mail # 7019 0700 0001 6032 5968

Notice to agency = notice to principle, Notice to principle = notice to agency

January ~~December~~ 15, 2020 [signature]

CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE

Subject: Your (EF68) dated 1/7/2020 in Case No. 19-20092 NOTICE OF APPEARANCE AND REQUEST FOR ALL NOTICES AND PLEADINGS

Dear Attorney Canella:

I am in receipt of your (EF68) dated 1/7/2020 in Case No. 19-20092 NOTICE OF APPEARANCE AND REQUEST FOR ALL NOTICES AND PLEADINGS, a copy of which is enclosed.

I am conditionally accepting your request offer for NOTICE OF APPEARANCE AND ROUEST FOR ALL NOTICES AND PLEADINGS provided you adequately respond, under oath, under penalty of

perjury and under your full unlimited liability to the following proofs of claims. Failure to provide proof of claim for each item shall constitute a breach of this binding, self-executing, irrevocable contractual agreement expressing your acknowledgement and declaration of the party Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortage Loan Trust F, further to be referred to as "Your Party", has no connection nor standing as a "Creditor" in case. 19-20092 and/or Adv. Pro. Case No. 19-2014 and Your Party will not be included in case communications unless it is determined that Your Party turns out to be a debtor, owning a debt to me. These proof of claims are written in negative averment form; your non-response will be your admission to the opposite or positive averment form of each claim item.

Proof of Claim that:

1. That Your Party, as a potential creditor in this matter:
   a. has met all the necessary debt validation and dispute criteria under US Code TITLE 15 > CHAPETR 41 > SUBCHAPTER V > § 1692g part b, TILA and RESPA.
   b. has **THE GENIUNE, UNALTERED WET INK SIGNATURE PROMISSORY NOTE AND THE GENUINE MORTGAGE** pursuant of USC Title 18, Part I, Chapter 101 § 2071 and UCC 3-501(b)(2)(1) and Maine TITLE 14, Part 7, Chapter 713 § 6321 and that you and Your Party, its agents and their affiliates are not in violation of:
      i. Title 17-A: MAINE CRIMINAL CODE Part 2: SUBSTANTIVE OFFENSES Chapter 15: THEFT §354. Theft by deception
      ii. Uttering Counterfeit Obligations or Securities as described by 18 U.S. Code § 472
      iii. 18 U.S. Code § 371. Conspiracy to commit offense or to defraud United States
      iv. *The Racketeer Influenced and Corrupt Organizations Act* of 1970 ("RICO", 18 U.S.C. § 1961 et seq.) using a civil law cause of action (§ 1964) for violations of its provisions for collecting compensatory amounts for injured petitioner, me.
   c. Has proof of a recorded lien at the Oxford County Registry off deeds for a debt on my property at 456 Gore Rd, Otisfield ME.
   d. Is rightful holder of due course of a Mortgage Note Security and may lay claim against me under U.C.C. Article 3 § 302.
   e. Will not be discredited as the "Creditor" should you provide the A S-3/A registration statement, 425-B5 prospectus, RC-S & RC-B call schedules and GAAP General Accepted Accounting Principles true double entry accounting with showing of the off balance sheet liability side.

f. MERS did have lawful standing to do business in the State of Maine since I lived at 456 Gore Rd, Otisfield, ME

g. You have proof that the loan was qualified and the funds and documents went into the REMIC in time as per 26 USC 856(c)(4) and 860 G *and as such the loan was not in default at closing with* no security interest on the property.

h. That the REMIC was qualified with an election being taken and a tax assessment completed and filed with IRS.

i. that with my ownership of the security and proceeds, see UCC 8-102 § 9(9) Financial Asset and 8-103, 8-102 § 17 Security Entitlement and 8-102 § 7 and 8-501(b)(2) or (3) Entitlement Holder and 8-501 Securities Account, you can prove that Your Party can be a Holder in due course.

j. That Your Party is not in possession of contraband as the revenue on the loan payoff under 26 USC § 860 could be 100% plus 15% for safe Harbor issues and $50k per other violations and as revenue is Admiralty and Maritime law related and un suits in admiralty, you and Your Party, as an agents of the U.S. could be sued directly without immunity.

