UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| IN FACT JUSTIN, A MAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:20-cv-00164-LEW |
| ) | |
| JPMORGAN CHASE BANK, ) | |
| NATIONAL ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTIONS TO DISMISS AND REMAND**

On May 8, 2020, Defendant JPMorgan Chase Bank, National Association ("Chase") timely removed to this Court an action Plaintiff Justin W. Burgess originally filed in the Superior Court of Oxford County in South Paris, Maine. The Defendant did so on the grounds that this Court had diversity jurisdiction over the case. *See* ECF No. 1 (citing 28 U.S.C. §§ 1332, 1441). Shortly thereafter, the Defendant filed a Motion to Dismiss for Lack of Jurisdiction or for Failure to State a Claim (ECF No. 6), which was followed by Plaintiff's Motions to Remand (ECF Nos. 8, 12). Because I agree with the parties that I lack jurisdiction to adjudicate this dispute, the Motion to Dismiss will be DENIED AS MOOT, the Motions to Remand are GRANTED, and the case will be REMANDED.

BACKGROUND

On April 10, 2020, Mr. Burgess filed a writ of replevin against Chase in Oxford County Superior Court concerning ownership of a promissory note executed in 2010 and a mortgage on 456 Gore Road, Otisfield, Maine. The parties first litigated this dispute in September, 2018 before the Maine District Court in South Paris, which resolved the case

in Chase's favor. Docket No. SOPDC-RE-2018-00019. At the conclusion of the 2018 bench trial, the Maine District Court granted Chase the judgment of foreclosure against Mr. Burgess in the amount of $164,963.27.

Before Chase's foreclosure sale of the property could occur as scheduled, on March 4, 2019, Mr. Burgess filed for Chapter 13 bankruptcy with the United States Bankruptcy Court for the District of Maine, Case No. 19-20092 (MAF). After some procedural hiccups, Mr. Burgess's bankruptcy case was converted to a Chapter 7 on August 22, 2019. On December 6, 2019, Burgess filed an adversary proceeding against Chase with the United States Bankruptcy Court, Case No. 19-02014 (MAF). On March 16, 2020, during the hearing on Chase's Motion to Dismiss, the Bankruptcy Court dismissed the adversary proceeding for, among other things, lack of standing. Mr. Burgess then filed his writ of replevin in state court seeking return of the note and mortgage, which was ultimately removed here.

## DISCUSSION

### A. REMAND FOR LACK OF JURISDICTION

Remand is automatic when a federal court does not have jurisdiction to hear a suit removed from state court. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "When a federal court concludes that it lacks subject matter jurisdiction over a case, it is precluded from rendering any judgments on the merits of the case." *Christopher v. Stanley-Bostitch, Inc.*, 240 F.3d 95, 100 (1st Cir. 2001) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992) ("A final determination of lack of subject-matter jurisdiction of a case in

a federal court, of course, precludes further adjudication of it."). Therefore, if I am without subject matter jurisdiction, this case must be remanded.

The parties agree that I lack subject matter jurisdiction. In its Motion to Dismiss, Defendant Chase argues that "[t]his Court lacks subject matter jurisdiction over the Writ because Plaintiff lacks standing to bring his claims."[1] Motion to Dismiss ECF No. 6 at *12. The Plaintiff echoes this argument in his Motions to Remand. *See, e.g.,* ECF No. 8 at *3 ("…the action has no jurisdiction here and it should be remanded back to state court."). I concur. As the First Circuit has made clear, "standing is a prerequisite to a federal court's subject matter jurisdiction," *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016), and Plaintiff has no standing to bring his claim for replevin here. The Bankruptcy Court correctly found as much when dismissing the adversary proceeding Plaintiff brought in 2019, and I find the same—because Plaintiff's claim properly belongs to the bankruptcy trustee, he has no standing to bring this case in the first place, ergo, no federal subject matter jurisdiction. *See In re American Cartage, Inc.*, 656 F.3d 82, 90 (1st Cir. 2011) (noting that "[i]t is common ground that when a cause of action belongs to the bankruptcy estate, the trustee has the exclusive right to assert it"). Because Plaintiff lacks standing to bring his claim, and I have no subject matter jurisdiction over this case, I will follow the dictates of 1447(c) and send it back from whence it came.

---

[1] Though the Defendant alternatively moves to dismiss because Plaintiff fails to state a claim, the First Circuit advises lower courts to consider jurisdictional arguments first. "When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first…. It is not simply formalistic to decide the jurisdictional issue when the case would be dismissed in any event for failure to state a claim. Different consequences flow from dismissals under 12(b)(1) and 12(b)(6): for example, dismissal under the former, not being on the merits, is without res judicata effect." *Ne. Erectors Ass'n of the BTEA v. Sec'y of Labor, Occupational Safety & Health Admin.*, 62 F.3d 37, 39 (1st Cir.1995).

In an effort to have me resolve a case I have no jurisdiction to hear, the Defendant argues I may refuse to remand the case because to do so would be "futile." Chase argues the First Circuit has recognized such a "futility exception" to 1447(c), a statute whose language one would find in the dictionary under "unambiguous." Opposition to Motion to Remand at *4 (citing *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 109 n.5 (1st Cir. 2007) ("[r]emand is mandatory unless the federal court can 'say with absolute certainty that remand would prove futile.'" and *Haggert v. Hamlin*, 25 F.3d 1037, 1994 WL 251067, at *2 (1st Cir. 1994) ("remand would be unquestionably futile and is not required."). Defendant contends that remand would be futile because Plaintiff "lacks standing in any forum." Opposition at 5. But as other Courts in this Circuit have recognized, the purported "futility exception," if it exists, has only been applied once, in an unpublished decision, without extensive comment, and without any citation to the case[2] originally recognizing the possibility of the exception. *See Niedzinski v. Cooper*, No. 4:19-CV-40037-TSH, 2019 WL 4396806, at *6 (D. Mass. Aug. 14, 2019), report and recommendation adopted sub nom. *Niedzinski v. Nationstar Mortg. LLC*, No. 4:19-CV-40037, 2019 WL 4396772 (D. Mass. Sept. 11, 2019) (discussing *Haggert*'s less-than-absolute precedential value). In fact, the only case *Haggert* cites for the proposition that a futility exception to remand exists is *Bell v. City of Kellogg*, 922 F.2d 1418 (9th Cir. 1991), and *Bell* has since been called into question by later decisions of the Ninth Circuit. *See Russell's Garden Ctr., Inc. v. Nextel Commc'ns of Mid-Atl., Inc.*, 296 F. Supp. 2d 13, 19–20 (D. Mass. 2003)

---

[2] *Me. Ass'n of Interdep. Neighborhoods v. Comm'r, Me. Dep't of Human Servs.*, 876 F.2d 1051, 1054 (1st Cir.1989)

(discussing *Bell* and later opinions). Because this purported exception flies in the face of the clear language of 1447(c), and is of dubious provenance, I will not consider whether remand would be futile here.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motions to Remand (ECF Nos. 8, 12) are GRANTED, Defendant's Motion to Dismiss is DENIED AS MOOT, and the case is REMANDED. No fees or costs are awarded.

**SO ORDERED.**

Dated this 12th day of August, 2020.

                                          /s/ Lance E. Walker
                                  UNITED STATES DISTRICT JUDGE