(2) At or before the original closing, a full disclosure was provided to me that:

a) *the original lender, Merrimack Mortgage Company, is not actually lending me their money with* the loan as loans are done predominantly with "book entry credit" to the Treasury who then "creates" money out of thin air via electronic digit numeration as "money of account".

b) I am the only party that brought value to the closing table with my signature and my credit

c) this is an investment contract disguised as a loan where my signature created the security

d) I am the donor stooge who hands over the note that gets endorsed with a qualified restrictive endorsement, representing a cash deposit into a bank and I should get an IRS form 8300 for the cash transaction.

e) the note is thus paid in full at the closing and resold afterwards creating income at 2,3, 4 or even 10 or more times the original loan amount to the original lender its successor or assigns.

f) that I am the issuer of the funds as stated the loan B5 prospectus form

g) as the creator and issuer of the funds, I am a 3rd party beneficiary to the Pooling and Servicing Agreement and have proprietary, possessionary and property interest in the security and its proceeds as per UCC 8-102 and a claim of recoupment per UCC 3-306 and the Statute of Frauds

h) I have an interest in a financial asset as per UCC 3-306 and an adverse Claim as per UCC 8-108

i) I have a right to rescind and the forms H-8 or H-9 are provided to me as required

j) That the loan was not qualified am the burdened party to pay the tax that the investor or its agents owe

k) That by off book accounting methods on the liabilities side, because I was the one who is the provider of value for the instruments' creation, I am actually the Creditor and Merrimack Mortgage and later Chase Mortgage is the Debtor

(3) That these non disclosures, these misrepresentations mentioned in (2) above *do not* give me the right to recession under Reinstatement Second Series Contracts Section 164

(4) You have proof of my written consent that I abandoned my claim of recoupment

(5) That the note and mortgage contract *is not* unconscionable, as in Maxwell vs. Fairbanks: Boston, Mass. -- *Where Federal bankruptcy judge found Fairbanks demanded money it was not owed, tried to foreclose on a note it did not legally possess.*

(6) that 16 CFR Part 433 - PRESERVATION OF CONSUMERS' CLAIMS AND DEFENSES *does not* preserve claims for the note creator, me, which would define Chase Mortgage as taking the note "subject to" and thus not be a holder in due course

(7) That UCC 3-305-C *does not* say I have the right to not pay on the note because the person seeking enforcement, Chase, does not have the rights of a holder in due course

You have ten (10) days from receipt of this communication to respond on a point-by-point basis, via sworn affidavit, under your full commercial liability, signing under penalty of perjury you can attest to the validity of the statements presented in the Conditional Acceptance are true, correct, complete and not misleading. Mere declarations are an insufficient response. There will be no extensions of time.

Failure to respond will be deemed as your *agreement with opposite positions* of the statements herein and your acknowledgement that your party is not a "Creditor" related to me and has no basis for being granted notice to communications in either said court cases.

This letter constitutes constructive notice to the recipient.
Notice to agency = notice to principle, Notice to principle = notice to agency

**Please direct responses to third party Affidavit Witness:**

Justin W. Burgess
c/o LucasGraywolf ~~Kinnan~~ Hamilton
428 Merrow Rd
Auburn, ME [04210]

And

Alec Leddy, Clerk of Court
United States Bankruptcy Court, District of Maine
537 Congress Street, 2nd Floor
Portland, ME 04101

PS -- **The Judgment amount is growing:**

As of today on 1/15/2020, it is 43 days since the establishment of the **ADMINISTRATIVE DECLARATORY JUDGMENT** dated 12/03/2019 on your client **JP Morgan** Chase Inc loan # 1876511514. This letter is to inform you as per the stipulations in the judgment; the outstanding sum is subject to coupling of interest. The determined interest rate is by following the market average fixed rate now on 30 year homes loans, i.e. 4% annual, compounded daily. The interest accrued so far in these 43 days since initiation is $10213.24 which yields a total net payoff amount for today of $2,177,557.23.

Per UCC1 lien guidelines, an actionable lien right interest will accrue by the 91rst day on the chattel of your client. The lien, when in place, can be kept active for many years and can only be removed by me. Such a lien may impair your client, it's successors and assigns, to successfully attain financing or other contracts for years and years.

Sincerely,

Justin W. Burgess
Justin W. Burgess

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **IN RE: Justin Wade Burgess** | ) | **Case No. 19-20092-MAF** |
| | ) | **Chapter 7 Proceeding** |
| **Debtor** | ) | **January 7, 2020** |

**NOTICE OF APPEARANCE AND REQUEST FOR ALL NOTICES AND PLEADINGS**

Andrew S. Cannella of the firm of Bendett & McHugh, P.C. hereby appears on behalf of **Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust F** and requests, pursuant to Bankruptcy Rule 2002(g), that Andrew S. Cannella, Esq. of Bendett & McHugh, P.C. receive copies of all notices, reports, motions, briefs, memoranda, pleadings, proposed plans, disclosure statements, proposed orders, conformed copies of orders and any other documents or instruments filed in the above-captioned bankruptcy proceeding. All such documents should be served upon the following:

**Andrew S. Cannella, Esq.**
**Bendett & McHugh, P.C.**
**270 Farmington Avenue, Suite 171**
**Farmington, CT 06032**

42 of 46

PLEASE TAKE FURTHER NOTICE that the foregoing demand includes not only notices and papers referred to in the Bankruptcy Code and Rules specified above, but also includes, without limitation, orders and notices and notices of any application, motion, petition, pleading, request, complaint or demand, whether formal or informal whether written or oral, and whether transmitted or conveyed by hand delivery, mail delivery, telephone, telegraph, telex, telecopy or otherwise, which affects the Debtor or the property of the Debtor.

Dated at Farmington, Connecticut this 7th day of January, 2020.

By */s/ Andrew S. Cannella*

Andrew S. Cannella
Bendett & McHugh, P.C.
270 Farmington Avenue, Suite 171
Farmington, CT 06032
Phone: (860) 677-2868
Fax: (860) 409-0626
Email: BKECF@bmpc-law.com

43 of 46

CERTIFICATION OF SERVICE

I hereby certify that on this 7th day of January, 2020, a copy of the foregoing was served to the following:

Justin Wade Burgess
Debtor
456 Gore Road
Otisfield, ME 04270
*Via First Class Mail*

U.S. Trustee
*Via Electronic Notice of Filing*

Nathaniel R. Hull, Esq., Esq.
Trustee
*Via Electronic Notice of Filing*

By */s/ Andrew S. Cannella*
Andrew S. Cannella
Bendett & McHugh, P.C.
270 Farmington Avenue, Suite 171
Farmington, CT 06032
Phone: (860) 677-2868
Fax: (860) 409-0626
Email: BKECF@bmpc-law.com

44 of 46



# USPS Trac

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Andrew S. Canella
270 Farmington Ave. Suite 171
Farmington CT 06032

9590 9402 5446 9189 9041 62

2. Article Number (Transfer from service label)
7019 0700 0001 6032 5951

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Ret...

A. Signature
X M. Spann ☑ Agent ☐ Addressee
B. Received by (Printed Name) M Spann
C. Date of Delivery 1-23-20
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
...ail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Get the f... automat...

/xsell?app=UspsTools&re...

Remove ✕

**Tracking Number:** 70190700000160325951

Feedback

Your item was delivered to an individual at the address at 10:35 am on January 23, 2020 in FARMINGTON, CT 06032.

## Delivered

January 23, 2020 at 10:35 am
Delivered, Left with Individual
FARMINGTON, CT 06032

**Get Updates**

U.S. Postal Service
CERTIFIED MAIL RECEIPT
*Domestic Mail Only*

7019 0700 0001 6032 5951

For delivery information, visit our website at www.usps.com

FARMINGTON CT 06032 OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | $3.50 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) | $0.00 |
| ☐ Return Receipt (electronic) | $0.00 |
| ☐ Certified Mail Restricted Delivery | $0.00 |
| ☐ Adult Signature Required | $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $1.30 |
| Total Postage and Fees | |

Postmark Here: JAN 15 2020 SO PORTLAND ME 04106 0106 01/15/2020

Andrew $7.56 Canella
Sent To: Andrew S. Canella
Street and Apt. No., or PO Box No.: 270 Farmington Ave. Suite 171
City, State, ZIP+4®: Farmington CT 06032

PS Form 3800, April 2015 ... See Reverse for Instructions

**Text & Email Updates**

**Tracking History**

**January 23, 2020, 10:35 am**
Delivered, Left with Individual
FARMINGTON, CT 06032
Your item was delivered to an individual at the address at 10:35 am on January 23,

45
46 of
45 46

2020 in FARMINGTON, CT 06032.

January 22, 2020, 4:04 pm
Departed USPS Regional Facility
SPRINGFIELD MA NETWORK DISTRIBUTION CENTER

January 22, 2020
In Transit to Next Facility

January 19, 2020, 12:52 pm
Arrived at USPS Regional Facility
SPRINGFIELD MA NETWORK DISTRIBUTION CENTER

January 17, 2020, 11:06 pm
Departed USPS Regional Origin Facility
SOUTHERN ME DISTRIBUTION CENTER

January 16, 2020, 12:28 am
Arrived at USPS Regional Origin Facility
SOUTHERN ME DISTRIBUTION CENTER

January 15, 2020, 8:49 pm
Departed Post Office
SOUTH PORTLAND, ME 04106

January 15, 2020, 3:52 pm
USPS in possession of item
SOUTH PORTLAND, ME 04106

Feedback

**Product Information**

**See Less**

46
45 of
4546